## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RONALD STERN, | ) | |
| Petitioner | ) | |
| | ) | Case: 1:07-CV-00609 |
| v. | ) | |
| | ) | Judge Ricardo M. Urbina |
| BUREAU OF PRISONS, | ) | |
| Respondent | ) | |
| | ) | |

### BUREAU OF PRISONS' MOTION TO TRANSFER
### PETITIONER'S *PRO SE* "ORIGINAL" TO THE U.S. DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF GEORGIA

The Bureau of Prisons ("BOP"), by and through its attorney, the United States Attorney for

the District of Columbia, respectfully moves to transfer petitioner's *pro se* "Original," filed pursuant

to the Administrative Procedure Act ("APA"), 5 U.S.C §§ 701-06, on April 3, 2007, to the U.S.

District Court for the Southern District of Georgia.  Petitioner asks the Court to prohibit respondent

from enrolling him in the Inmate Financial Responsibility Program ("IFRP").  See 28 C.F.R. §§

545.10-45.11.[1]  Petitioner is therefore attacking the manner in which his sentence is being executed

and, as such, his motion should be construed as a petition for a writ of habeas corpus under 28

U.S.C. § 2241.  Because this Court lacks personal jurisdiction over the warden of the Federal

Correctional Institution ("FCI") in Jesup, Georgia, where petitioner is incarcerated, his petition

should be transferred to the United States District Court for the Southern District of Georgia.

---

[1]      The provisions of the Inmate Financial Responsibility Program apply to most inmates
incarcerated in federal facilities.  See 28 C.F.R. § 545.10.  Pursuant to the program, BOP staff
members assist inmates in developing plans to meet their financial obligations, including restitution
payments.  Weinberger v. United States, 268 F.3d 346, 360 (6th Cir. 2001).  The majority of the
circuits, including the D.C. Circuit, have upheld the IFRP against constitutional due process
challenges.  See Dorman v. Thornburgh, 955 F.2d 57, 58 (D.C. Cir. 1992); see also Montana-
Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir. 1998).

Alternatively, even if the Court construes petitioner's "Original" as seeking relief under the APA, the complaint nonetheless should be transferred to the U.S. District Court for the Southern District of Georgia in the interest of justice and for the convenience of the parties.

### Procedural Background

On November 4, 2003, Ronald S. Stern and Fran Ronnie Hayes were formally charged in California for conspiring to defraud eighteen individuals and eleven companies out of almost $2 million dollars. On July 21, 2004, Stern pled guilty to one count of wire fraud originating in California and seven counts of, *inter alia*, money laundering, wire fraud, and mail fraud committed in the Southern District of Florida and elsewhere.[2] On January 21, 2005, the Honorable Gary A. Feess, U.S. District Court for the Central District of California, sentenced Stern to 84 months in prison and ordered him to pay $2,139,860.12 in restitution pursuant to the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. Judge Feess subsequently amended the restitution order on February 1, 2005, reducing the total to $1,888,161.62. Stern filed a timely appeal on January 18, 2005, which he withdrew in April 2005.

In his "Original," filed April 3, 2007, petitioner complains that in fashioning his restitution order, Judge Feess failed to establish a payment schedule. He contends that the BOP's efforts to implement Judge Feess's orders contravene the plain language of the MVRA and thus run afoul of the Administrative Procedure Act, specifically § 706(2)(A), (C). Petitioner seeks (1) a declaratory judgment against the BOP and (2) a permanent injunction prohibiting the BOP from compelling his participation in the IFRP.

---

[2] Co-defendant Fran Ronnie Hayes, an intermittent employee of Stern's from 1997-2003, pled guilty on March 8, 2004.

