RECEIVED
AUG 20 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD STERN, )

v. ) 1:07-CV-00609 (RMU)

FEDERAL BUREAU OF PRISONS. )

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER

In accordance with Fed.R.Civ.P.56, the undersigned Plaintiff respectfully requests summary judgment on his Administrative Procedures Act ("APA") challenge to the Federal Bureau of Prison's ("BOP") authority to promulgate 28 C.F.R. § 545.11(a)(2) as applied to orders of restitution issued under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. In addition, this filing serves as the Plaintiff's opposition to the BOP's motion to transfer.

Respectfully submitted,

Ronald Stern
Plaintiff pro se
25241-053
Federal Satellite Low
2650 Hwy 301 South
Jesup, GA  31599

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
AUG 2 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RONALD STERN,                    )
                                 )
v.                               )    1:07-CV-00609 (RMU)
                                 )
FEDERAL BUREAU OF PRISONS.       )

## STATEMENT OF MATERIAL FACTS TO WHICH THERE EXISTS NO GENUINE ISSUE

In accordance with Local Civil Rule 7(h), the undersigned Plaintiff respectfully submits the following statement of material facts to which there exists no genuine issue.

1. The Plaintiff is a federal prisoner currently incarcerated in Jesup, Georgia. Docket Entry 2 at 2.

2. The Plaintiff was ordered to pay $1,888,161.62 in restitution under the Mandatory Victims Restitution Act ("MVRA"). Docket Entry 2 at 2.

3. Plaintiff's sentencing court did not set a detailed payment schedule for Plaintiff's restitution.

4. Defendant Bureau of Prisons has empowered itself to determine payment schedules for court ordered restitution. See 28 C.F.R. § 545.11(a)(2).

5. Utilizing its power under § 545.11(a)(2), BOP has established an installment plan for Plaintiff's restitution.

Respectfully submitted,

*Ronald Stern*
Ronald Stern
Plaintiff pro se
#25241-053
Federal Satellite Low
2650 Hwy 301 South
Jesup, GA  31599

## CERTIFICATE OF SERVICE

I declare under penalty of perjury that a true and correct copy of the foregoing was provided to prison officials this 15 day of August, 2007, with first-class postage affixed, for delivery to the following:

Thomas S. Rees
Assistant United States Attorney
555 4th Street, N.W., Room 10-911
Washington, D.C. 20530

Signed: *Ronald Stern*

Ronald Stern

2

RECEIVED
AUG 2 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD STERN, ) | |
| v. ) | 1:07-CV-00609 (RMU) |
| FEDERAL BUREAU OF PRISONS. ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO DEFENDANT'S MOTION TO TRANSFER

**Introduction**

This is a run of the mill Administrative Procedures Act ("APA") suit. The undersigned Plaintiff, a federal prisoner incarcerated in Jesup, Georgia, challenges Defendant Federal Bureau of Prisons' ("BOP") statutory authority to promulgate 28 C.F.R. § 545.11(a)(2). Under that regulation, the BOP is empowered to set and modify payment schedules for orders of restitution. Plaintiff contends that the regulation exceeds the BOP's statutory authority because the fixing of restitution payment schedules under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, is an exclusive judicial function. U.S. v. Braxtonbrown-Smith, 278 F.3d 1348, 1356 (D.C. Cir. 2002). Accordingly, Plaintiff respectfully requests that § 545.11(a)(2) be set aside as its promulgation as applied to restitution under the MVRA is "otherwise not in accordance with law" and "in excess of statutory ... authority." 5 U.S.C. § 706(2)(A)&(C). Further, because venue is appropriately laid in the District Court for the District of Columbia, BOP's motion to transfer should be denied.

