UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD STERN,                           :
                                        :
    Plaintiff,                          :      Civil Action No.:  07-0609 (RMU)
                                        :
v.                                      :      Document No.:     2
                                        :
FEDERAL BUREAU OF PRISONS,              :
                                        :
    Defendant.                          :

## MEMORANDUM ORDER

### DENYING THE DEFENDANT'S MOTION TO TRANSFER

### I.  INTRODUCTION

The Federal Bureau of Prisons ("the Bureau") requests that the court transfer the plaintiff's suit to the Southern District of Georgia. The plaintiff, an inmate in the Federal Correctional Institute in Jesup, Georgia, challenges the Bureau's statutory authority to promulgate 28 C.F.R. § 545.11(a)(2), a regulation through which the Bureau has established restitution payment schedules. Because the Bureau has not shown that the convenience of the parties and the interest of justice would be better served by resolving this case in the Southern District of Georgia, the court denies the Bureau's motion to transfer.

### II.  FACTUAL & PROCEDURAL BACKGROUND

On January 21, 2005, Judge Gary A. Feess of the United States District Court for the Central District of California sentenced the plaintiff, Ronald Stern, to 84 months in prison and ordered him to pay $2,139,860.12, later reduced to $1,888,161.62, in restitution under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A.

Def.'s Mot. to Transfer ("Def.'s Mot.") at 2.  The Bureau enrolled the plaintiff in its Inmate Financial Responsibility Program ("IFRP") pursuant to 28 C.F.R. § 545.11(a)(2) and established a schedule for the plaintiff's payments.  Pl.'s Opp'n to Def.'s Mot. to Transfer ("Pl.'s Opp'n") at 2.

While detained at a correctional facility in Jesup, Georgia, on March 16, 2007, the plaintiff filed a complaint in this court challenging the Bureau's authority to set payment schedules for restitution ordered pursuant to the MVRA.  Compl. ¶ 8.  The Bureau subsequently filed a motion to transfer the case to the United States District Court for the Southern District of Georgia, which the plaintiff opposes.  The court turns to the pending motion.

### III.  ANALYSIS

#### A.  Legal Standard for Venue under 28 U.S.C. § 1391(b) and Transfer Pursuant to 28 U.S.C. § 1404(a)

When federal jurisdiction is not premised solely on diversity, 28 U.S.C. § 1391(b) controls venue, establishing that venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

In an action where venue is proper, 28 U.S.C. § 1404(a) nonetheless authorizes a court to transfer the action to any other district where it could have been brought "for the convenience of parties and witnesses, in the interest of justice[.]"  28 U.S.C. § 1404(a).

2

Section 1404(a) vests "discretion in the district court to adjudicate motions to transfer according to [an] individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

Accordingly, the defendant must make two showings to justify transfer. First, the defendant must establish that the plaintiff originally could have brought the action in the proposed transferee district. *Van Dusen*, 376 U.S. at 622. Second, the defendant must demonstrate that considerations of convenience and the interest of justice weigh in favor of transfer to that district. *Trout Unlimited*, 944 F. Supp. at 16. As to the second showing, the statute calls on the court to weigh a number of case-specific private and public-interest factors. *Stewart Org.*, 487 U.S. at 29. The private-interest considerations include: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendant; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. *Trout Unlimited*, 944 F. Supp. at 16 (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995), *Heller Fin., Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1129 (N.D. Ill. 1989), 15 FED. PRAC. & PROC. § 3848). The public-interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *Id*.

3

### B.  The Court Denies the Bureau's Motion to Transfer

The instant case involves an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.  Specifically, the plaintiff seeks a declaratory judgment that the Bureau "lacks authority to set payment schedules for orders of restitution issued under the MVRA."  Compl. ¶ 9.  The Bureau views this claim as a veiled attempt to bring a habeas petition and contends that the proper venue is in the Southern District of Georgia, where the plaintiff is incarcerated.  Def.'s Mot. at 3.  The plaintiff counters that the claim does not resound in habeas corpus, but is a "run of the mill" APA action, raising purely legal questions.  Pl.'s Opp'n at 1, 5.  The court agrees with the plaintiff.

The Bureau proffers numerous arguments for transfer, all of which fall flat.[1]  The Bureau begins by requesting this court to construe the plaintiff's challenge to the Bureau's authority to promulgate 28 C.F.R. § 545.11(a)(2) as a petition for habeas corpus.  Def.'s Mot. at 3.  While the argument may have traction in other contexts, it clearly does not here, where the success of the plaintiff's claim would not affect the fact or length of the plaintiff's confinement.  *Dominguez v. Bureau of Prisons*, 2006 WL 1445041, at *4 (D.D.C. May 26, 2006) (determining that a challenge to the Bureau's policy that affects conditions of confinement and would not affect the length of sentence would not be construed as a petition for a writ of habeas corpus).  Indeed, judgment in favor of the plaintiff would merely invalidate the Bureau's IFRP, but would not in any way alter the plaintiff's sentence issued by Judge Feess of the United States District Court for the Central District of California.  Thus, the court is not persuaded that the plaintiff's claim is a disguised petition for writ of habeas corpus.

---

[1]     The Bureau is correct, however, in asserting that venue would be proper in the Southern District of Georgia.  Def.'s Mot. to Transfer ("Def's Mot.") at 6.

4

The Bureau next argues that the convenience of the parties and the interest of justice will be best served by the transfer of the case to the U.S. District Court for the Southern District of Georgia. Def.'s Mot. at 5. Specifically, the Bureau contends that transfer is appropriate because the plaintiff "was not convicted here; he is not incarcerated here; and the documents and witnesses pertaining to his claim are not located here." *Id.* The Bureau fails to recognize, however, that these factors are irrelevant where, as here, the only issues before the court are legal and pertain to the Bureau's authority to promulgate 28 C.F.R. § 545.11(a)(2). *See Starns v. McGuire*, 512 F.2d 918, 931 (noting that in "cases in which it is clear that testimony by the prisoner will not be required . . . transportation will be irrelevant"). The Bureau does not, and cannot, explain why documents and witnesses in the Southern District of Georgia would be relevant to such a legal challenge.[2] Additionally, communications between plaintiff and counsel do not appear to weigh in favor of transfer because the *pro se* plaintiff presents cogent arguments and is not proceeding *in forma pauperis*. *See* LCvR 83.11(b)(3) (stating that "[w]hen leave has been granted . . . for a *pro se* litigant to proceed *in forma pauperis*, the judge to whom the case is assigned may, on application by the *pro se* party or otherwise, appoint an attorney"). Accordingly, the Bureau has not met its burden of proving that transfer is convenient and in the interest of justice, and the court denies its motion. *See Trout Unlimited*, 944 F. Supp. at 16.

---

[2]  The Bureau mischaracterizes the plaintiff's claim as a challenge to the "*implementation*" of the policy to enroll prisoners in the IFRP. Def.'s Mot. at 7. The complaint states that "the [Bureau's] use of the IFRP to set payment schedules for restitution under the MVRA is . . . in excess of statutory authority" and requests a declaratory judgment to that effect. Compl. ¶¶ 8-9.

5

For the foregoing reasons, it is this 15th day of October, 2007,

**ORDERED** that the defendant's motion to transfer is **DENIED**.

**SO ORDERED.**

                                        RICARDO M. URBINA
                                       United States District Judge