UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RONALD STERN, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-CV-00609 (RMU) |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| Defendant. | ) | |
| | ) | |

DEFENDANT'S MOTION TO RECONSIDER THE DENIAL OF ITS MOTION
TO TRANSFER OR, IN THE ALTERNATIVE, MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6), AND OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The Federal Bureau of Prisons ("BOP"), through its attorney, the United States Attorney for

the District of Columbia, respectfully moves the Court to reconsider the denial of the BOP's motion

to transfer or, in the alternative, moves to dismiss plaintiff's pro se complaint, brought under the

Administrative Procedure Act, for failure to state a claim upon which relief can be granted, Fed. R.

Civ. P. 12(b)(6), and opposes plaintiff's motion for summary judgment.

<u>INTRODUCTION</u>

Under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 706(2)(A) & (C), Ronald

Stern challenges BOP's "statutory authority to promulgate 28 C.F.R. 545.11(a)(2)" (Memorandum

of Points and Authorities In support of Plaintiff's Motion to For Summary Judgment ("Pl. Mem.")

at 1; October 15, 2007 Memorandum Order ("Mem. Order" at 1). Pursuant to § 545.11(a)(2), the

Bureau schedules restitution payments through its Inmate Financial Responsibility Program

("IFRP"). Stern claims that BOP ran afoul of the APA when it promulgated § 5.45.11 on the ground

that the regulation conflicts with the plain language of the Mandatory Victims Restitution Act

("MVRA"), 18 U.S.C. § 3663A & 3664, under which the "fixing of restitution payment schedules

. . . is an exclusive judicial function" (Pl. Mem. at 1). Plaintiff seeks "a declaratory judgment stating

that the BOP lacks the authority to set payment schedules for orders of restitution issued under the MVRA," and "permanent enjoinment of 28 C.F.R. § 545.11(a)(2) as applied to the BOP's authority to set restitution payment schedules for restitution issued under the MVRA" (Complaint ¶ 9).

<u>BACKGROUND</u>

On November 4, 2003, Ronald S. Stern and co-defendant Fran Ronnie Hayes were charged in No. 03-CR-01220 (C.D. Cal.) with conspiring to defraud eighteen individuals and eleven companies out of nearly $2 million.  On July 21, 2004, Stern pleaded guilty to one count of wire fraud originating in California and seven counts of, <u>inter</u> <u>alia</u>, money laundering, wire fraud, and mail fraud committed in the Southern District of Florida and elsewhere.[1]  On January 19, 2005, the Honorable Gary A. Feess of the United States District Court for the Central District of California sentenced Stern to 84 months in prison, and ordered him to pay $2,139,860.12 in restitution pursuant to the MVRA.  Judge Feess subsequently amended the restitution order on January 31, 2005, reducing the total to $1,888,161.62.  Stern filed a timely appeal, which he withdrew in April 2005.  Meanwhile, plaintiff was taken into federal custody on April 22, 2004.  He is serving his sentence at the Federal Correctional Institution Jesup in Georgia, and has a projected release date of May 11, 2010.

On December 29, 2006, plaintiff submitted his Complaint in the above-captioned case, which was filed on March 16, 2007 per fiat order of the Honorable Emmet G. Sullivan.  On August 3, 2007, the BOP moved to transfer the case to the United States District Court for the Southern District of Georgia, where plaintiff remains incarcerated, and, on August 20, 2007, plaintiff filed a Motion for Summary Judgment and Response In Opposition To Defendant's Motion To Transfer.

[1]      Co-defendant Fran Ronnie Hayes, Stern's intermittent employee between 1997 and 2003, pled guilty on March 8, 2004.

On October 15, 2007, the Court denied the government's motion to transfer ("Mem. Order").

Meanwhile, as we have recently learned, on March 22, 2007, plaintiff filed in this district court another complaint (received by the Clerk's Office on February 16, 2007), No. 07-0564, along with an application to proceed in forma pauperis (Attachment A hereto). This new complaint is virtually identical to the complaint in the captioned case. On that same date, March 22, Judge Sullivan, to whom plaintiff's new case was assigned, sua sponte transferred it to the United States District Court for the Southern District of Georgia. Stern v. Federal Bureau of Prisons, 2007 WL 1555830 (D.D.C. Mar. 22, 2007) (transferring case No. 07-0564).

Thereafter, in the Southern District of Georgia, No. 07-0564 was designated as No. CV07-058. On May 22, 2007, the Honorable James E. Graham, United States Magistrate Judge, granted plaintiff's petition to proceed in forma pauperis. Order of May 22, 207 (Attachment B hereto). The order, however, advised plaintiff that he would nonetheless be obliged to pay a filing fee of $350.00, and to fulfill other requirements imposed by the Prison Litigation Reform Act, Pub. L . No. 104-134, 110 Stat. 1321. In light of these requirements, the order gave plaintiff the opportunity voluntarily to dismiss his complaint pursuant to Fed. R. Civ. P. 41 (a)(1), by which he could avoid, inter alia, paying the stated filing fee. On June 8, 2007, plaintiff filed, in No. CV07-058, a notice of dismissal under Fed. R. Civ. P. 41(a) (Attachment C hereto). Accordingly, on June 25, 2007, the Honorable Lisa Wood, United States District Judge for the Southern District of Georgia, dismissed that case without prejudice (Attachment D hereto).

### Judge Feess' Amended Judgment and Commitment Order in No. CR03-1220(A)

The Judgment and Commitment Order in No. CR03-1220(A) (C.D. Cal.), as amended January 31, 2005, provides in pertinent part:

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years under the following terms and conditions:

* * *

2.  During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment.

* * *

It is ordered that the defendant shall pay to the United States a special assessment of $800, which is due immediately.

It is ordered that the defendant shall pay restitution in the total amount of $1,888,161.62 pursuant to 18 USC [§] 3663A.

The amount of restitution ordered shall be paid as follows:

| Victim | Amount |
|--------|--------|
| Mary Parks-Smith | $   24,247.00 |
| Harold O. Gardner | $   57,600.00 |

* * *

                    TOTAL:     $1,888,161.62

If the defendant makes a partial payment, each payee shall receive approximately proportional payment unless another priority order or percentage payment is specified in this judgment.

*Restitution shall be due during the period of imprisonment, as directed by the Court or the United States Attorney, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal payments of at least $100 shall be made during the period of supervised release. These payments shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.*

Pursuant to 18 USC [§] 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 USC [§] 3612(g).

\* \* \*

(Attachment E hereto, emphasis added).

The Bureau of Prisons' Inmate Financial Responsibility Program And Its Statutory Bases

BOP's Inmate Financial Responsibility Program was instituted on April 1, 1987 to offer inmates the opportunity "to meet [their] legitimate financial obligations." Prows v. Department of Justice, 938 F.2d 274, 275 (D.C. Cir. 1991) (citing 52 Fed. Reg. 10,528 (April 1, 1987)); 28 C.F.R. § 545.10.[2] The "legitimate financial obligations" to which 28 U.S.C. § 545.10 refers include special assessments, court-ordered restitution, and fines. § 541.11(a). Under the program, prison staff assist an inmate in developing a financial plan and monitor the inmate's progress in meeting his financial obligations. § 545.11. The financial plan can impose a minimum payment of $25.00 per quarter to a maximum exceeding 50% of an inmate's monthly UNICOR pay.[3] § 545.11(b).

