UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RONALD STERN, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-00609 (RMU) |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| Defendant. | ) | |
| | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S
PROFFERED STATEMENT OF MATERIAL FACTS

The Federal Bureau of Prisons ("BOP"), through its attorney, the United States Attorney for

the District of Columbia, respectfully submits this response to plaintiff's proffered statement of

material facts as to which there is no genuine issue, in accordance with Local Civil Rule 7(h).

1.      Admit.  Plaintiff, Ronald Stern, Federal Register Number 25241-053, is currently

incarcerated at the Federal Correctional Institution in Jesup, Georgia, in the custody of the Federal

Bureau of Prisons ("BOP").

2.      Admit.  On January 19, 2005, in case No. CR03-1220(A), the Honorable Gary A.

Feess of the United States District Court for the Central District of California sentenced plaintiff to

a term of eighty four months followed by three years of supervised release on charges of wire fraud,

aiding and abetting, committing an offense while on release, mail fraud, and money laundering and

aiding and abetting.  In the Judgment and Commitment Order, Judge Feess imposed a special

assessment of eight hundred dollars ($800.00).  Judge Feess also imposed restitution in the amount

of $2,139,860.12, which was later reduced to $1,888,161.62.

Judge Feess specified that:

Restitution shall be due during the period of imprisonment, as directed by the Court
or the United States Attorney, and pursuant to the Bureau of Prisons' Inmate
Financial Responsibility Program.  If any amount of the restitution remains unpaid

> after release from custody, nominal monthly payments of at least $100 shall be made during the period of supervised release. These payments shall begin 30 days after the commence of supervision. Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

Judgment and Commitment Order, as amended, January 31, 2005 (Attachment E to BOP's dispositive motion, filed herewith).

3. Whether the sentencing court, Judge Feess of the United States District Court for the Central District of California, set a "detailed payment schedule" for plaintiff's restitution is not material because plaintiff is not challenging the implementation of the IFRP. In addition, whether the payment schedule is "detailed" is a question of law, not fact. In any case, BOP admits that the relevant order from the Central District of California is attached as Attachment E to BOP's dispositive motion filed with this document. That order includes the paragraph quoted above in the immediately preceding paragraph.

4. The BOP denies that it has empowered itself to determine payment schedules for court ordered restitution. Rather, the BOP promulgated the IFRP pursuant to the statutory authority bestowed on it by the Congress of the United States in the statutes listed at Part 545 of 28 C.F.R. (2007). Further, any such schedule is prepared in consultation with, and the agreement of, the inmate affected.

5. Whether BOP has established an installment plan for plaintiff's restitution is not material because plaintiff is not challenging the implementation of the IFRP. In any case, plaintiff's records reflect that he signed Inmate Financial Contracts on June 26, 2006, November 16, 2006, and May 9, 2007 (Attachments F, G, and H hereto, respectively). The Contracts all contain the following language:

A staff member has provided me with information regarding the potential consequences of a refusal on my part to participate in the inmate financial responsibility program.

I agree to submit payments toward satisfaction of the financial obligation(s) indicated on this form in accordance with the payment plan outlined below. I agree to follow this payment plan until the financial obligation(s) is satisfied.

I further understand that the payment plan will automatically stop and no funds will be withdrawn from my account in the event that I am permanently released from my present institution of confinement. In the event that I am released pursuant to a writ (including a request for temporary custody pursuant to the Interstate Agreement on Detainers) the plan will not terminate unless I notify unit staff that upon completion of any payroll/deduction cycles in progress at the time I leave the institution I wish the plan to terminate.

Admit that staff met with plaintiff to prepare a plan, that a plan was prepared, and that plaintiff signed the contracts agreeing to the withdrawal of funds from his inmate trust account in accordance with the IFRP for the satisfaction of his court imposed obligations.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 490-610

ROBERT D. OKUN
CHIEF, SPECIAL PROCEEDINGS DIVISION
D.C. Bar No. 457078

/s/ Thomas S. Rees
ASSISTANT UNITED STATES ATTORNEY
D.C. Bar 358962
555 4th Street, N.W.
Washington, D.C. 20530
(202) 305-4882

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Bureau of Prisons' Response To Plaintiff's Proffered Statement of Material Facts will be made via first class mail, postage prepaid, on November 19, 2007 as follows:                    .

