UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RONALD STERN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | 1:07-CV-0609 (RMU) |
| v. | ) | |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

<u>DEFENDANT'S MOTION FOR LEAVE TO FILE OPPOSITION TO ENTRY OF DEFAULT</u>

The Federal Bureau of Prisons respectfully requests leave of Court to file its Opposition To Entry of Default because the undersigned did not realize, until March 10, 2008, that the Court's Minute Order of October 18, 2007 required the defendant to respond not only to plaintiff's motion for summary judgment, but also to the August 8, 2007 motion for default judgment. Counsel realized his mistake when he received, on the morning of March 10, the ECF notification of the Minute Order of March 7, 2008 that was forwarded on Friday evening, March 7. Counsel had read the October Minute Order online, and had overlooked the provision requiring a response to the motion for default judgment. The undersigned has worked diligently this week to draft and finalize this Opposition. Accordingly, we ask for leave of Court to file it.

WHEREFORE, we respectfully request leave of Court to file the lodged Defendant's

Opposition To Entry of Default.

Respectfully submitted,
JEFFREY A. TAYLOR
(D.C. Bar No. 498-610)
United States Attorney

ROBERT D. OKUN (D.C. Bar No. 457-078)
Chief, Special Proceedings Division

 /s/ Thomas S. Rees
THOMAS S. REES
(D.C. Bar No. 358-962)
Assistant United States Attorneys
Special Proceedings Division
555 Fourth Street, N.W., Tenth Floor
Washington, D.C. 20530
(202) 305-4882

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13 th day of March, 2008, the foregoing defendant's motion for leave to file, and a proposed order, was served via first class U.S. mail, postage prepaid, on plaintiff, pro se, as follows:

Mr. Ronald Stern
Reg. No. 25241-053
Federal Satellite Low
2650 Hwy 301 South
Jesup, GA 31599

/s/ Thomas S. Rees
THOMAS S. REES
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD STERN,                          )
                                       )
     Plaintiff                        )
                                       )        1:07-CV-0609 (RMU)
     v.                               )
                                       )
FEDERAL BUREAU OF PRISONS,             )
                                       )
     Defendant                        )
_____)

<u>ORDER</u>

This matter is currently before the Court on the Defendant's Motion For Leave To File Opposition To Entry Of Default.

UPON CONSIDERATION of the submissions of the parties and the entire record herein, it is this _____ day of _____, 2008,

ORDERED that the Defendant's Motion For Leave To File Opposition To Entry Of Default is hereby GRANTED.  And it is

FURTHER ORDERED that the Defendant's Opposition To Entry Of Default shall be filed.


_____
Ricardo M. Urbina
United States District Judge

copies to:

Mr. Ronald Stern
Reg. No. 25241-053
Federal Satellite Low
2650 Hwy 301 South
Jesup, GA 31599

Thomas S. Rees
Assistant United States Attorneys
United States Attorney's Office
Special Proceedings Division
555 4th Street, N.W. - 10TH Floor
Washington, D.C. 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD STERN | ) |
| | ) |
|     Plaintiff | ) |
| | ) 1:07-CV-0609 (RMU) |
|     v. | ) |
| | ) |
| FEDERAL BUREAU OF PRISONS. | ) |
| | ) |
|     Defendant | ) |
| | ) |

FEDERAL BUREAU OF PRISONS' RESPONSE TO
MINUTE ORDER OF MARCH 7, 2008, AND
OPPOSITION TO ENTRY OF DEFAULT

The Federal Bureau of Prisons ("BOP"), by and through its attorney, the United States

Attorney for the District of Columbia, respectfully responds to the Court's Minute Order of March

7, 2008, and opposes any entry of default.

PROCEDURAL BACKGROUND

On March 16, 2007, per fiat order from the Honorable Emmet J. Sullivan, defendant filed

his  Original Complaint.  On June 4, 2007, the relevant clerical designee at the United States

Attorney's Office received a summons in this matter along with a copy of the complaint via certified

mail addressed to:

United States Attorney
555 4th Street, N.W.
Washington, D.C.  20001

(Attachment A hereto).  On August 3, 2007, within 60 days of that receipt of the summons and

complaint, the BOP filed a motion to transfer this suit to the United States District Court for the

Southern District of Georgia.  Construing the complaint as a habeas petition, the government argued

that because the Court lacked personal jurisdiction over the warden of the correctional institution

in Jesup, Georgia, where plaintiff was incarcerated, the case should be transferred to the United States District Court for the Southern District of Georgia. On August 8, 2007, defendant filed a motion for a default judgment, contending that the BOP had failed to file a responsive pleading within sixty days of May 22, 2007, the date on which plaintiff claimed service had been effected.

