UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD STERN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -v- ) | Civil Action No. 07-00609 RMU |
| ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ANSWER

Defendant, by its undersigned attorneys, hereby answers the complaint as follows:

### FIRST DEFENSE

This Court lacks subject matter jurisdiction over this case. Properly characterized, plaintiff's claim is either a challenge to the execution of his sentence, in which event jurisdiction is in the district where plaintiff is incarcerated (District of Maryland), 28 U.S.C. § 2241, or as a challenge to the validity of the sentence itself, in which event jurisdiction is in the district of the sentencing court (Central District of California).

### SECOND DEFENSE

In response to the numbered paragraphs of the petition, defendant admits, denies, or otherwise avers as follows:

Paragraph (¶) 1. The first sentence is plaintiff's characterization of his case, as to which no answer is required. The second sentence is admitted. The third sentence is admitted, except that it is noted that the amount of restitution ordered in the case was reduced by the amended judgment to $1,888,161.62. The fourth sentence is denied.

¶ 2. The first sentence is denied, except that it is admitted that plaintiff, as a federal

prisoner, was subject to the Bureau of Prisons' inmate financial responsibility program. As to the second sentence, it is admitted that the inmate financial responsibility program may include a component relating to the prisoner's restitution obligation under his/her criminal judgment. The third sentence is denied.

¶ 3. This paragraph contains legal conclusions as to which no answer is required; it is, however, noted that jurisdiction and venue for this action is not proper in this District.

¶ 4. The first sentence is admitted. The second sentence is denied.

¶ 5. It is admitted that defendant's headquarters is located at the address given in this paragraph.

¶ 6. It is denied that the exhaustion of administrative remedies would permit this Court to have jurisdiction over this case.

¶ 7. This paragraph consists of legal conclusions, as to which no answer is required.

¶ 8. The first sentence is denied. The remainder of this paragraph is plaintiff's citation and characterization of legal authority, as to which no answer is required.

¶ 9. This paragraph is plaintiff's prayer for relief, which does not require an answer, but insofar as an answer may be deemed required, it is denied that plaintiff is entitled to any relief.

Each and every allegation not heretofore expressly admitted or denied is denied.

WHEREFORE, defendant, having fully answered, respectfully prays that this action be dismissed with prejudice and that defendant be granted its costs.

                        Respectfully submitted,

                        JEFFREY A. TAYLOR, D.C. Bar #498610
                        United States Attorney

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney
/s/
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
202.514.7201

CERTIFICATE OF SERVICE

      I hereby certify that I caused a copy of the foregoing answer to be served by first-class mail, postage prepaid, this 3rd day of April, 2008, on:

>Mr. Ronald Stern
>Jessup Federal Correctional Institution
>Federal Satellite Low
>2680 Highway 301 South
>Jessup, Georgia 31599

>/s/
>Fred E. Haynes, D.C. Bar # 165654
>Assistant United States Attorney
>555 4th Street, N.W., Room E-4110
>Washington, D.C. 20530
>(202) 514-7201