UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

APR 0 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RONALD STERN,
    Plaintiff,
v.

FEDERAL BUREAU OF PRISONS.

)
)
)    No. 07-609 (RMU)
)
)

## PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT

In accordance with Fed.R.Civ.P. 56, the undersigned Plaintiff respectfully renews his request for summary judgment on Count One of Plaintiff's Original Complaint. Previously, the Court denied the Plaintiff's Motion for Summary Judgment without prejudice in order to allow the parties to "refine their arguments." Docket Entry ("DE") 27 at 2. Count One alleges that the Bureau of Prisons' ("BOP") use of the Inmate Financial Responsibility Program ("IFRP"), 28 C.F.R. § 545.11(a)(2), to set payment schedules for restitution under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A & 3664, is "not in accordance with law" within the meaning of the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A), because only the courts can set payment schedules for restitution under the MVRA.[1] DE 1 at ¶¶ 7-8. For relief, Plaintiff requests (1) a declaratory judgment stating that the BOP lacks the authority to set payment schedules for

---

[1] In light of the Court's determination that only legal issues remain unresolved in the case, Plaintiff declines to file a Statement of Material Facts to Which There Exists No Genuine Issue. See DE 8 at 5, 27 at 5, 7-8.

restitution under the MVRA, and (2) permanent enjoinment of the OFRP, 28 C.F.R. § 545.11(a)(2), as applied to the setting of payment schedules for restitution under the MVRA. Id. at ¶ 9.

                            Respectfully submitted,

                            */s/ Ronald Stern*
                            Ronald Stern
                            #25241-053
                            Federal Satellite Low
                            2650 Hwy 301 South
                            Jesup, GA  31599

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served this **4th** day of April, 2008, via first-class mail, postage prepaid, on the following:

Thomas S. Rees
Assistant U.S. Attorney
Special Proceedings Division
555 Fourth Street, N.W.
Rm. 10-911
Washington, DC 20530

                            */s/ Ronald Stern*
                            Ronald Stern

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD STERN,                            )
    Plaintiff,                       )
v.                                       )    No. 07-609 (RMU)
                                         )
FEDERAL BUREAU OF PRISONS.               )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT**

    For some 12 years, the Defendant, Federal Bureau of Prisons ("BOP") has used its Inmate Financial Responsibility Program ("IFRP"), 28 C.F.R. § 545.11(a)(2), to set payment schedules for the collection of restitution from inmates, like Plaintiff, who were ordered to pay restitution under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A & 3664. The use of the IFRP for this purpose, however, violates the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A), as only the courts may set payment schedules for restitution under the MVRA. See U.S. v. Braxtonbrown-Smith, 278 F.3d 1348, 1356 (D.C. Cir. 2002).

    In Braxtonbrown-Smith the D.C. Ciruit relying on U.S. v. Pandiello, 184 F.3d 682, 688 (7th Cir. 1999), a case BOP concedes held the MVRA trumps the IFRP, docket entry ("DE") 10 at 12-13, remanded a restitution payment schedule to the district court to ensure that "the phrase 'not less than $250 as directed by the probation office' does not give the Probation Office authority to modify the monthly amount of restitution that Braxtonbrown-Smith is required to make upon release from custody." Braxtonbrown-Smith, at 1356. Braxtonbrown-Smith was decided in the context of a direct

appeal in a criminal case and related to the setting of payment schedules by the probation office, not the BOP, but these are differences without distinction. The import of <u>Braxtonbrown-Smith</u> is clear--only the courts may set payment schedules for restitution under the MVRA.

To date, six courts of appeal have held that the MVRA trumps the provisions of the IFRP. <u>U.S. v. Corley</u>, 500 F.3d 210, 223-28 (3rd Cir. 2007); <u>U.S. v. Davis</u>, 306 F.3d 398, 426 (6th Cir. 2002); <u>U.S. v. Pandiello</u>, 184 F.3d 682, 688 (7th Cir. 1999); <u>U.S. v. McGlothlin</u>, 249 F.3d 783, 785 (8th Cir. 2001); <u>U.S. v. Gunning</u>, 401 F.3d 1145, 1149-50 (9th Cir. 2005); <u>U.S. v. Overholt</u>, 307 F.3d 1231, 1254-56 (10th Cir. 2002). The First and Eleventh Circuits have yet to decide a case involving the interaction between the MVRA and IFRP. Both of these circuits have, however, disapproved of the probation office setting restitution payment schedules. <u>U.S. v. Tarbox</u>, 361 F.3d 664, 665 n.1 (1st Cir. 2004); <u>U.S. v. Prouty</u>, 303 F.3d 1249, 1253-55 (11th Cir. 2002). The Second and Fourth circuits, like the First and Eleventh, have also yet to address the interaction between the MVRA and the IFRP. Nevertheless, both of these courts have held that the provisions of the MVRA's predecessor, the Victims Witness Protection Act ("VWPA"), trump the IFRP. <u>U.S. v. Mortimer</u>, 94 F.3d 89, 91 (2nd Cir. 1996); <u>U.S. v. Miller</u>, 77 F.3d 71, 78 (4th Cir. 1996).

The sum total of these decisions and <u>Braxtonbrown-Smith</u> lead to one conclusion--the BOP's use of the IFRP to set payment schedules for restitution under the MVRA is "not in

2

accordance with law." 5 U.S.C. § 706(2)(A). Accordingly, Plaintiff's Renewed Motion for Summary Judgment should be granted.

Respectfully submitted,

*Ronald Stern*

Ronald Stern
#25241-053
Federal Satellite Low
2650 Hwy 301 South
Jesup, GA   31599

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served this __4th__ day of April, 2008, via first-class mail, postage prepaid, on the following:

Thomas S. Rees
Assistant U.S. Attorney
Special Proceedings Division
555 Fourth Street, N.W.
Rm. 10-911
Washington, DC 20530

*Ronald Stern*

Ronald Stern

3