## ARGUMENT

### Petitioner's Challenge Of The Bureau of Prison's Authority To Execute Judicial Restitution Orders Should Be Construed As A Habeas Corpus Petition

A motion to enjoin the BOP from compelling IFRP participation is "essentially an attack on the manner in which prison officials are executing [a] sentence." Foster v. United States, 290 F. Supp. 2d 5, 9 n.3 (D.D.C. 2003). Accordingly, because "a challenge to a sentence executed by federal prison and parole authorities is properly made under [28 U.S.C.] § 2241," the Court should construe petitioner's motion as a petition for a writ of habeas corpus. Id. (citing Gomori v. Arnold, 533 F.2d 871, 875 (3d Cir. 1976)); see also Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002) (inmate's complaints about IFRP payment schedules "concern the execution of a sentence, and are therefore correctly framed as § 2241 claims"); Tolliver v. Dobre, 211 F.3d 876, 877 (6th Cir. 2000) ("§ 2241 is used to attack the manner in which a sentence is executed"); Foster, 290 F. Supp. 2d at 9 (challenges to compelled participation in IFRP properly made under 28 U.S.C. § 2241); but see Dominguez v. Bureau of Prisons, 2006 WL 1445041, at *4 (D.D.C. May 26, 2006) (refusing to construe *pro se* motion as a petition for a writ of habeas corpus where success on the merits would not affect the length of petitioner's sentence). [3]

---

[3]    In support of his claim, petitioner relies heavily on United States v. Coates, 178 F.3d 681, 683 (3d Cir. 1999). There, the Third Circuit held that the district court committed plain error by failing to order an appropriate payment schedule. The court concluded the plain language of the MVRA mandates that fixing restitution payments is a non-delegable judicial act. Id. at 685.

Petitioner's reliance (at 2) on Coates is misplaced. The circuits are split regarding the delegation of authority to set restitution payment schedules. Compare United States v. Graham, 72 F.3d 352, 357 (3d Cir. 1995) (under the [forerunner to the MVRA], the duty to establish payment schedules is non-delegable) with United States v. Fuentes, 107 F.3d 1515, 1529 n.25 (11th Cir. 1997) (circuit precedent permits district court to delegate setting of restitution schedule). The D.C. Circuit has not yet decided the issue, but this Court should be guided by its decision in Foster, 290 F. Supp. 2d at 9 (denying petitioner's motion alleging unauthorized delegation of payment scheduling to BOP). The Court should decline to rule on the merits and transfer the case instead.

## This Case Should Be Transferred Because This Court Has
## No Personal Jurisdiction Over Petitioner's Custodian

Courts considering a habeas petition must have personal jurisdiction over the "person having custody of the person detained." 28 U.S.C. § 2243.  See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) (prisoner's custodian is the only proper respondent in a habeas matter); Glascoe v. U.S. Parole Comm'n, 2004 WL 2857284, at *1 (D.C. Cir. Dec. 13, 2004) (court lacking jurisdiction over petitioner's custodian not proper forum for habeas petition).  Accordingly, the Court should transfer this case to the U.S. District Court for the Southern District of Georgia, where petitioner's custodian resides.  Stokes v. U.S. Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir. 2004) (warden of correctional facility where petitioner resides is custodian for purposes of habeas jurisdiction); In re Tripati, 836 F.2d 1406, 1407 (D.C. Cir. 1988) ("habeas petition may be adjudicated only in the district in which [petitioner's] immediate custodian, his warden, is located"); Chatman-Bey v. Thornburgh, 864 F.2d 804, 810 (D.C. Cir. 1988) ("well settled that the appropriate respondent in a habeas action is the custodian of the prisoner"); Guerra v. Meese, 786 F.2d 414, 415 (D.C. Cir. 1986) (§ 2241 requires personal jurisdiction over custodian); Outlaw v. Hawk-Sawyer, 321 F. Supp. 2d 96,  98 (D.D.C. 2004) (ordering transfer of habeas case).

Finally, the Court should notify petitioner of its intention to construe his filing as a habeas petition and to transfer it to the forum in which he resides, the U.S. District Court for the Southern District of Georgia.  Chatman-Bey, 864 F. 2d at 814 (authorizing district courts to "transfer [habeas] cases *sua sponte*, after the habeas petitioner has been afforded notice and an opportunity to

---

See Outlaw v. Hawk-Sawyer, 321 F. Supp. 2d 96, 98 (D.D.C. 2004); Simpson v. Ashcroft, 321 F. Supp. 2d 13, 15 (D.D.C. 2004) (transferring petition to district in which petitioner was incarcerated).

respond").