**Background**

The following material facts are undisputed. The Plaintiff is a federal prisoner currently incarcerated in Jesup, Georgia. Docket Entry 2 at 2. Plaintiff is serving an 84 month term of imprisonment. <u>Id.</u> In addition, Plaintiff was ordered to pay $1,888,161.62 in restitution under the MVRA. <u>Id.</u> Plaintiff's sentencing judge did not set a detailed schedule of payments for Plaintiff's restitution; accordingly, the BOP filled this gap by establishing a monthly restitution installment schedule. <u>See</u> Plaintiff's statement of material facts to which there exists no genuine issue. This installment schedule was established pursuant to the BOP's Inmate Financial Responsibility Program ("IFRP"), 28 C.F.R. § 545.11(a)(2), which authorizes the BOP to set payment schedules for all orders of criminal restitution. <u>Id.</u>

**Standard of Review**

Summary judgment is appropriate for the moving party if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits or other declarations, if any, show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. <u>Sample v. Lappin</u>, 424 F.Supp.2d 187, 191 (D.D.C. 2006). The moving party bears the burden of demonstrating an absence of a genuine issue of material fact. <u>Id.</u> A material fact is one "that might affect the outcome of the suit under the governing law." <u>Id.</u> When evaluating a summary judgment motion, the Court does not make credibility determinations, weigh the evidence, or draw inferences from the

facts found; those are jury determinations, not those of a judge. Id. Factual assertions in the moving party's affidavits may be accepted as true unless the opposing party submits his own affidavits or documentary evidence to the contrary. Id. at 191. The party opposing summary judgment "may not rest upon mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Id.

**Argument**

    (a)    <u>Plaintiff's Motion For Summary Judgment Should Be Granted</u>

Under 5 U.S.C. § 706(2) district courts are obliged to "hold unlawful and set aside agency action ... found to be -- (A) ... otherwise not in accordance with law ... and (C) in excess of statutory ... authority." 5 U.S.C. § 706(2)(A)&(C). The BOP's promulgation of 28 C.F.R. § 545.11(a)(2) as applied to orders of restitution issued under the MVRA violates both of these provisions.

As discussed in the Plaintiff's introduction, § 545.11(a)(2) empowers the BOP to fix payment schedules for orders of restitution issued under the MVRA. This regulation, however, conflicts with the plain language of the MVRA. Only courts have the authority to set payment schedules for restitution under the MVRA. U.S. v. Braxtonbrown-Smith, 278 F.3d 1348, 1356 (D.C. Cir. 2002)(remanding to the district court to ensure that the "the phrase 'not less than $250 as directed by the probation office' does not give the Probation Office authority to modify the monthly amount of restitution that Braxtonbrown-Smith is required

3

to make upon release from custody" citing with approval <u>U.S. v. Pandiello</u>, 184 F.3d 692, 688 (7th Cir. 1999) which held that the BOP does not have the authority to fix restitution payment schedules under the IFRP); <u>U.S. v. Merric</u>, 166 F.3d 406, 409 (1st Cir. 1999)("it is the inherent responsibility of the judge to determine matters of punishment and this includes final authority over all payment matters); <u>U.S. v. Mortimer</u>, 94 F.3d 89, 91 (2nd Cir. 1996)(same); <u>U.S. v. Coates</u>, 178 F.3d 681, 685 (3rd Cir. 1999)("Although we recognize that federal regulations permit the Bureau of Prisons to make payment schedules for all monetary penalties ... the plain language of the MVRA, vesting sole authority in the district courts ... contradicts, and thus overrides, the regulations")(internal citations omitted); <u>U.S. v. Johnson</u>, 48 F.3d 806, 808-09 (4th Cir. 1995)(district court must exercise final authority over restitution payment schedules); <u>U.S. v. Albro</u>, 32 F.3d 173, 174 (5th Cir. 1994)(district court "must designate the timing and amount" of restitution payments); <u>U.S. v. Pandiello</u>, 184 F.3d 682, 688 (7th Cir. 1999)(same); <u>U.S. v. McGlothlin</u>, 249 F.3d 783, 785 (8th Cir. 2001)(same); <u>U.S. v. Gunning</u>, 401 F.3d 1145, 1149-50 (9th Cir. 2005)(same); <u>U.S. v. Overholt</u>, 307 F.3d 1231 (10th Cir. 2002)(same); <u>U.S. v. Prouty</u>, 303 F.3d 1249, 1255 (11th Cir. 2002)(same). Finally, it matters not that the BOP may have the general statutory authority to promulgate § 545.11(a)(2) under say, for example, 18 U.S.C. § 4042, for it is a settled rule of statutory construction that general provisions like § 4042 do not trump more specific laws like the MVRA. <u>Brown v. GSA</u>, 425 U.S. 820, 834 (1976)("precisely drawn, detailed statute pre-empts more general remedies").