The inmate is responsible for making satisfactory progress in complying with the financial plan and providing documentation of his payments. § 545.11(b). Prison staff are required to monitor an inmate's progress to assess his level of responsible behavior. § 545.11(c). An inmate's refusal to participate in the IFRP or to comply with his financial plan may result in negative

_____

[2]     § 545.11 was amended in April and October of 1994, January of 1995, January of 1996, and December of 1999. 28 C.F.R., Part 545, Subpart B. The Mandatory Victims Restitution Act became effective on April 24, 1996. 18 U.S.C. § 3663A. The December 1999 amendment to § 545.11 imposed a spending limit on the commissary purchases of those who choose not to participate in the IRFP. 64 Fed. Reg. 72798. Additional changes were made for the sake of clarity, editorial consistency, and administrative efficiency. Id. All of these 1999 changes were intended to encourage inmates to participate in the IFRP. Id. None concerned § 545.11(a)(2).

[3]     UNICOR is a program providing work and training opportunities for federal inmates. 28 C.F.R § 345.11(a).

consequences, such as the denial of furloughs and employment, commissary spending limitations, unfavorable housing, and the refusal of placement in a community-based program. § 545.11(d).

The IFRP regulations are codified at Subpart "B" of Part 545 of 28 C.F.R., which also includes Subpart "C," the "Inmate Work and Performance Pay Program" which is not germane here. The stated statutory authority for the whole of Part 545 is: 5 U.S.C. § 301 ("Departmental Regulations"), 18 U.S.C. §§ 3013 ("Special Assessment on convicted persons"), 3571 ("Sentence of fine"), 3572 ("Imposition of a sentence of fine and related matters"), 3621 ("Imprisonment of a convicted person"), 3622 ("Temporary release of a prisoner"), 3624 ("Release of a prisoner"), 3663 ("Order of restitution"), 4001 ("Limitation on detention; control of prisons"), 4042 ("Duties of Bureau of Prisons"), 4081 ("Classification and treatment of prisoners"), 4082 ("Commitment to Attorney General; residential treatment centers; extension of limits of confinement; work furlough"), 4126 ("Prison Industries Fund; use and settlement of accounts"), and 5039 ("Commitment"); and 28 U.S.C. §§ 509 ("Functions of the Attorney General"), 510 ("Delegation of authority").

<u>The Mandatory Victims Restitution Act of 1996</u>

About nine years after the IFRP was promulgated, Congress enacted the Mandatory Victims Restitution Act ("MVRA") in 1996. Pub. L. No. 104-132, 110 Stat. 1227 (1996), codified at 18 U.S.C. §§ 3663A & 3664. The MVRA applies to sentencing proceedings in cases in which the defendant is convicted on or after April 24, 1996. 18 U.S.C. § 3664.

The MVRA prescribes that:

(a)(1) Notwithstanding any other provision of law, when sentencing a defendant convicted of an offense described in subsection (c), the court shall order, in addition to, or in the case of a misdemeanor, in addition to or in lieu of, any other penalty authorized by law, that the defendant make restitution to the victim of the offense or, if the victim is deceased, to the victim's estate.

6

18 U.S.C. § 3663A.

Also, the MVRA requires:

(f)(1)(A)  In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant.

(B)  In no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution.

[(f)](2)  *Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid*, . . .

18 U.S.C. § 3664 (emphasis added).  <u>See</u> <u>also</u> 18 U.S.C. § 3572(d).

<u>ARGUMENT</u>

I.    The Court Should Reconsider Its Denial Of BOP's Motion To Transfer In Light of Plaintiff's Forum Shopping.

On March 22, 2007, plaintiff  filed a virtually identical complaint in the United States District Court for the District of Columbia, No. 07-564, challenging the validity of the BOP's IFRP program (Attachment A hereto).  Plaintiff's new case was assigned to Judge Sullivan who, on that same day, transferred it <u>sua</u> <u>sponte</u> to the Southern District of Georgia.  <u>Stern v. Bureau of Prisons</u>, 2007 WL 1555830 (D.D.C. Mar. 22, 2007).  Judge Sullivan reasoned that the Southern District of Georgia was a more appropriate venue because it is plaintiff's place of incarceration and residence, and because it also is where all the events that gave rise to the action took place.  <u>Id.</u> at *1-*2.  Judge Sullivan determined that "'[t]here is certainly no reason why all cases involving the construction or constitutionality of a federal statute should be litigated in the District of Columbia.'"  <u>Id.</u> at *2

7

(quoting <u>Starnes v. McGuire</u>, 512 F.2d 918, 929 n.7 (D.C. Cir. 1974)).[4]

Under these circumstances, the Court should reconsider its decision denying BOP's motion to transfer, and should send this case to the Southern District of Georgia, where Judge Sullivan forwarded its twin.  Plaintiff's submission of a virtually identical complaint – while the captioned case was pending – demonstrates forum shopping, which should not be rewarded.  <u>See</u> <u>Fitsock v. Kaiser Foundation Health Plan of Mid-Atlantic States, Inc.</u>, 1990 WL 179942, *2 (D.D.C. Oct. 30, 1990) (plaintiff took "great pains to bring this case in a [D.C.] forum, having voluntarily dismissed the case when it was previously transferred to Virginia"; "the 'interests of justice,' which form a basis for transfer under § 1404(a) include an interest in the prevention of forum shopping"; granting defendant's motion to transfer case to E.D. Va.) (citing <u>Turner v. Newall, PLC, Inc. v. Canadian Universal Ins. Co.</u>, 652 F. Supp. 1308 (D.D.C. 1987)); <u>Onyeneho v. Allstate Ins. Co.</u>, 466 F. Supp. 2d 1, *5 (D.D.C. 2006) ("[t]o the extent that plaintiffs are engaging in forumshopping, it weighs in favor of transfer to the more appropriate forum"; granting defendant's motion to transfer).

Further, plaintiff's choice of forum is given less deference where, as here, the forum he chooses "is not the plaintiff's home."  <u>Lagor v. Eli Lily & Co.</u>, 2007 WL 1748888, *2 (June 18, 2007 D.D.C.).  And "[t]he showing a defendant must make to justify transfer is further diminished where, as here, transfer is sought to a 'forum with which plaintiff[] ha[s] substantial ties and . . . the subject matter of the lawsuit is connected.'"  <u>Id.</u> (quoting <u>Trout Unlimited v. Dep't of Agric.</u>, 944 F. Supp 13, 17 (D.D.C.  1996) (granting government's motion to transfer APA case)).  <u>See</u> <u>also</u> <u>Stern</u>, 2007 WL 1555830 at *1-*2; <u>Dominguez v. Bureau of Prisons</u>, 2006 WL 1445041, *4 (D.D.C.

---

[4]     "'Many, if not indeed, most, petitions filed by prisoners not confined in the District of Columbia and not sentenced here originally,'" noted Judge Sullivan, "'will tend to involve factors that make transfer to the place of incarceration appropriate.'"  2007 WL 1555830 at *1 (quoting <u>Starnes v. McGuire</u>, 512 F.2d 918, 925 n.7 (D.C. Cir. 1974) (<u>en</u> <u>banc</u>)).

May 25, 2006) (transferring case involving challenge to IFRP to jurisdiction where plaintiff was incarcerated, events took place, and records and witnesses were available).

In sum, the Court should transfer this case to the U.S. District Court for the Southern District of Georgia. E.g., Fitsock, 1990 WL 179942, *2; In re Eclair Bakery Ltd., 255 B.R. 121, 142 (Bkr. S.D.N.Y. 2000) ("interests of justice require that this Court not reward [plaintiff's] effort" to forum shop; granting defendant's motion to transfer).