Ronald Stern
Fed. Reg. #25241-053
Federal Satellite Low
2680 Highway 301 South
Jesup, Georgia 31599

/s/ Thomas S. Rees
THOMAS S. REES
Assistant United States Attorney

ATTACHMENT F

No. 07-CV-00609 (RMU)

INMATE FINANCIAL CONTRACT                          PAGE NO: 001

REGISTER NUMBER: 25241-053
INMATE NAME....: STERN, RONALD
FACILITY.......: JESUP FCI


A STAFF MEMBER HAS PROVIDED ME WITH INFORMATION REGARDING THE POTENTIAL
CONSEQUENCES OF A REFUSAL ON MY PART TO PARTICIPATE IN THE INMATE FINANCIAL
RESPONSIBILITY PROGRAM.

I AGREE TO SUBMIT PAYMENTS TOWARD SATISFACTION OF THE FINANCIAL OBLIGATION(S)
INDICATED ON THIS FORM IN ACCORDANCE WITH THE PAYMENT PLAN OUTLINED BELOW.  I
AGREE TO FOLLOW THIS PAYMENT PLAN UNTIL THE FINANCIAL OBLIGATION(S) IS
SATISFIED.

I FURTHER UNDERSTAND THAT THE PAYMENT CONTRACT WILL AUTOMATICALLY STOP AND NO
FUNDS WILL BE WITHDRAWN FROM MY ACCOUNT IN THE EVENT THAT I AM PERMANENTLY
RELEASED FROM MY PRESENT INSTITUTION OF CONFINEMENT.  IN THE EVENT THAT I AM
RELEASED PURSUANT TO A WRIT (INCLUDING A REQUEST FOR TEMPORARY CUSTODY
PURSUANT TO THE INTERSTATE AGREEMENT ON DETAINERS) THE CONTRACT WILL NOT
TERMINATE UNLESS I NOTIFY UNIT STAFF THAT UPON COMPLETION OF ANY
PAYROLL/DEDUCTION CYCLES IN PROGRESS AT THE TIME I LEAVE THE INSTITUTION I
WISH THE CONTRACT TO TERMINATE.


PAYMENT METHOD...:  AMT/PCT: _135⁰⁰_   FREQ: _Monthly_   ORIGIN: _IF_

START CYCLE......:  _07|2006_

INMATE DECISION..:  _Agreed_

OBLIGATION NUMBER:  _1_ _2_ __ __ __ __ __ __ __ __ __ __ __

                    __ __ __ __ __ __ __ __ __ __ __ __ __


INMATE SIGNATURE.......:  _____   DT SIGNED: _6|26|06_

STAFF WITNESS SIGNATURE: _____   DT SIGNED: _6|26|06_

```
                                                       PAGE NO: 002  OF 002
                         INMATE FINANCIAL CONTRACT

REGISTER NUMBER: 25241-053
INMATE NAME....: STERN, RONALD
FACILITY.......: JESUP FCI

- - - - - - - - - - - - - FINANCIAL OBLIGATIONS OWED - - - - - - - - - - - - - - -
OBLG   OBLIGATION TYPE                          BALANCE    PAYABLE      COJ
  1 ASSESSMENT USDC                              750.00    IMMEDIATE    FCAC
  2 RESTITUTION NON-FED VICTIM USDC          1888161.62    IMMEDIATE    FCAC
```

ATTACHMENT G

No. 07-CV-00609 (RMU)

                                              PAGE NO: 001
                            INMATE FINANCIAL PLAN

REGISTER NUMBER: 25241-053
INMATE NAME....: STERN, RONALD
FACILITY.......: JESUP FCI


A STAFF MEMBER HAS PROVIDED ME WITH INFORMATION REGARDING THE POTENTIAL
CONSEQUENCES OF A REFUSAL ON MY PART TO PARTICIPATE IN THE INMATE FINANCIAL
RESPONSIBILITY PROGRAM.

I AGREE TO SUBMIT PAYMENTS TOWARD SATISFACTION OF THE FINANCIAL OBLIGATION(S)
INDICATED ON THIS FORM IN ACCORDANCE WITH THE PAYMENT PLAN OUTLINED BELOW.  I
AGREE TO FOLLOW THIS PAYMENT PLAN UNTIL THE FINANCIAL OBLIGATION(S) IS
SATISFIED.

I FURTHER UNDERSTAND THAT THE PAYMENT PLAN WILL AUTOMATICALLY STOP AND NO
FUNDS WILL BE WITHDRAWN FROM MY ACCOUNT IN THE EVENT THAT I AM PERMANENTLY
RELEASED FROM MY PRESENT INSTITUTION OF CONFINEMENT.  IN THE EVENT THAT I AM
RELEASED PURSUANT TO A WRIT (INCLUDING A REQUEST FOR TEMPORARY CUSTODY
PURSUANT TO THE INTERSTATE AGREEMENT ON DETAINERS) THE PLAN WILL NOT TERMINATE
UNLESS I NOTIFY UNIT STAFF THAT UPON COMPLETION OF ANY PAYROLL/DEDUCTION
CYCLES IN PROGRESS AT THE TIME I LEAVE THE INSTITUTION I WISH THE PLAN TO
TERMINATE.