On August 20, 2007, plaintiff filed a motion for summary judgment and response in opposition to defendant's motion to transfer. On October 15, 2007, the Court denied the BOP's motion to transfer, and, on October 17, 2007, the BOP moved for an extension of time in which to respond to plaintiff's motion for summary judgment and plaintiff's complaint. On October 18, 2007, the Court granted the BOP's motion for an extension of time (Minute Order). The Minute Order stated that "the defendant's response to the plaintiff's motion for summary judgment and the defendant's response to the plaintiff's motion for default judgment is due on or before . . . November 16, 2007." (The undersigned reviewed the Minute Order online, failing to note, until March 10, 2008, that the government had been ordered to respond not only to plaintiff's motion for summary judgment, but also to the plaintiff's (August 8, 2007) motion for default judgment.)

On November 16, 2007, BOP filed a motion to reconsider denial of its motion to transfer or, in the alternative, motion to dismiss for failure to state a claim under Rule 12(b)(6), and opposition to plaintiff's motion for summary judgment; and a response to plaintiff's proffered statement of material facts (Docket Nos. 10-14).[1] On December 7, 2007, defendant filed memoranda and other papers concerning the defendant's motion to reconsider and his motion for summary judgment. (Docket Nos. 19-24). On March 7, 2008, the Court entered another Minute Order:

---

[1]    On November 29, 2007, plaintiff filed a second motion for default judgment, which was denied on December 3, 2007.

2

denying the plaintiff's [August 8, 2007] Motion for Default Judgment.  Default is a two step process.  <u>See</u> <u>Jackson v. Beech</u>, 636 F.2d 831, 835 (D.C. Cir. 1980).  Before entering default judgment, entry of default must be made by the Clerk of the Court or the judge.  <u>Id.</u>  In this instance the plaintiff has not requested entry of default, and moreover, he has not provided proof of service.  Therefore, the court denies the plaintiff's motion for default judgment and directs him to provide proof of service in accordance with Federal Rule of Civil Procedure R. 4 on or before April 18, 2008.

ARGUMENT

<u>The Court Should Not Make Entry Of Default Because, Inter Alia, Service Was Improper</u>

  A.  <u>Applicable Principles of Law</u>

  Subsection (i) of Rule 4 of the Federal Rules of Civil Procedure provides in pertinent part:

  (1)  Service upon the United States shall be effected:

    (A)  by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail *addressed to the civil process clerk at the office of the United States attorney* and

    (B)  by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia....

  (2)

    (A)  Service on an agency . . . of the United States . . . is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the . . . agency . . . . .

Fed. R. Civ. P. 4(i) (2007) (emphasis added).[2]  "To assure proper handling of mail in the United

---

   [2]  All references to Fed. R. Civ. P. 4 in this Opposition are to the version of the Rule in effect in 2007 prior to December 1 of that year.

3

States attorney's office, the authorized mail service *must be specifically addressed to the civil process clerk of the office of the United States attorney*" (Advisory Committee Notes on Subdivision (i) (1993 Amendments) (emphasis added). Further, failure of service is a jurisdictional defect., Koerner v. United States, 246 F.R.D. 45, 46 (D.D.C. 2007), and default judgments are generally disfavored, Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980).

    B.  Contextual Facts

Plaintiff's August 8, 2007 motion for default judgment has two attachments. Attachment A thereto consists of a photocopy of three separate putative certified mail receipts, each of which appears to bear a stamp showing "RECORD OFFICE" and a partial date of "May 18." Attachment A purports to reflect the mailing of one such document to the U.S. Attorney, 555 4th Street, N.W., Washington, DC 20001; the next to the Federal Bureau of Prisons, 320 First Street, N.W., Washington, DC 20534; and the last to Alberto Gonzales, Dept. of Justice, Washington, DC 20530. Attachment B to plaintiff's motion for default judgment comprises three separate pages, each of which is a putative photocopy of a "Track & Confirm" ("T&C") notice, with serial numbers corresponding to those on the putative receipts displayed in Attachment A to plaintiff's motion for default judgment. The T&C whose serial number matches that displayed on the putative certified receipt directed to the "U.S. Attorney" (from Attachment A) states, "Your item was delivered . . . on May 22, 2007 in Washington, D.C. 20534." The T&C whose number matches that for the apparent BOP receipt states, "Your item was delivered on . . . May 25, 2007 in Washington, DC 20530." The one matching the purported  receipt for Alberto Gonzales records, "Your item was delivered . . . on May 29, 2007 in Washington, DC 20530."