### Even If The Court Construes Defendant's "Original" As An APA Complaint, Justice And The Convenience Of The Parties Will Best Be Served If The Court Transfers This Case To The Proper Venue

In the alternative, if the Court declines to construe petitioner's "Original" as a petition for a writ of habeas corpus, the Court should nonetheless transfer the case to the U.S. District Court for the Southern District of Georgia because petitioner's claim is unrelated to the District of Columbia. Petitioner was not convicted here; he is not incarcerated here; and the documents and witnesses pertaining to his claim are not located here. See Montgomery v. United States, 1998 WL 1749286, at *2 (D.D.C. June 16, 1998) (citing In re Daves, 1998 WL 1749249, at *1 (D.C. Cir. May 29, 1998)) (no abuse of discretion where court transferred action challenging BOP authority to district where prisoner resided regardless of "whether the case arises under the [APA], 28 U.S.C. § 2241, or both").

Although habeas corpus is commonly invoked by prisoners challenging the execution of their sentences, in certain situations it may not provide the only means to that end. See Monk v. Sec'y of the Navy, 793 F.2d 364, 368 (D.C. Cir. 1986) (habeas not exclusive remedy for prisoners seeking damages or prospective injunctive relief).[4] In the event that the Court construes petitioner's claim

---

[4]    If a prisoner is not seeking his immediate or speedier release, his petition may not lie at "the core of habeas corpus" and can sometimes be brought under other theories. Wilkinson v. Dotson, 544 U.S. 74, 75, 81 (2005) ("habeas remedies do not displace [42 U.S.C.] § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of . . . state confinement"). However, because petitioner is a federal prisoner, his options are limited. Id. at 87 (Scalia, J., concurring) ("federal prisoners, whose custodians are not acting under color of state law and hence cannot be sued under [42 U.S.C.] § 1983, have greater incentives to shoehorn their claims into habeas"); cf. Taylor v. Probation Office, 409 F.3d 426, 430 (D.C. Cir. 2005) (challenge to location of confinement, rather than fact or duration of confinement, need not be brought via habeas).

5

as arising under the APA, the interests of justice and the convenience of the parties and witnesses militate in favor of a transfer to the U.S. District Court for the Southern District of Georgia.

A district court may transfer a civil action to any district where venue is proper. 28 U.S.C. § 1404(a). Venue is proper where (1) the defendant resides; (2) the cause of the action arose; (3) any real property involved in the action is situated; or (4) the plaintiff resides. 28 U.S.C. § 1391(e). The law in this circuit holds that a prisoner resides where he is incarcerated and thus venue properly lies in the Southern District of Georgia. In re Pope, 580 F.2d 620, 622 (D.C. Cir. 1978).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This provision "place[s] discretion in the district court to adjudicate motions to transfer according to an individualized case-by-case consideration of convenience and fairness.'" Joyner v. District of Columbia, 267 F. Supp. 2d 15, 20 (D.D.C. 2003) (quoting Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988)); see also Rogers v. Federal Bureau of Prisons, 257 F. Supp. 2d 147, 148 (D.D.C. 2003) (absent extraordinary circumstances, courts should ordinarily transfer petitions for mandamus or declaratory relief seeking resolution of issues unrelated to the District of Columbia).

In deciding whether to grant a motion to transfer pursuant to 28 U.S.C. §1404(a), the Court should consider the prisoner's location, the location of the witnesses and files, the prisoner's ability to confer with counsel, the speed of final resolution, and the interests of justice. Starnes v. McGuire, 512 F.2d 918, 929-32 (D.C. Cir. 1974); see also Nichols v. United States Bureau of Prisons, 895 F. Supp. 6, 8 (D.D.C. 1995); 28 U.S.C. § 1404(a). The factors listed above counsel in favor of transferring petitioner's case to the Southern District of Georgia, where he is incarcerated. The D.C.

Circuit has noted that "[t]he burdens and dangers involved in transporting a prisoner across long distances are . . . a significant inconvenience to the Bureau of Prisons and will normally justify transfer." Starnes, 512 F.2d at 931.  Moreover, petitioner did not commit his crimes in the District of Columbia, nor was he tried or sentenced here.  Many such petitions "will tend to involve factors that make transfer to the place of incarceration appropriate."  Id. at 926.