4

Accordingly, the Court should hold unlawful and set aside 28 C.F.R. § 545.11(a)(2) as applied to orders of restitution issued under the MVRA.

    (b)    <u>BOP's Motion To Transfer Should Be Denied</u>

BOP moves to transfer this action to the Southern District of Georgia. Docket Entry 2. According to the BOP, Plaintiff's challenge to the implementation of the IFRP more appropriately lies in habeas. <u>Id.</u> Alternatively, BOP argues that transfer is appropriate for the convenience of the parties and witnesses. <u>Id.</u> at 5-8. Plaintiff addresses each of these contentions in turn.

    (i)    <u>Plaintiff Is Not Required To Bring His Claim In Habeas</u>

First of all, Plaintiff is not challenging the implementation of the IFRP. Rather, Plaintiff challenges the BOP's authority to promulgate § 545.11(a)(2) itself. Such challenges do not lie in habeas because the requested relief -- holding the regulation unlawful and setting it aside -- does not affect the fact or duration of the Plaintiff's confinement. <u>Taylor v. U.S. Probation Office</u>, 409 F.3d 426, 429-30 (D.C. Cir. 2005)(challenges that do not affect the fact or duration of confinement are not required to be brought in habeas); <u>Brown v. Plaut</u>, 131 F.3d 163, 168-69 (D.C. Cir. 1997)(same). Indeed, BOP itself recognizes this settled proposition in its motion to transfer. Docket Entry 2 at 5 n.4. Accordingly, BOP's motion to transfer on this basis should be denied.

    (ii)    <u>Transfer Is Not Appropriate For The Convenience Of The Parties Or Witnesses</u>

In the alternative to its request that Plaintiff's

5

complaint be treated as a habeas petition, BOP argues that transfer is appropriate for the convenience of the parties and witnesses. Docket Entry 2 at 5-8. Because venue is proper in the District of Columbia under 28 U.S.C. § 1391(e)(1) -- where defendant BOP resides -- transfer elsewhere under 28 U.S.C. § 1404(a) "must ... be justified by particular circumstances that render the transferor forum inappropriate by reference to the considerations in that statute." Starnes v. McGuire, 512 F.2d 918, 925 (D.C. Cir. 1974). In making this assessment, factors that weigh in favor of transfer include (1) difficulty in communicating with counsel; (2) the burden of transferring the prisoner; (3) the availability of witnesses and files; (4) whether the complaint sounds in habeas corpus; and (5) speed of final resolution. Starnes, at 929-933. On the other hand, challenges that raise purely legal issues, to regulations that are promulgated in D.C., and to national practices militate in favor of retention. Starnes, at 933; In Re Chatman-Bey, 718 F.2d 484, 488-89 (D.C. Cir. 1983)(challenge to purely legal issue surrounding regulation promulgated in D.C. is inappropriate for transfer). BOP must bear the burden of persuasion on the transfer issue, and the Court must accord "some weight" to the Plaintiff's choice of forum. Securities And Exchange Comm'n v. Savoy Industries, 587 F.2d 1149, 1154-55 (D.C. Cir. 1978).