II.    THE INMATE FINANCIAL RESPONSIBILITY PROGRAM PASSES MUSTER
       UNDER THE ADMINISTRATIVE PROCEDURE ACT

       A.   Applicable Principles of Law

       Plaintiff brings an APA challenge under 5 U.S.C. § 706 (1)(A) and (C), claiming that BOP exceeded its statutory authority when it promulgated the IFRP.

The APA defines the scope of judicial review:

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall--

(1) compel agency action unlawfully withheld or unreasonably delayed; and

(2) hold unlawful and set aside agency action, findings, and conclusions found to be–

    (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; . . . .

    (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

5 U.S.C. § 706 (Scope of Review).

B. Discussion

It is well established that BOP had sufficient statutory authority to create a program such as the IFRP to administer the payment of court restitution orders and fines. See Prows v. United States Department of Justice, 704 F.Supp. 272, 274-75 (D.D.C. 1988) (rejecting inmate's challenge to IFRP's statutory validity), aff'd, Prows v. Department of Justice, 938 F.2d 274, 275 (D.C. Cir. 1991). To begin with, BOP was "given explicit statutory authority to 'have charge of the management and regulation of all Federal penal and correctional institutions' and to 'provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States.'" Prows, 704 F. Supp. at 274-75 (quoting 18 U.S.C. § 4042). In addition, "the Attorney General has been given statutory authority to provide for the 'proper government, discipline, treatment, care, *rehabilitation, and reformation*' of all federal inmates." Id. at 275 (quoting 18 U.S.C. § 4001) (emphasis added). This "specific statutory authority has, in turn, been delegated to" the BOP. Id. This "authority has been consistently held to be extremely broad." Id. (citing Sellers v. Ciccone, 530 F.2d 199, 201, 204 (8th Cir. 1976)). Further, the Inmate Financial Responsibility Program, which encourages each federal inmate "to meet his or her legitimate financial obligations" so as to "demonstrate his 'acceptance of . . . responsibility,'" 28 C.F.R. § 545.10, "falls within the Bureau's authority to provide for, *inter alia*, the rehabilitation and reformation of federal inmates." Prows, 704 F. Supp. at 275; Johnpoll v. Thornburgh, 898 F.2d 849, 851 (2d Cir. 1990) (BOP "has not exceeded its statutory authority, nor departed from its own regulations, by administering [the IFRP,]" which is "fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation") (citing Prows, 704 F. Supp. at 274-75)); Geiger v. Federal Bureau of Prisons, 487

10

F.Supp. 2d 1155, 1159 (C.D. Cal. 2007) (same, quoting <u>Johnpoll</u>); <u>Elwood v. Sanders</u>, 2007 WL 1579990, *3 (E.D. Ark. May 31, 2007) (citing <u>Johnpoll</u>); <u>Phillips v. Booker</u>, 76 F. Supp. 2d 1183, 1192 (D. Kan. 1999) (quoting <u>Prows</u>, 704 F. Supp. at 274-75).  Demonstrably, the BOP had the requisite statutory authority to promulgate the IFRP regulations.  Plaintiff nearly concedes as much (Pl. Mem. at 4) ("BOP may have the general statutory authority to promulgate 545.11(a)(2) under . . .18 U.S.C. § 4042").[5]

Plaintiff states (Pl. Mem. at 1), however, that the BOP ran afoul of the APA when it promulgated the IFRP because certain of its provisions are contradicted by the language of the MVRA.  18 U.S.C. § 3664(f)(2) ("[u]pon determination of the amount of restitution owed to each victim, the court shall . . .specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid").  The problem with this contention is that the IFRP was promulgated in 1987, some nine years before the MVRA was enacted.  Promulgation of the IFRP cannot have been undercut by the MVRA when the IFRP was promulgated in 1987 because the MVRA did not then exist.

Indeed, plaintiff makes clear that he does not attack BOP's application of the IFRP to him, challenging only whether the BOP ran afoul of the APA when the Bureau promulgated the IFRP.[6]

---

[5]    The Executive Branch, through the BOP, has been given broad authority to administer the federal prison system.  18 U.S.C. § 4001; 18 U.S.C. § 3621; 18 U.S.C. § 4042. Congress  committed inmates sentenced to a term of imprisonment to the custody of the BOP.  18 U.S.C. § 3621(a) and (b).  Prison officials thus have broad administrative and discretionary authority over the institutions they manage.  <u>Hewitt v. Helms</u>, 459 U.S. 460, 467, 472 (1983).  In addition, the BOP has the authority to promulgate those regulations necessary to administer its prisons.  5 U.S.C. § 301 ("The head of an Executive department . . .  may prescribe regulations for the government of his department").

[6]    Pl. Mem. at 1 ("The . . . Plaintiff . . . challenges [BOP's] statutory authority to promulgate 28 C.F.R. § 545.11(a)(2)"), 5 (". . . Plaintiff is not challenging the implementation of the IFRP[;] [r]ather, Plaintiff challenges the BOP's authority to promulgate 545.11(a)(2) itself.").

Accordingly, the decisions on which plaintiff relies (Pl. Mem. at 3-4) are not germane to the question presented, for they concern the interface between the IFRP and the MVRA in relation to specific restitution orders and payment schedules, not whether the IFRP was promulgated in derogation of the APA.[7]  In the cases on which plaintiff relies, various circuit courts have concluded that the MVRA's provisions trump those of the IFRP, and have remanded for resentencing in accordance with their interpretation of the MVRA, but they have not struck down the IFRP as having been promulgated in violation of the APA.  See, e.g., United States v. Coates, 178 F.3d 681, 685 (3d Cir. 1999) ("[a]lthough we recognize that federal regulations permit the Bureau of Prisons to make payment schedules for all monetary penalties . . . the plain language of the MVRA, vesting sole authority in the district courts . . . contradicts, and thus overrides, the regulations") (cited at Pl. Mem. p. 4); United States v. Gunning, 401 F.3d 1145, 1149-50 (9th Cir. 2005) (district court could not delegate to BOP its responsibility under MVRA to set schedule for payment of restitution) (Pl. Mem. p. 4); United States v. Overholt, 307 F.3d 1231, 1254-56 (10th Cir. 2002) (same) (Pl. Mem. p. 4); United States v. McGlothlin, 249 F.3d 783, 785 (8th Cir. 2001) (same) (Pl. Mem. p. 4); United

_____

See also October 15, 2007 Mem. Order at 5 ("the only issues before the court are legal and pertain to the Bureau's authority to promulgate 28 C.F.R. 545.11(a)(2)") & n.2.

[7]  Because the issue concerning the interaction between the IFRP and the MVRA is not before the Court, we have not briefed it.  In any event, suffice it to say that there is authority that differs with, or is more nuanced than, that cited by the Plaintiff (at Pl. Mem. p. 4).  See, e.g., United States v. Ayantayo, 2001 WL 1176331, *1-*2 (6th Cir. 2001) (unpublished) (court "did not impermissibly delegate specification of the payment schedule to the probation officer" where, inter alia, court "retained final approval over the schedule").  Similarly, by the language of the relevant paragraph of the Judgment and Commitment Order of January 31, 2005 quoted above at p. 4, Judge Feess appears to have retained jurisdiction over plaintiff's payment schedule.  Ayantayo is cited with approval by the Sixth Circuit in United States v. Davis, 306 F.3d 398, 426 (6th Cir. 2002), in which the Sixth Circuit noted that the district court may elicit assistance from others, such as the probation office and BOP, in setting a payment schedule.  Davis did so even as it adopted the general rule set forth in United States v. Coates, 178 F.3d 681, 685 (3d Cir. 1999), cited in text above, on which defendant relies at Pl. Mem. p. 4.