PAYMENT METHOD...:  AMT/PCT: _50.00_____  FREQ: _Monthly_  ORIGIN: _TF_____

START CYCLE......: _01/2007_____

INMATE DECISION..: _Agreed_____

OBLIGATION NUMBER: _1  2_____


INMATE SIGNATURE.......: _Ronald Stern_____  DT SIGNED: _11/16/06_

STAFF WITNESS SIGNATURE: _J Green_____  DT SIGNED: _11/16/06_

```
                                                  PAGE NO: 002   OF 002
                        INMATE FINANCIAL PLAN

REGISTER NUMBER: 25241-053
INMATE NAME....: STERN, RONALD
FACILITY.......: JESUP FCI

- - - - - - - - - - - - FINANCIAL OBLIGATIONS OWED - - - - - - - - - - - - - -
OBLG    OBLIGATION TYPE                      BALANCE      PAYABLE      COJ
   1 ASSESSMENT USDC                          511.78    IMMEDIATE     FCAC
   2 RESTITUTION NON-FED VICTIM USDC      1888161.62    IMMEDIATE     FCAC
```

ATTACHMENT H

No. 07-CV-00609 (RMU)

                                                        PAGE NO: 001
                          INMATE FINANCIAL PLAN

REGISTER NUMBER: 25241-053
INMATE NAME....: STERN, RONALD
FACILITY.......: JESUP FCI


A STAFF MEMBER HAS PROVIDED ME WITH INFORMATION REGARDING THE POTENTIAL
CONSEQUENCES OF A REFUSAL ON MY PART TO PARTICIPATE IN THE INMATE FINANCIAL
RESPONSIBILITY PROGRAM.

I AGREE TO SUBMIT PAYMENTS TOWARD SATISFACTION OF THE FINANCIAL OBLIGATION(S)
INDICATED ON THIS FORM IN ACCORDANCE WITH THE PAYMENT PLAN OUTLINED BELOW.  I
AGREE TO FOLLOW THIS PAYMENT PLAN UNTIL THE FINANCIAL OBLIGATION(S) IS
SATISFIED.

I FURTHER UNDERSTAND THAT THE PAYMENT PLAN WILL AUTOMATICALLY STOP AND NO
FUNDS WILL BE WITHDRAWN FROM MY ACCOUNT IN THE EVENT THAT I AM PERMANENTLY
RELEASED FROM MY PRESENT INSTITUTION OF CONFINEMENT.  IN THE EVENT THAT I AM
RELEASED PURSUANT TO A WRIT (INCLUDING A REQUEST FOR TEMPORARY CUSTODY
PURSUANT TO THE INTERSTATE AGREEMENT ON DETAINERS) THE PLAN WILL NOT TERMINATE
UNLESS I NOTIFY UNIT STAFF THAT UPON COMPLETION OF ANY PAYROLL/DEDUCTION
CYCLES IN PROGRESS AT THE TIME I LEAVE THE INSTITUTION I WISH THE PLAN TO
TERMINATE.


PAYMENT METHOD...:  AMT/PCT: _75.00_    FREQ: _Monthly_ ORIGIN: _IF_

START CYCLE......: _06/2007_

INMATE DECISION..: _agreed_

OBLIGATION NUMBER: _1  2_ __ __ __ __ __ __ __ __ __ __
                   __ __ __ __ __ __ __ __ __ __


INMATE SIGNATURE.......:  _____    DT SIGNED: _5/9/07_

STAFF WITNESS SIGNATURE:  _____    DT SIGNED: _5/9/07_

PAGE NO: 002   OF 002

INMATE FINANCIAL PLAN

REGISTER NUMBER: 25241-053
INMATE NAME....: STERN, RONALD
FACILITY.......: JESUP FCI

- - - - - - - - - - - - - FINANCIAL OBLIGATIONS OWED - - - - - - - - - - - - - -

| OBLG | OBLIGATION TYPE | BALANCE | PAYABLE | COJ |
|------|-----------------|---------|---------|-----|
| 1 | ASSESSMENT USDC | 261.78 | IMMEDIATE | FCAC |
| 2 | RESTITUTION NON-FED VICTIM USDC | 1888161.62 | IMMEDIATE | FCAC |