C.  Plaintiff's Contentions

Plaintiff claims that service was "effected on May 22, 2007, in accordance with Rule 4(i), Federal Rules of Civil Procedure" (Motion For Default Judgment, filed August 8, 2007, at 1).  This date, which corresponds to the putative receipt from plaintiff's Attachment A concerning the U.S. Attorney, is the earliest date of the three shown in plaintiff's Attachment B.  Thus, plaintiff claims that service was perfected on the date on which he understands his mailing directed to the U.S. Attorney (alone) was received.  Accordingly, he implicitly takes the position that service on the U.S. Attorney alone suffices to perfect service on a federal agency such as the BOP.  Finally, because plaintiff focuses on the purported date of delivery, he does not contend that service was complete upon mailing.

D.  Discussion

Because plaintiff has failed properly to serve the defendant, any entry of default would be without basis.[3]  Using the certified mail procedure set out in Rule 4(i)(1)(A), plaintiff was obliged, in pertinent respect, to mail a copy of a summons and the complaint via certified or registered mail to the civil process clerk at the United States Attorney's Office, not to the United States Attorney. Because he failed to do this, service was improper.  Clemmons v. U.S. Department of Justice, 2007 WL 1020796, *3 n.2 (D.D.C. Mar. 30, 2007) ("there were numerous problems with the effectuation of service of process of the complaint"; "[p]laintiff did not address the document to the civil process clerk of the United States Attorney's Office as is required under the Federal Rules of Civil

---

[3]    For purposes of this argument, we assume, arguendo, that plaintiff sent a copy of the summons and complaint via certified or registered mail to the United States Attorney General and to the Federal Bureau of Prisons, in keeping with the requirements of Rule 4(i)(1)(A).  This argument focuses only on plaintiff's omissions and errors concerning service on the U.S. Attorney's Office.

Procedure") (citing Fed. R. Civ. P. 4(i)(1)(A)); <u>Asociacion de Periodistas De Puerto Rico v. Mueller</u>, 2007 WL 320255, *1 (D.P.R. Jan. 30, 2007) ("[p]laintiffs sent a copy of the summons and complaint to the United States Attorney for the District of Puerto Rico, . . . addressed to the civil process clerk at the office of the United States Attorney via certified mail"; they "thereby effected proper service as required by Rule 4(i)(1)(A)"); <u>Swanson v. IRS</u>, 343 B.R. 678, 683-85 (Bkrtcy D. Kan 2006) (service improper where envelope containing summons and complaint not directed to "the civil process clerk in the Office of the United States Attorney"). <u>See also</u> <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); <u>McMasters v. United States</u>, 260 F.3d 814, 818 (7th Cir. 2001) ("The fact that McMasters was proceeding pro se does not excuse her failure to comply with procedural rules.").[4]  In the absence of proper service, there is no basis for an entry of default.

Second, even assuming <u>arguendo</u> that plaintiff perfected service, we submit that this was accomplished no earlier than the date on which the envelope containing the summons and complaint mailed to the United States Attorney via certified mail was actually received by the relevant clerical designee at the United States Attorney's Office: June 4, 2007 (Attachment A hereto). <u>See</u> <u>Chester v. Green</u>, 120 F.3d 1091, 1091 (10th Cir. 1997) (plaintiff failed to establish proof of service or jurisdiction, or perfect service, where there was no "receipt or acknowledgment showing actual delivery of the complaint [via mail] to the purported defendants"); <u>Adatsi v. Mathur</u>, 934 F.2d 910, 911-12 (7th Cir. 1991) ("service is complete only when the acknowledgment form is executed"); <u>Morse v. Elmira Country Club</u>, 752 F.2d 35,  41 (2d Cir. 1984) ("service was effective where the

---

[4]        Given plaintiff's demonstrated litigation experience, any deference that might be paid to a <u>pro se</u> litigant would seem unwarranted in any event.

recipient received the mail and accordingly obtained actual notice"); <u>Henderson v. Biel</u>, 2007 WL