Additionally, when petitioner was transferred to FCI-Jesup, the files and prison records pertinent to his claim were evidently transferred with him.  Thus,  the documents and the petitioner, a key witness, are in Georgia.  In cases requiring testimony or files located in the place of confinement, "the district in which the institution is located will ordinarily be the more convenient forum."  Joyner, 267 F. Supp.2d at 20-21 (quoting Starnes, 512 F.2d at 931); see also Dominguez, 2006 WL 1445041, at *4 (transfer to district of incarceration warranted when events and witnesses are located there); Rogers, 257 F. Supp. 2d at 148 (transferring action to district of incarceration where witnesses and files were located in petitioner's place of incarceration).  Furthermore, "because the *implementation* of policy is at issue, and because that *implementation* took place at the [BOP] facility . . . venue is more appropriately laid" in the jurisdiction where the BOP facility is located. Huskey v. Quinlan, 785 F. Supp. 4, 6 (D.D.C. 1992)  (emphasis in original).  See also Zakiya v. United States, 267 F. Supp. 2d 47, 59 (D.D.C. 2003) (deference to plaintiff's selection diminished where issues are unrelated to the chosen forum).  Finally, because petitioner is proceeding *pro se* and may require the appointment of local counsel, the Court should consider the difficulties that would inevitably arise in the course of such long-distance representation.  Starnes, 512 F.2d at 930.

Because a hearing in the jurisdiction of petitioner's confinement best suits the convenience

of the parties and witnesses and is likely to result in the speediest resolution, it is in the interest of justice for this Court to transfer the matter to the U.S. District Court for the Southern District of Georgia, after giving petitioner notice of the proposed action and an opportunity to be heard on the issue.  Id. at 934-35; see also Montgomery v. United States, 1998 WL 1749286, at *2 (D.D.C. June 16, 1998) (ordering transfer to avoid delay caused by potentially erroneous exercise of jurisdiction and to allow prisoner to have habeas and APA claims heard simultaneously).[5]

## CONCLUSION

For the stated reasons, petitioner's petition should be transferred to the United States District Court for the Southern District of Georgia, after giving petitioner notice of the prospective transfer and an opportunity to respond.  A proposed order is attached.

Respectfully submitted,

_____

JEFFREY TAYLOR, D.C. Bar No. 498-610
United States Attorney

_____

ROBERT D. OKUN, D.C. Bar No. 457-078
Chief, Special Proceedings Division

    /s/   Thomas S. Rees_____
THOMAS S. REES, D.C. Bar No. 358-962
Assistant United States Attorney
555 4th Street, N.W., Room 10-911
Washington, D.C. 20530      202-305-4882

---

[5]    We gratefully acknowledge the assistance of Ms. Leigha Fassett, a second-year student at the University of Arizona Rogers College of Law, in the preparation of this motion.

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the instant motion has been electronically filed with

the Court and caused to be served by first class U.S. Mail, postage prepaid, upon petitioner Ronald

Stern, Registration No. 25241-053, Federal Correctional Institution Jesup, Federal Satellite Low,

2680 Highway 301 South, Jesup, GA 31599, on this 3rd day of August, 2007.

    /s/    Thomas S. Rees
Thomas S. Rees
Assistant United States Attorney

9

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RONALD STERN,                          )
         Petitioner                    )
                                            )          Case: 1:07-CV-00609
         v.                            )
                                            )          Judge Ricardo M. Urbina
BUREAU OF PRISONS,                     )
         Respondent                    )
                                            )

## Order

      Upon consideration of the Bureau of Prisons' Motion to Transfer Petitioner's *Pro Se* "Original" to the U.S. District Court for the Southern District of Georgia, and it appearing to the Court that the petitioner's "Original," filed April 3, 2007 should be transferred to the Southern District of Georgia, it is this _____ day of _____, 2007, hereby

      **ORDERED** that the petitioner may respond to motion to transfer no later than _____. If Petitioner does not respond within that time, the Court will treat the matter as conceded, and transfer petitioner's "Original" to the United States District Court for the Southern District of Georgia, the district in which petitioner is incarcerated.

                                   _____
                                   Ricardo M. Urbina
                                   United States District Judge

Copies to:

Mr. Ronald Stern
Fed. Reg. No. 25241-053
Federal Correctional Institution Jesup
Federal Satellite Low
2680 Highway 301 South
Jesup, Georgia 31599

Thomas S. Rees
United States Attorney's Office
Special Proceedings Division
555 4th Street, N.W., Room 10-911
Washington, D.C. 20530