(a)   Difficulty In Communicating With Counsel

BOP argues that "because petitioner is proceeding pro se and may require the appointment of local counsel, the Court should consider the difficulties that would inevitably arise in the course of such long-distance representation." Docket Entry 2

6

at 7. Plaintiff, however, is not entitled to appointment of counsel. Under Local Civil Rule 83.11, only parties proceeding in forma pauperis ("IFP") may be appointed counsel. Plaintiff is not proceeding IFP. Moreover, even if counsel could be appointed, it is unlikely that the Court would do so given Plaintiff's mastery of the issues in the case. Thus, difficulty in communicating with counsel does not weigh in favor of transfer.

(b)    Difficulty Of Transferring Plaintiff

BOP argues that the "burdens and dangers" of transferring Plaintiff warrant transfer. Docket Entry 2 at 7. This is, however, also a non-issue. Plaintiff raises a purely legal claim -- whether the § 545.11(a) was promlugated in violation of the APA. This sort of challenge does not require trial court fact finding, nor is there a "possibility that [Plaintiff's] testimony will be required to resolve the question he presents; his availability in [Georgia] therefore provides no reason for transfer." Chatman-Bey, 718 F.2d at 488 (alterations added).

(c)    Availability Of Witnesses And Files

Next, BOP argues that "the files and prison records pertinent to his claim were evidently transferred with him. Thus, the documents and the petitioner, a key witness, are in Georgia." Docket Entry 2 at 7. For essentially the same reasons against transfer based on the difficulty in transferring Plaintiff, the availability of witnesses and files is also a non-issue. Plaintiff raises a purely legal claim premised upon a set of undisputed facts. Under such circumstances, the availability of witnesses or records is not an issue. Accordingly, this

7

factor does not warrant transfer.

(d)     Habeas

Because Plaintiff's claim does not lie in habeas, this is a non-issue.

(e)     Speed Of Final Resolution

Lastly, BOP argues that this case will be more speedily resolved in the Southern District of Georgia because of the "convenience of the parties and witnesses." Docket Entry 2 at 8. However, this factor also does not weigh in favor of transfer. As already discussed, the convenience of the parties and witnesses is a non-issue because the claim raised by Plaintiff is purely legal. Moreover, even if docket congestion were an issue -- something BOP does not claim -- "congestion alone is not sufficient reason for transfer." Starnes, 512 F.2d at 932.

(f)     Factors Favoring Retention

Besides none of the Starnes factors weighing in favor of transfer, there are several factors that support retention. For instance, Plaintiff raises a purely legal claim affecting national BOP policy and practice. Starnes, at 933. Most importantly, though, is the fact that BOP officials in Georgia did not draft § 545.11(a)(2). Rather, it was BOP officials in Washington that promulgated the rule, a rule "no more amenable to judicial review in [Georgia] than in this circuit." Chatman-Bey, 718 F.2d at 488 (alteration added). Accordingly, with the balance of factors clearly weighing in favor of retention, BOP's motion to transfer should be denied.

8

**Conclusion**

Based on the foregoing, Plaintiff's motion for summary judgment should be granted. The Court should hold unlawful and set aside 28 C.F.R. § 545.11(a)(2) as applied to orders of restitution under the MVRA. Finally, BOP's motion to transfer should be denied.

Respectfully submitted,

*Ronald Stern*

Ronald Stern
Plaintiff pro se
#25241-053
Federal Satellite Low
2650 Hwy 301 South
Jesup, GA  31599

CERTIFICATE OF SERVICE

I declare under penalty of perjury that a true and correct copy of the foregoing was provided to prison officials this _15_ day of August, 2007, with first-class postage affixed, for delivery to the following:

Thomas S. Rees
Assistant United States Attorney
555 4th Street, N.W., Room 10-911
Washington, D.C. 20530

Signed: _Ronald Stern_
         Ronald Stern

10