States v. Pandiello, 184 F.3d 682, 688 (7th Cir. 1999) (same) (Pl. Mem. p. 4).

In short, because it is well established that the IFRP was properly founded on statutory authority when it was instituted, long before the MVRA was passed, this Court should reject plaintiff's argument that the promulgation of the IFRP violated either the APA or the MVRA.[8]

<u>Conclusion</u>

For the foregoing reasons, the Court should deny plaintiff's motion for summary judgment and transfer this case to the Southern District of Georgia, or in the alternative, deny plaintiff's motion for summary judgment and dismiss his complaint for failure to state a claim upon which relief can be granted.  Alternative proposed orders are submitted herewith.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar No. 490-610

ROBERT D. OKUN
CHIEF, SPECIAL PROCEEDINGS DIVISION
ASSISTANT UNITED STATES ATTORNEY
D.C. Bar No. 457078

/s/ Thomas S. Rees
ASSISTANT UNITED STATES ATTORNEY
D.C. Bar 358962
555 4th Street, N.W.
Room 10-911
Washington, D.C. 20530
(202) 305-4882

---

[8]     If this Court were to determine that Judge Feess' judgment and commitment order impermissibly delegates to the BOP the payment schedule for plaintiff's restitution, it appears that the appropriate remedy would be to transfer plaintiff's Complaint, construed as a challenge to the judgment and commitment order, to Judge Feess for his determination of whether to amend the judgment and commitment order.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing motion, and copies of proposed orders, have been served via the Court's electronic filing system on Ronald Stern, Fed. Reg. #25241-053, Federal Satellite Low, 2680 Highway 301 South, Jesup, Georgia 31599, on this 16th day of November, 2007.

 /s/ Thomas S. Rees
THOMAS S. REES
Assistant United States Attorney

ATTACHMENT "A"

No. 07-CV-00609 (RMU)

**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

MAR 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RONALD STERN, 25241-053
Federal Satellite Low
v. 2680 Highway 301 south
Jessup, GA 31599
FEDERAL BUREAU OF PRISONS.

§
§
§
§

Case: 1:07-cv-00564
Assigned To : Unassigned
Assign. Date : 03/22/2007
Description: RONALD STERN v. FEDERAL BUREAU OF PRISONS

## ORIGINAL COMPLAINT

### Introduction

1. This is an Administrative Procedures Act ("APA") suit
challenging the Bureau of Prisons' ("BOP") authority to
establish payment schedules for orders of restitution issued
under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C.
§§ 3663A - 3664. The Plaintiff, Ronald Stern ("Stern"), is an
inmate incarcerated in federal prison. Stern was ordered to
pay $2,139,860.12 in restitution by the Honorable Gary Feess,
United States District Judge See U.S.A. v. Ronald Stern, CR-
031220(A) (C.D. Cal). In fashioning Stern's restitution order,
however, Judge Freess did not set a payment schedule.

2. Upon committment to the federal institution in Jesup,
Georgia, the BOP sought to remedy the lack of a payment
schedule for Stern's restitution through the use of the Inmate
Financial Responsibility Program ("IFRP"). Under the IFRP, the
BOP is authorized to establish payment schedules for all forms
of restitution. See 28 C.F.R. § 545.11(a)(2). However,
application of section 545.11(a)(2) to orders of restitution
issued under the MVRA is invalid, for under the MVRA only the
courts have the power to determine the manner and schedule of
restitution payments.

**RECEIVED**

FEB 16 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## Jurisdiction and Venue

3.  Jurisdiction is proper under 28 U.S.C. § 1331.   Venue is appropriate in the District Court for the District of Columbia. See 28 C.F.R. § 1391(e).

## Parties

4.  Plaintiff Ronald Stern's mailing address is Ronald Stern # 25241-053, Federal Satellite Low, 2680 Highway 301 South, Jesup, Georgia 31599.  Mr. Stern's telephone number is 912-427-0870.

5.  Defendant Federal Bureau of Prisons mailing address is 320 First Street, N.W., Washington, D.C. 20534.

## Exhaustion of Administrative Remedies

6.  Stern has exhausted all of his available administrative remedies using the BOP's administrative remedy program.

## Count One

7.  Under 5 U.S.C. §§ 706(2)(A) & (C), this Court must hold unlawful and set aside agency action that is "otherwise not in accordance with law," or "in excess of statutory authority."

8.  Here, the BOP's use of the IFRP to set payment schedules for restitution under the MVRA is "otherwise not in accordance with law," or "in excess of statutory authority" because only the courts can set payment schedules for restitution.   United States v. Coates, 178 F.3d 681, 685 (3rd Cir. 1999) ("Although we recognize that federal regulations permit the Bureau of Prisons to make payment schedules for all monetary penalties, see 28 C.F.R. § 545.10, the plain language of the MVRA, vesting sole authority in the district courts, see 18 U.S.C. § 3664(f)(2) ('[T]he court shall ... specify ... the manner ...

2

and the schedule [of] restitution'), contradicts, and thus overrides the regulations"); United States v. Tarbox, 361 F.3d 664, 665 n.1 (1st Cir. 2004); United States v. Mortimer, 94 F.3d 89, 91 (2nd Cir. 1996); United States v. Miller, 77 F.3d 71, 78 (4th Cir. 1996); United States v. Albro, 32 F.3d 174 (5th Cir. 1994); United States v. Pandiello, 184 F.3d 682, 688 (7th Cir. 1999); United States v. McGlothlin, 249 F.3d 783, 785 (8th Cir. 2001); United States v. Gunning, 401 F.3d 1145, 1149-50 (9th Cir. 2005); United States v. Overholt, 307 F.3d 1231, 1254-56 (10th Cir. 2002); United States v. Prouty, 303 F.3d 1249, 1253-55 (11th Cir. 2002); U.S. v. Braxtonbrown-Smith, 278 F.3d 1348, 1356 (D.C. Cir. 2002).

## Relief Requested

9.   Stern respectfully requests (1) a declaratory judgment stating that the BOP lacks the authority to set payment schedules for orders of restitution issued under the MVRA; (2) permanent enjoinment of 28 C.F.R. § 545.11(a)(2) as applied to the BOP's authority to set restitution payment schedules for restitution issued under the MVRA; and (3) costs and such other relief as the Court may see fit.[1]

Respectfully submitted,

Ronald Stern # 25241-053
Federal Satellite Low
2680 Highway 301 South
Jesup, Georgia 31599

---

[1]   Neither Heck v. Humphrey, 512 U.S. 477 (1994) nor its progeny bar this action because (1) Stern does not seek monetary damages and (2) the requested relief, if granted, would not necessarily imply the invalidity of Stern's conviction or the duration of his sentence. Taylor v. U.S. Probation Office, 409 F.3d 426, 429-30 (D.C. Cir. 2005).

AO 240 (Rev. 10/03)

**FILED**

# UNITED STATES DISTRICT COURT

MAR 2 2 2007

District of _Columbia_

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

_Ronald Stern_
Plaintiff

V.