2286129, *7 (S.D. Ind. 2007) (citing cases); <u>Klein v. Williams</u>, 144 F.R.D. 16, 19 (E.D.N.Y. 1992)

('[s]ervice by mail of a summons and complaint is effective upon receipt") (citing <u>Morse</u>).[5]

Therefore, because the motion to transfer was filed (on August 3, 2007), within 60 days of the date

on which the subject envelope was received by the relevant clerical designee at the United States

Attorney's Office (June 4, 2007), <u>see</u> Fed. R. Civ. P. 12(a)(3)(A), 6(e), the government timely filed

its motion to transfer, and there is no basis for any entry of default.[6] <u>Compare</u> <u>Corner v. Department</u>

<u>of Labor</u>, 2006 WL 1877049, *5 (N.D. Ill. Jul. 5, 2006) ("the United States Attorney was served

. . . when Corner placed the summons and complaint in the mail[;] Fed. R. Civ. P. 5(b)(2)(B)

(service by mail is complete upon mailing)"), <u>aff'd</u>, 219 Fed. Appx. 492 (7th Cir. Feb. 9, 2007);

<u>Wolfe v. United States Tax Court</u>, 513 F. Supp. 912, 913 (D. Colo. 1981) ("[s]ervice occurred on"

the date on which the "United States Marshal mailed a copy of the summons and complaint to both

the Tax Court and the IRS").

---

[5]    <u>See also</u> <u>Bond v. Everson</u>, 2006 WL 1305289, *3 (E.D. Cal. Mar. 1, 2006) ("Rule 4(i)(1) requires delivery of a copy of the summons and complaint to the United States attorney's office for the district in which the action is filed, to the Attorney General . . . , and to any . . . agency whose order the complaint attacks that is not a party."); <u>North v. Sawyer</u>, Order Denying Plaintiff's Motion For Entry Of Default, Civil No. 02-2164 (D.D.C. Jan. 30, 2003) ("proper service was not complete until" the date on which "the summons and complaint issued by the Clerk" was "received by the 'clerical employee designated by the United States attorney'") (Attachment B hereto).

[6]    Under Fed. R. Civ. P. 12(b), "[e]very defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (2) lack of jurisdiction over the person . . . . A motion making any of these defenses shall be made before pleading if a further pleading is permitted." The government's motion to transfer asserted lack of personal jurisdiction over plaintiff's custodian. The government properly moved to transfer before filing a motion to dismiss and opposition to plaintiff's motion for summary judgment. The pendency of the government's motion to transfer tolled the time for filing a responsive pleading. <u>See</u> Fed. R. Civ. P. 12(a)(4)(A); 12(b).

Even if the Court were to conclude that service of the summons and complaint was somehow effected earlier than June 4, 2007, based on the circumstances here, including the fact that the government treated June 4, 2007 as the service date, defendant requests that the Court exercise its discretion and allow defendant's motion to transfer to be deemed timely filed.  Fed. R. Civ. P. 6(b)(2).

Finally, even assuming <u>arguendo</u> that defendant's motion to transfer was tardily filed, this Court should decline to make entry of default.  <u>Cf.</u> <u>Macri v. Yamauchi</u>, 2002 WL 390223, *2 (N.D. Ill. 2002) ("even when the defendant is in default, it is within the court's discretion whether to enter a default judgment") (denying motion for default).  Under plaintiff's theory, and by operation of Rule 4 (requiring service on the civil process clerk of the United States Attorney's office, the Attorney General of the United States, and the agency), service would have been perfected no earlier than the date on which the last of the three envelopes was allegedly delivered by the U.S. Postal Service:  May 29, 2007 (Attachment B to plaintiff's motion for default judgment).  August 3, 2007 is but 66 days thereafter, or just three days out of time.  Under the circumstances presented, where the matter is briefed and ready to rule, delay is brief, and no prejudice alleged or wilfulness shown, no purpose would be served by making an entry of default.  <u>See</u> <u>Corner</u>, 2006 WL 1877049, *5 (where government's motion to dismiss filed "only eleven days late," plaintiff had not alleged prejudice, and court could not identify any injury, "[r]efusing to rule on the motion [to dismiss] on the merits would . . . contraven[e] the overall preference for timely resolution of matters on the merits").  <u>Cf.</u> <u>Peak v. District of Columbia</u>, 236 F.R.D. 13, 15 (D.D.C.  2006) ("default judgment usually is available 'only when the adversary process has been halted because of an essentially unresponsive party'") (quoting <u>Jackson</u>, 636 F.2d at 835).