_Federal Bureau of Prisons_

Defendant

**APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT**

C
Case: 1:07-cv-00564
Assigned To : Unassigned
Assign. Date : 03/22/2007
Description: RONALD STERN v. FEDERAL BUREAU OF PRISONS

I, _Ronald Stern_ declare that I am the (check appropriate box)

☒ petitioner/plaintiff/movant          ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs
under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief
sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1.  Are you currently incarcerated?          ☒ Yes          ☐ No          (If "No," go to Part 2)

    If "Yes," state the place of your incarceration   _FCI Jesup_

    Are you employed at the institution?  _No_   Do you receive any payment from the institution? _____

    Attach a ledger sheet from the institution(s) of your incarceration showing at least the past **six months'**
    transactions.

2.  Are you currently employed?          ☐ Yes          ☒ No

    a.  If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name
        and address of your employer.

    b.  If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages
        and pay period and the name and address of your last employer.
            _Over four - five years ago_

3.  In the past 12 twelve months have you received any money from any of the following sources?

    a.  Business, profession or other self-employment          ☐ Yes          ☒ No
    b.  Rent payments, interest or dividends                    ☐ Yes          ☒ No
    c.  Pensions, annuities or life insurance payments          ☐ Yes          ☒ No
    d.  Disability or workers compensation payments             ☐ Yes          ☒ No
    e.  Gifts or inheritances                                   ☒ Yes          ☐ No
    f.  Any other sources                                       ☐ Yes          ☒ No

    If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the
    amount received and what you expect you will continue to receive.
        _My son occasionally sends me small amounts of money._

_2_

AO 240 Reverse (Rev. 10/03)

4.  Do you have **any** cash or checking or savings accounts?     ☒ Yes          ☐ No

    If "Yes," state the total amount.   $ 47.09  in prison account

5.  Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value?     ☐ Yes     ☒ No

    If "Yes," describe the property and state its value.

6.  List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.

    N/A

I declare under penalty of perjury that the above information is true and correct.

_8/12/07_                    _Ronald Stern_
Date                                     Signature of Applicant

**NOTICE TO PRISONER:** A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.



| Inmate Reg #: | 25241053 | Current Institution: | Jesup FCI |
|---|---|---|---|
| Inmate Name: | STERN, RONALD | Housing Unit: | JES-A |
| Report Date: | 02/12/2007 | Living Quarters: | A04-411L |
| Report Time: | 11:25:30 AM | | |

General Information  |  Account Balances  |  Commissary History  |  Commissary Restrictions  |  Comments

## General Information

| | |
|---|---|
| Administrative Hold Indicator: | No |
| No Power of Attorney: | No |
| Never Waive NSF Fee: | No |
| Max Allowed Deduction %: | 100 |
| PIN: | 5921 |
| PAC #: | 428318201 |
| FRP Participation Status: | Participating |
| Arrived From: | |
| Transferred To: | |
| Account Creation Date: | 4/6/2004 |
| Local Account Activation Date: | 3/26/2005 3:26:16 AM |
| Sort Codes: | |
| Last Account Update: | 2/9/2007 12:23:05 PM |
| Account Status: | Active |
| Phone Balance: | $67.80 |

**FRP Plan Information**

| FRP Plan Type | Expected Amount | Expected Rate |
|---|---|---|
| Monthly | $50.00 | 0% |

## Account Balances

| | |
|---|---|
| Account Balance: | $47.09 |
| Pre-Release Balance: | $0.00 |
| Debt Encumbrance: | $0.00 |
| SPO Encumbrance: | $0.00 |
| Other Encumbrances: | $0.00 |
| Outstanding Negotiable Instruments: | $0.00 |
| Administrative Hold Balance: | $0.00 |
| Available Balance: | $47.09 |
| National 6 Months Deposits: | $1,250.00 |
| National 6 Months Withdrawals: | $1,202.91 |
| National 6 Months Avg Daily Balance: | $86.53 |
| Local Max. Balance - Prev. 30 Days: | $263.69 |
| Average Balance - Prev. 30 Days: | $115.12 |

## Commissary History

### Purchases

Validation Period Purchases: $31.20
YTD Purchases: $645.70
Last Sales Date: 2/8/2007 10:53:56 AM

### SPO Information

SPO's this Month: 0
SPO $ this Quarter: $0.00

### Spending Limit Info

Spending Limit Override: No
Weekly Revalidation: No
Spending Limit: $290.00
Expended Spending Limit: $31.20
Remaining Spending Limit: $258.80

## Commissary Restrictions

### Spending Limit Restrictions

Restricted Spending Limit: $0.00
Restricted Expended Amount: $0.00
Restricted Remaining Spending Limit: $0.00
Restriction Start Date: N/A
Restriction End Date: N/A

### Item Restrictions

| List Name | List Type | Start Date | End Date | Userid | Active |
|-----------|-----------|------------|----------|--------|--------|

## Comments

Comments:

ViewAllTransCombined

## Deposits

📄 PRINT

| Inmate Reg #: | 25241053 | Current Institution: | Jesup FCI |
|---|---|---|---|
| Inmate Name: | STERN, RONALD | Housing Unit: | JES-A |
| Report Date: | 02/12/2007 | Living Quarters: | A04-411L |
| Report Time: | 11:25:43 AM | | |