WHEREFORE, the Bureau of Prisons respectfully opposes the entry of default.

Respectfully submitted,
JEFFREY A. TAYLOR
(D.C. Bar No. 498-610)
United States Attorney

ROBERT D. OKUN (D.C. Bar No. 457-078)
Chief, Special Proceedings Division

 /s/ Thomas S. Rees
THOMAS S. REES
(D.C. Bar No. 358-962)
Assistant United States Attorneys
Special Proceedings Division
555 Fourth Street, N.W., Tenth Floor
Washington, D.C. 20530
(202) 305-4882

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of March, 2008, the foregoing BOP's Response was served, along with attachments and a proposed order, via first class U.S. mail, postage prepaid, on plaintiff, pro se, as follows:

Mr. Ronald Stern
Reg. No. 25241-053
Federal Satellite Low
2650 Hwy 301 South
Jesup, GA 31599

/s/ Thomas S. Rees
THOMAS S. REES
ASSISTANT UNITED STATES ATTORNEY

ATTACHMENT  A

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## DISTRICT OF THE DISTRICT OF COLUMBIA

RONALD STERN,

V.

FEDERAL BUREAU OF PRISONS.

**SUMMONS IN A CIVIL CASE**



TO: (Name and address of Defendant)

    U.S. Attorney
    District of Columbia
    555 4th Street NW
    Washington, DC 20001

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Ronald Stern # 25241-053

Federal Satellite Low

2680 Highway 301 South

Jesup, Georgia 31599

an answer to the complaint which is served on you with this summons, within _____ 60 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

NANCY MAYER-WHITTINGTON

CLERK

_Janetta Stewart-Ciretn_

(By) DEPUTY CLERK

DATE     MAR 3 0 2007



GAS Rev 1/31/02

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

RONALD STERN,                          §

v.                                     §

FEDERAL BUREAU OF PRISONS.             §

Case: 1:07-cv-00609
Assigned To : Urbina, Ricardo M.
Assign. Date : 03/16/2007
Description: STERN v. FBI

ORIGINAL

## Introduction

1. This is an Administrative Procedures Act ("APA") suit challenging the Bureau of Prisons' ("BOP") authority to establish payment schedules for orders of restitution issued under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A - 3664.  The Plaintiff, Ronald Stern ("Stern"), is an inmate incarcerated in federal prison.  Stern was ordered to pay $2,139,860.12 in restitution by the Honorable Gary Feess, United States District Judge  See U.S.A. v. Ronald Stern, CR-031220(A) (C.D. Cal).  In fashioning Stern's restitution order, however, Judge Freess did not set a payment schedule.

2. Upon committment to the federal institution in Jesup, Georgia, the BOP sought to remedy the lack of a payment schedule for Stern's restitution through the use of the Inmate Financial Responsibility Program ("IFRP").  Under the IFRP, the BOP is authorized to establish payment schedules for all forms of restitution.  See 28 C.F.R. § 545.11(a)(2).  However, application of section 545.11(a)(2) to orders of restitution issued under the MVRA is invalid, for under the MVRA only the courts have the power to determine the manner and schedule of restitution payments.

Jurisdiction and Venue

3.  Jurisdiction is proper under 28 U.S.C. § 1331.  Venue is appropriate in the District Court for the District of Columbia. See 28 C.F.R. § 1391(e).

Parties

4.  Plaintiff Ronald Stern's mailing address is Ronald Stern # 25241-053, Federal Satellite Low, 2680 Highway 301 South, Jesup, Georgia 31599.  Mr. Stern's telephone number is 912-427-.0870.

5.  Defendant Federal Bureau of Prisons mailing address is 320 First Street, N.W., Washington, D.C. 20534.

Exhaustion of Administrative Remedies

6.  Stern has exhausted all of his available administrative remedies using the BOP's administrative remedy program.

Count One

7.  Under 5 U.S.C. §§ 706(2)(A) & (C), this Court must hold unlawful and set aside agency action that is "otherwise not in accordance with law," or "in excess of statutory authority."