| Date/Time | User Id | Transaction Type | Amount | Ref# | Payment# | Balance |
|---|---|---|---|---|---|---|
| 2/9/2007 12:23:05 PM | JES1670 | FRP Monthly Pymt | ($50.00) | IOS0005 | | $47.09 |
| 2/8/2007 10:53:56 AM | JES8207 | Sales | ($31.20) | 105 | | $97.09 |
| 2/5/2007 10:12:13 AM | JES7260 | Inmate Co-pay | ($2.00) | GICP0207 | | $128.29 |
| 2/1/2007 10:49:23 AM | JES8207 | Sales | ($25.75) | 95 | | $130.29 |
| 1/25/2007 11:10:28 AM | JES8207 | Sales | ($44.65) | 108 | | $156.04 |
| 1/22/2007 8:00:17 PM | TP_PHONE | Phone Withdrawal | ($63.00) | TFN0122 | | $200.69 |
| 1/21/2007 6:11:59 PM | AMSERVICE | Western Union | $250.00 | 33308107 | | $263.69 |
| 1/18/2007 11:04:27 AM | JES8207 | Sales | ($35.05) | 107 | | $13.69 |
| 1/11/2007 11:23:40 AM | JES8207 | Sales | ($39.85) | 114 | | $48.74 |
| 1/5/2007 12:07:10 PM | JES1670 | FRP Monthly Pymt | ($50.00) | IOS0004 | | $88.59 |
| 1/4/2007 1:01:53 PM | JES8207 | Sales | ($44.25) | 97 | | $138.59 |
| 12/19/2006 11:13:43 AM | JES4033 | Sales | ($82.52) | 133 | | $182.84 |
| 12/19/2006 11:13:43 AM | JES4033 | SPO - Released | $34.01 | 397 | | |
| 12/13/2006 11:53:27 AM | JES8207 | Sales | ($40.05) | 150 | | $265.36 |
| 12/12/2006 5:13:49 PM | AMSERVICE | Western Union | $250.00 | 33305207 | | $305.41 |
| 12/8/2006 2:31:12 PM | JES0515 | SPO | ($34.01) | 397 | | |
| 12/3/2006 3:06:12 PM | TP_PHONE | Phone Withdrawal | ($10.00) | TFN1203 | | $55.41 |
| 11/29/2006 11:08:08 AM | JES8207 | Sales | ($36.75) | 124 | | $65.41 |
| 11/21/2006 11:17:48 AM | JES8207 | Sales | ($56.90) | 126 | | $102.16 |
| 11/16/2006 8:15:39 PM | TP_PHONE | Phone Withdrawal | ($50.00) | TFN1116 | | $159.06 |
| 11/15/2006 11:11:22 AM | JES8207 | Sales | ($15.90) | 128 | | $209.06 |
| 11/14/2006 10:11:47 PM | AMSERVICE | Western Union | $200.00 | 33303207 | | $224.96 |
| 11/14/2006 1:57:32 PM | DataMig | Phone Rev With Rel | $24.96 | ITS2CONV | | $24.96 |
| 11/3/2006 12:06:23 PM | JES1670 | FRP Monthly Pymt | ($36.97) | IOS0002 | | $0.00 |
| 11/2/2006 12:08:38 PM | JES8207 | Sales | ($65.40) | 208 | | $36.97 |
| 11/1/2006 5:19:21 PM | AMSERVICE | Western Union | $100.00 | 33302307 | | $102.37 |
| 10/30/2006 9:49:47 AM | JES2383 | Inmate Co-pay | ($2.00) | GICP1006 | | $2.37 |
| 10/18/2006 10:44:27 AM | JES8207 | Sales | ($24.50) | 122 | | $4.37 |
| 10/17/2006 8:01:34 PM | AMService | Phone Withdrawal | ($10.00) | ITS1017 | | $28.87 |
| 10/11/2006 9:49:55 AM | JES4033 | Sales | ($62.03) | 105 | | $38.87 |
| 10/10/2006 4:10:36 PM | AMSERVICE | Western Union | $100.00 | 33300707 | | $100.90 |
| 10/6/2006 12:12:53 PM | JES1670 | FRP Monthly Pymt | $0.00 | IOS0001 | | $0.90 |
| 10/4/2006 9:36:19 AM | JES8207 | Sales | ($40.90) | 84 | | $0.90 |
| 9/20/2006 9:09:38 AM | JES0607 | Sales | ($58.20) | 90 | | $41.80 |
| 9/19/2006 3:14:04 PM | AMSERVICE | Western Union | $100.00 | 33325306 | | $100.00 |
| 9/8/2006 9:32:29 AM | JES1670 | FRP Monthly Pymt | ($29.80) | IOS0012 | | $0.00 |
| 9/6/2006 8:03:08 PM | AMService | Phone Withdrawal | ($20.00) | ITS0906 | | $29.80 |
| 9/6/2006 11:04:19 AM | JES0607 | Sales | ($27.85) | 117 | | $49.80 |
| 8/30/2006 10:51:42 AM | JES0515 | Sales | ($37.90) | 106 | | $77.65 |
| 8/23/2006 10:59:35 AM | JES0607 | Sales | ($32.35) | 115 | | $115.55 |
| 8/16/2006 9:42:17 AM | JES0607 | Sales | ($42.10) | 97 | | $147.90 |
| 8/15/2006 4:32:37 PM | AMService | Phone Withdrawal | ($60.00) | ITS0815 | | $190.00 |
| 8/14/2006 7:09:11 AM | AMSERVICE | Western Union | $250.00 | 33322706 | | $250.00 |
| 8/9/2006 11:08:18 AM | JES0607 | Sales | $0.00 | 124 | | $0.00 |
| 8/4/2006 11:49:19 AM | JES1670 | FRP Monthly Pymt | ($36.45) | IOS0011 | | $0.00 |
| 8/2/2006 7:15:44 AM | JES0607 | Sales | ($29.15) | 30 | | $36.45 |
| 7/26/2006 8:15:02 AM | JES0607 | Sales | ($35.80) | 56 | | $65.60 |
| 7/19/2006 11:08:17 AM | JES0607 | Sales | ($50.30) | 120 | | $101.40 |
| 7/12/2006 8:35:12 AM | JES0607 | Sales | ($82.50) | 72 | | $151.70 |
| 7/7/2006 8:59:26 AM | JES1670 | FRP Monthly Pymt | ($135.00) | IOS0010 | | $234.20 |

12

ViewAllTransCombined                                                          Page 1 of 1

## All Transactions                                    🖨 PRINT

| Inmate Reg #: | 25241053 | Current Institution: | Jesup FCI |
| Inmate Name: | STERN, RONALD | Housing Unit: | JES-A |
| Report Date: | 02/12/2007 | Living Quarters: | A04-411L |
| Report Time: | 11:25:51 AM | | |

| Date/Time | User Id | Transaction Type | Amount | Ref# | Payment# | Balance |
|---|---|---|---|---|---|---|
| 7/6/2006 5:15:43 PM | AMSERVICE | Western Union | $250.00 | 33320006 | | $369.20 |
| 7/5/2006 7:34:03 AM | JES0607 | Sales | ($31.40) | 36 | | $119.20 |
| 7/2/2006 4:58:10 PM | AMService | Phone Withdrawal | ($60.00) | ITS0702 | | $150.60 |
| 6/20/2006 9:31:56 AM | JES4033 | Sales | ($69.95) | 78 | | $210.60 |
| 6/13/2006 11:10:10 AM | JES7698 | Sales | ($51.00) | 148 | | $280.55 |
| 6/9/2006 9:18:18 AM | JES1670 | FRP Quarterly Pymt | ($25.00) | IOS0009 | | $331.55 |
| 6/7/2006 6:17:04 PM | AMSERVICE | Western Union | $250.00 | 33317906 | | $356.55 |
| 6/6/2006 11:36:43 AM | JES7698 | Sales | ($25.70) | 106 | | $106.55 |
| 5/30/2006 7:57:59 AM | JES7698 | Sales | ($23.20) | 45 | | $132.25 |
| 5/23/2006 11:40:28 AM | JES7698 | Sales | ($19.10) | 129 | | $155.45 |
| 5/23/2006 7:25:57 AM | JES2260 | Inmate Co-pay | ($2.00) | FICP0506 | | $174.55 |
| 5/16/2006 8:01:10 AM | JES4033 | Sales | ($48.95) | 55 | | $176.55 |

1 2

ATTACHMENT "B"

No. 07-CV-0069 (RMU)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RONALD STERN,

   Plaintiff,

vs.

FEDERAL BUREAU OF PRISONS,

   Defendant.

CIVIL ACTION NO.: CV207-058

## O R D E R

  Plaintiff, an inmate at Federal Satellite Low in Jesup, Georgia, has submitted to the Court for filing a complaint and application seeking to proceed *in forma pauperis*. After reviewing plaintiff's application, it appears that the plaintiff lacks sufficient resources to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff leave to proceed *in forma pauperis*.

  Plaintiff is hereby advised that the procedures for filing and litigating prisoner civil rights suits in federal court were significantly changed by the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321, enacted on April 26, 1996. The Act requires **all** prisoners, even those who are allowed to proceed *in forma pauperis*, to pay the full filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The plaintiff must also pay the full appellate court filing fee if a Notice of Appeal is filed. Prisoner litigants allowed to proceed *in forma pauperis* must pay an initial partial filing fee of 20 percent of the greater of the average monthly deposits to, or average monthly balance in, the prisoner's account for the 6-month period immediately preceding the filing of the complaint. Prison officials are then required to collect the balance of the filing fee by deducting 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). This payment shall be forwarded to the Clerk of Court "each time the amount in plaintiff's account exceeds $10 until the full filing fees are paid." Id. The entire filing fee must be paid even if the suit is dismissed at the outset

AO 72A
(Rev. 8/82)

because it is frivolous, malicious, fails to state a claim, or seeks monetary damages against a defendant who is immune from such relief.