8.  Here, the BOP's use of the IFRP to set payment schedules for restitution under the MVRA is "otherwise not in accordance with law," or "in excess of statutory authority" because only the courts can set payment schedules for restitution.  United States v. Coates, 178 F.3d 681, 685 (3rd Cir. 1999) ("Although we recognize that federal regulations permit the Bureau of Prisons to make payment schedules for all monetary penalties, see 28 C.F.R. § 545.10, the plain language of the MVRA, vesting sole authority in the district courts, see 18 U.S.C. § 3664(f)(2) ('[T]he court shall ... specify ... the manner ...

2

and the schedule [of] restitution'), contradicts, and thus overrides the regulations"); United States v. Tarbox, 361 F.3d 664, 665 n.1 (1st Cir. 2004); United States v. Mortimer, 94 F.3d 89, 91 (2nd Cir. 1996); United States v. Miller, 77 F.3d 71, 78 (4th Cir. 1996); United States v. Albro, 32 F.3d 174 (5th Cir. 1994); United States v. Pandiello, 184 F.3d 682, 688 (7th Cir. 1999); United States v. McGlothlin, 249 F.3d 783, 785 (8th Cir. 2001); United States v. Gunning, 401 F.3d 1145, 1149-50 (9th Cir. 2005); United States v. Overholt, 307 F.3d 1231, 1254-56 (10th Cir. 2002); United States v. Prouty, 303 F.3d 1249, 1253-55 (11th Cir. 2002).

## Relief Requested

9. Stern respectfully requests (1) a declaratory judgment stating that the BOP lacks the authority to set payment schedules for orders of restitution issued under the MVRA; (2) permanent enjoinment of 28 C.F.R. § 545.11(a)(2) as applied to the BOP's authority to set restitution payment schedules for restitution issued under the MVRA; and (3) costs and such other relief as the Court may see fit.[1]


Respectfully submitted,

Ronald Stern # 25241-053
Federal Satellite Low
2680 Highway 301 South
Jesup, Georgia 31599

---

[1]    Neither Heck v. Humphrey, 512 U.S. 477 (1994) nor its progeny bar this action because (1) Stern does not seek monetary damages and (2) the requested relief, if granted, would not necessarily imply the invalidity of Stern's conviction or the duration of his sentence. Taylor v. U.S. Probation Office, 409 F.3d 426, 429-30 (D.C. Cir. 2005).

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                    Date                          *Signature of Server*

                                       _____
                                       *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

RECEIVED

2007 JUN -7 AM 12: 00

US ATTORNEY'S OFFICE
SPECIAL PROCEEDINGS

ATTACHMENT  B

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROBERT NORTH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 02-2164 (JDB)** |
| ) | **ECF** |
| **KATHLEEN HAWK SAWYER,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

Plaintiff has filed a motion for entry of an order of default pursuant to Fed. R. Civ. P.

55(e), on the ground that defendant has not responded to the complaint although her response

was due to be filed by January 5, 2003.  Plaintiff asserts that the papers submitted on his

application for a preliminary injunction, which defendant has opposed, satisfy the admonition of

Rule 55(e), that no default may be entered against the United States "unless the claimant

establishes a claim or right to relief by evidence satisfactory to the court."

Opposing the motion, defendant argues (1) that mail service of the summons and

complaint by plaintiff himself did not comply with Rule 4 because Rule 4(c)(2) requires service

to be made by a person not a party to the action; (2) the first summons and complaint mailed by

plaintiff himself was not effective because the summons did not bear the seal or signature of the

Clerk of this Court, *see* Fed. R. Civ. P. 4(a); (3) the summons and complaint issued by the Clerk

was not received by the "clerical employee designated by the United States attorney", *see* Fed.

R. Civ. P. 4(i)(l)(A),  until November 15, 2003.    Because proper service was not complete until

November 15, 2003, defendant argues, her motion to dismiss filed sixty days later, on January

14, 2003, was timely.

The reasons advanced by defendant in opposition to the motion, supported by

accompanying exhibits, are persuasive.

Accordingly, it is by the Court

**ORDERED** that plaintiff's motion for entry of default [Dkt. # 13] is **DENIED.**


_____/s/___John D. Bates_____
JOHN D. BATES
United States District Judge


Dated: <u>January 30, 2003</u>

Copies to:

Robert North
Reg. No. 21527-037
P.O. Box 420
Fairton, NJ 08320
   <u>Plaintiff *pro se*</u>


W. Mark Nebeker
Assistant United States Attorney
Room 10-439
555 4th Street, N.W.
Washington, D.C. 10530
   <u>Attorney for defendant</u>

2