In addition to requiring payment of the full filing fee, the Act now requires prisoners to exhaust all administrative remedies before challenging "prison conditions" in a civil action. 42 U.S.C. § 1997e; see 18 U.S.C. § 3626(g)(2). All prisoner civil rights actions filed after April 26, 1996 are subject to dismissal if the prisoner has not exhausted the available administrative remedies with respect to each claim asserted. Moreover, even if the complaint is dismissed for failure to exhaust, the prisoner will still be responsible for payment of the full filing fee.

The new law also provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if the prisoner has on three or more prior occasions, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this "three strikes" rule is if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**Additionally, the law now provides that the court may order the revocation of earned good time credit, that has not yet vested, if the court finds that a civil action brought by an individual confined in a Federal correctional facility was: (1) filed for a malicious purpose; (2) solely to harass the party against which it was filed; or (3) the inmate plaintiff testifies falsely or otherwise knowingly presents false evidence or information to the court. See 28 U.S.C. § 1932.**

Because of these changes in the law, the court will give plaintiff an opportunity, at this time, to voluntarily dismiss the complaint pursuant to FED. R. CIV. P. 41(a)(1). Such a voluntary dismissal will not require plaintiff to pay the filing fee or count as a dismissal which may later subject plaintiff to the three-dismissal rule under section 1915(g).

IT IS HEREBY ORDERED that:

2

(1)    Plaintiff must furnish the enclosed **Prisoner Trust Fund Account Statement** to the trust (financial) officer of each prison where he has been confined for the past six months. The trust officer will complete and sign the form and return the form and supporting documents to plaintiff for submission to the Court. Two copies of the form are enclosed for this purpose.

(2)    Plaintiff must sign and date the enclosed **Consent to Collection of Fees from Trust Account**. By signing this form, plaintiff gives his consent to the collection of the entire filing fee from his prison account in installments, in accordance with the provisions of the Prison Litigation Reform Act.

(3)    Plaintiff must return both the **Prisoner Trust Account Statement** and the **Consent to Collection of Fees from Trust Account** to the Clerk within thirty days of this Order.

Once plaintiff has complied with the conditions of this Order, the Court will review plaintiff's complaint to determine which, if any, claims are viable and which, if any, defendants should be served with a copy of the complaint. If no response is timely received from plaintiff, the Court will presume that plaintiff desires to have this case voluntarily dismissed and will dismiss this action without prejudice.

Plaintiff is cautioned that while this action is pending, the plaintiff **shall** immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case, without prejudice.

**Failure to comply with this order by June 22, 2007, shall result in the dismissal of plaintiff's case, without prejudice.**

SO ORDERED, this ___22___ day of May, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

3

AO 72A
(Rev. 8/82)

ATTACHMENT "C"

No. 07-CV-00609 (RMU)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RONALD STERN,                          §

v.                                     §          07-CV-058-LGW-JEG

FEDERAL BUREAU OF PRISONS.             §

## NOTICE OF DISMISSAL

In accordance with Fed.R.Civ.P.41(a), this action is hereby
DISMISSED.

Respectfully submitted,

Ronald Stern
2680 Highway 301 South
Jesup, Georgia 31599

ATTACHMENT "D"

No. 07-CV-00609 (RMU)

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT

2007 JUN 25  A 11: 14

CLERK _L. Iffenden_
SO. DIST. OF GA.

RONALD STERN,

        Plaintiff,

    vs.

FEDERAL BUREAU OF PRISONS,

        Defendant.

CIVIL ACTION NO.: CV207-058

## O R D E R

Plaintiff has moved this Court for voluntary dismissal of the captioned action.

Pursuant to FED. R. CIV. P. 41(a)(2), Plaintiff's Motion to Dismiss is hereby **GRANTED**.

Plaintiff's case is **DISMISSED**, without prejudice.

**SO ORDERED**, this _25_ day of _____June_____, 2007.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev. 8/82)

ATTACHMENT "E"

No. 07-CV-00609 (RMU)

AMENDED

# United States District Court
## Central District of California

| UNITED STATES OF AMERICA vs. | ENTERED<br>CLERK, US DISTRICT COURT | Docket No. | CR03-1220(A) |
|---|---|---|---|

**Defendant**
Ronald Stern aka Bob Morgan aka Burton D. Greenfield

akas:

FEB - 1 2005

CENTRAL DISTRICT OF CALIFORNIA

Social Security No. _4_ _8_ _1_ _8_
(Last 4 digits)

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| Jan. | 18 | 2005 |

| COUNSEL | [x] WITH COUNSEL, | James S. Benjamin<br>Retained Counsel |
|---|---|---|
| | | (Name of Counsel) |

| PLEA | [x] GUILTY, and the court being satisfied that there is a factual basis for the plea. | [ ] NOLO CONTENDERE | [ ] NOT GUILTY |
|---|---|---|---|

| FINDING | There being a finding/verdict of [ ] GUILTY, defendant has been convicted as charged of the offense(s) of: |
|---|---|

18 USC 1343, 2, 3147: Wire Fraud, Aiding and Abetting, Committing an Offense While on Release (Counts 1 through 5), Class C Felonies; 18 USC 1341, 2, 3147: Mail Fraud, Aiding and Abetting, Committing an Offense While on Release (Counts 6 and 7), Class C Felonies; 18 USC 1956(a)(1)(A)(I), 2: Money Laundering, Aiding and Abetting (Count 8), Class C Felony

| JUDGMENT AND PROB/ COMM ORDER | The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned on Counts 1 through 8 of the First Superseding Information be imprisoned for a term of 78 months. This term consists of 78 months on each of Counts 1 through 8 of the First Superseding Information to be served concurrently, and 6 months for the conviction of 18 USC 3147 on Counts 1 through 7, to be served consecutively. The total period of incarceration is 84 months. |
|---|---|

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;

2 During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment;

3. The defendant shall not be employed by, affiliated with, own or control, or otherwise participate, directly or indirectly, in the conduct of the affairs of any business activity in the financial services sector, including, but not limited to, debt collection; factoring; receiving, processing, or servicing applications for credit, mortgages or other loans;

4. The defendant shall not be employed by, affiliated with, own or control, or otherwise participate, directly or indirectly, in the conduct of the affairs of any financial institution insured by the Federal Deposit Insurance Corporation;

5. The defendant shall not engage, as whole or partial owner, employee or otherwise, in any business involving loan programs, telemarketing activities, investment programs or any other business involving the solicitation of funds or cold-calls to customers without the express approval of the Probation Officer prior to engagement in such employment. Further, the defendant shall provide the Probation Officer with access to

USA vs. Ronald Stern _____ Docket No.: CR03-1220(A)

any and all business records, client lists and other records pertaining to the operation of any business owned, in whole or in part, by the defendant, as directed by the Probation Officer;

6. The defendant shall not be employed in any capacity wherein he has custody, control or management of his employer's funds;

7. The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name, without the prior written approval of the Probation Officer; further, the defendant shall not use, for any purpose or in any manner, any name other than his true legal name;

8. The defendant shall not apply for or obtain any loan, debt or credit in an amount greater than $5,000 without the express written permission of the Probation Officer;

9. The defendant shall participate in mental health treatment, which may include evaluation and counseling, until discharged from the treatment by the treatment provider, with the approval of the Probation Officer. The defendant shall sign all necessary releases and provide all necessary verification documentation to enable the Probation Officer to monitor the defendant's progress. The defendant shall pay the cost of such program;

10. The defendant shall participate in a program for gambling addiction as directed by the Probation Officer, until discharged from the program by the service provider with the approval of the Probation Officer. The defendant shall sign all necessary releases and provide all necessary verification documentation to enable the Probation Officer to monitor the defendant's progress. The defendant shall pay the cost of such program; and

11. As directed by the Probation Officer, the defendant shall pay all or part of the costs for defendant's psychological disorder treatment to the aftercare contractor during the period of community supervision, pursuant to 18 USC 3672. The defendant shall provide payment and proof of payment as directed by the Probation Officer.

It is ordered that the defendant shall pay to the United States a special assessment of $800, which is due immediately.

It is ordered that the defendant shall pay restitution in the total amount of $1,888,161.62 pursuant to 18 USC 3663A.

The amount of restitution ordered shall be paid as follows:

| Victim | Amount |
|--------|--------|
| Mary Parks-Smith | $  24,247.00 |
| Harold O. Gardner | $  57,600.00 |
| Robert E. Dixon | $   8,451.62 |
| Marcel A. Weidmaier | $  32,500.00 |
| Shutter Products Intl. LLC | $  39,740.80 |
| David Carll | $ 110,400.00 |

USA vs. Ronald Stern                                   Docket No.:   CR03-1220(A)

| | | |
|---|---|---|
| Mark Beck | $ | 24,000.00 |
| Kathy Brock | $ | 31,000.00 |
| Jeff Estep | $ | 14,500.00 |
| Ruffin Industries | $ | 356,046.74 |
| Andalusia Enterprise | $ | 79,000.00 |
| Target Logistic Services | $ | 3,600.00 |
| Kanti Karia | $ | 10,900.00 |
| Felix Lahens | $ | 6,000.00 |
| Asia Pulp & Paper Trading | $ | 64,074.00 |
| Valerie Nemia | $ | 3,000.00 |
| Bayliss Machine | $ | 2,546.20 |
| Central Refrigerated Services | $ | 228,093.76 |
| Aggressive Auto Brokers | $ | 700.00 |
| First Data Corporation | $ | 431,819.53 |
| Mike Rhody | $ | 238,693.00 |
| Thomas Fannon | $ | 8,100.00 |
| Errol Helton | $ | 23,330.00 |
| Career Associates Ltd. | $ | 27,082.00 |
| Aerofund Financial | $ | 1,800.00 |
| Kathleen Leonard | $ | 1,000.00 |
| Matthew Murray | $ | 12,000.00 |
| Howard Kay | $ | 21,000.00 |
| John Kirkland | $ | 26,936.97 |
| TOTAL: | | $1,888,161.62 |

SCANNED

If the defendant makes a partial payment, each payee shall receive approximately proportional payment unless another priority order or percentage payment is specified in this judgment.

Restitution shall be due during the period of imprisonment, as directed by the Court or the United States Attorney, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least $100 shall be made during the period of supervised release. These payments shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the court finds that the

| USA vs. | Ronald Stern | | Docket No.: | CR03-1220(A) |

defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

Pursuant to 18 USC 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest.  Payments may be subject to penalties for default and delinquency pursuant to 18 USC 3612(g).

Pursuant to Section 5E1.2(e) of the Guidelines, all fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

The government, on its own motion, dismisses all underlying, and/or remaining counts, information and/or indictments.

The Court recommends placement of defendant in Rochester, New York or equivalent facility in order to receive the appropriate treatment for his medical/psychiatric/psychological condition(s).  The Court recommends that defendant be allowed to participate in the 500-hour drug treatment program.

Defendant is advised of his appellate rights.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

Date  1/31/05

Gary Allen Feess, U.S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

Filed Date  1-31-05

By  Deputy Clerk

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

USA vs.    Ronald Stern                                    Docket No.:    CR03-1220(A)

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court and probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐    The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

      1. Special assessments pursuant to 18 U.S.C. §3013;
      2. Restitution, in this sequence:
            Private victims (individual and corporate),
            Providers of compensation to private victims,
            The United States as victim;
      3. Fine;
      4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
      5. Other penalties and costs.

USA vs.   Ronald Stern                                                Docket No.:   CR03-1220(A)

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

        As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

        The defendant shall maintain one personal checking account.  All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses.  Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

        The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

        These conditions are in addition to any other conditions imposed by this judgment.

### RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____  to  _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____  to  _____

    at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____        By  _____
            Date                                Deputy Marshal

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____        By  _____
        Filed Date                              Deputy Clerk

### FOR U.S. PROBATION OFFICE USE ONLY

USA vs.  Ronald Stern                                    Docket No.:   CR03-1220(A)

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed) _____        _____
                    Defendant                                              Date


                    _____        _____
                    U. S. Probation Officer/Designated Witness            Date

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RONALD STERN, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-00609 (RMU) |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| Defendant. | ) | |
| _____ | ) | |

<u>ORDER</u>

Before the Court is plaintiff's motion for summary judgment and the Bureau of Prisons' motion to reconsider the denial of its motion to transfer or, in the alternative, motion to dismiss for failure to state a claim, Rule 12(b)(6), and opposition to plaintiff's motion for summary judgment.

Upon consideration of the parties' submissions, and for the reasons stated in the BOP's motion at pp. 7-9, it is hereby ORDERED that the Bureau of Prisons' motion to reconsider denial of its motion to transfer is hereby GRANTED.  And it is further

ORDERED that the Clerk of the Court shall transfer this case forthwith to the United States District Court for the Southern District of Georgia.  And it is further

ORDERED that plaintiff's motion for summary judgment and the BOP's alternative motion to dismiss are denied without prejudice.

_____
Honorable Ricardo M. Urbina
United States District Judge

<u>copies to</u>:

Thomas S. Rees
Assistant United States Attorney
Special Proceedings Division
555 4th Street, N.W., Room 10-911
Washington, D.C. 20530

Ronald Stern
Fed. Reg. 25241-053
Federal Satellite Low
2680 Highway 301 South
Jesup, Georgia 31599

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RONALD STERN, | ) | |
|     Plaintiff | ) | |
| | ) | |
|       v. | ) | Civil Action No. 07-00609 (RMU) |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
|     Defendant. | ) | |
|             | ) | |

<u>ORDER</u>

      Before the Court is plaintiff's motion for summary judgment and the Bureau of Prisons'

motion to reconsider the denial of its motion to transfer or, in the alternative, motion to dismiss for

failure to state a claim, Rule 12(b)(6), and opposition to plaintiff's motion for summary judgment.

      Upon consideration of the parties' submissions, and for the reasons stated in the BOP's

motion at pp. 9-13 it is hereby ORDERED that the Bureau of Prisons' motion to dismiss for failure

to state a claim, Fed. R. Civ. P. 12 (b)(6), is hereby GRANTED.  And it is further

      ORDERED that plaintiff's motion for summary judgment is DENIED.  And it is further

      ORDERED that plaintiff's Complaint, and the action it initiated, are dismissed.

                                   _____

                                   Honorable Ricardo M. Urbina

                                   United States District Judge

<u>copies to</u>:

Thomas S. Rees
Assistant United States Attorney
Special Proceedings Division
555 4th Street, N.W., Room 10-911
Washington, D.C. 20530

Ronald Stern
Fed. Reg. 25241-053
Federal Satellite Low
2680 Highway 301 South
Jesup, Georgia 31599