UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD STERN,                )
                             )
          Plaintiff,         )
                             )
-v-                          )    Civil Action No. 07-00609 RMU
                             )
FEDERAL BUREAU OF PRISONS,   )
                             )
          Defendant.         )
_____)

## MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, defendant, a component of the Department of Justice, moves for summary judgment. As grounds for this motion, defendant asserts that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. A memorandum of points and authorities, a statement of genuine issues of material fact not in dispute, and a proposed order granting the relief sought are attached hereto.

Plaintiff should take notice that any factual assertions contained in the attachments in support of defendant's motion will be accepted by the Court as true unless plaintiff submits his own declarations or other documentary evidence contradicting the assertions in the defendant's attachments. See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992), Local Civil Rule 7.1(h) and Fed. R. Civ. P. 56(e), which

provides as follows:

> Supporting and opposing affidavits shall be
> made on personal knowledge, shall set forth
> such facts as would be admissible in
> evidence, and shall show affirmatively that
> the affiant is competent to testify to the
> matters stated therein.  Sworn or certified
> copies of all papers or parts thereof
> referred to in an affidavit shall be attached
> thereto or served therewith.  The court may
> permit affidavits to be supplemented or
> opposed by depositions, answers to
> interrogatories, or further affidavits.  When
> a motion for summary judgment is made and
> supported as provided in this rule, an
> adverse party may not rest upon the mere
> allegations or denials of the adverse party's
> pleading, but the adverse party's response,
> by affidavits or as otherwise provided in
> this rule, must set forth specific facts
> showing that there is a genuine issue for
> trial.  If the adverse party does not so
> respond, summary judgment, if appropriate,
> shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney
         /s/
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
202.514.7201

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD STERN,                    )
                                 )
          Plaintiff,             )
                                 )
-v-                              )    Civil Action No. 07-00609 RMU
                                 )
FEDERAL BUREAU OF PRISONS,       )
                                 )
          Defendant.             )
_____)

DEFENDANT'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE

Defendant, through its undersigned counsel, respectfully submits, in accordance with LCvR 56.1, the following statement of material facts as to which there is no genuine issue to be tried:

1.  Plaintiff is currently a prisoner at a Bureau of Prisons (BOP) facility in Jesup, Georgia.  R. 1, the Complaint, ¶¶ 1 and 4.

2.  Jesup, Georgia, is in the Southern District of Georgia. Judicial notice.

3.  Plaintiff pled guilty to several federal charges and was sentenced on January 18, 2005, in the United States District Court for the Central District of California.  USA v. Ronald S. Sterns, 03cr1220-GAF-1.  Judicial Notice of Electronic Docket, docket entry 93.

4.  His sentence on January 18, 2005, included 84 months imprisonment, payment of a special assessment of $800, and payment of $2,139,806.12 in restitution.  Id.

5.   An amended judgment and commitment order was filed on January 31, 2005, which reduced the amount of restitution owed by defendant to $1,888,161.62.  Judicial Notice of Electronic Docket, docket entry 96.

6.   The amended judgment and commitment order stated the following:

> Restitution shall be due during the period of imprisonment, as directed by the Court or the United States Attorney, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.  If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least $100 shall be made during the period of supervised release.  These payments shall begin 30 days after the commencement of supervision.  Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

Judicial Notice of Electronic Docket, docket entry 96, page 4.

7.   Neither the District Court nor the United States Attorney have set a payment schedule for the restitution component of the sentence.  Judicial Notice of Electronic Docket and Complaint, R. 1.

8.   While in prison at the Jesup, Georgia, BOP facility, plaintiff has participated, until recently, in the Bureau of Prison's Inmate Financial Responsibility Program (IFRP).  See Exhibit 1 to defendant's memorandum in support of its motion for summary judgment.

9.  The Inmate Financial Contracts entered into by plaintiff included among plaintiff's financial obligations the amount of the restitution that he had been ordered to pay in the judgment and commitment ordered entered in <u>USA v. Ronald S. Sterns</u>, 03cr1220-GAF-1 (Central District of California).  Judicial Notice of Electronic Docket, docket entries 93 and 96.

10.  Recently, plaintiff has refused to participate in the program.  <u>See</u> Exhibit 2 to defendant's memorandum in support of its motion for summary judgment.

11.  The operation of BOP's IFRP is set forth in 28 C.F.R. §§ 545.10 545.11.  Judicial Notice.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney
              /s/
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
202.514.7201

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD STERN,                    )
                                 )
          Plaintiff,             )
                                 )
-v-                              )   Civil Action No. 07-00609 RMU
                                 )
FEDERAL BUREAU OF PRISONS,       )
                                 )
          Defendant.             )
_____)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, who is currently a federal prisoner, challenges the validity of the Bureau of Prison's ("BOP's") Inmate Financial Responsibility Program ("IFRP"). He asserts that the judgment and commitment order in his criminal case, although it included a restitution amount, did not contain a payment schedule for that restitution. Given this deficiency, plaintiff asserts that BOP's inclusion of a restitution amount in the financial plan that it developed with plaintiff, pursuant to the IFRP, violated the Mandatory Victim and Restitution Act ("MVRA"), since that act directs the District Court to develop the payment plan for the restitution that is ordered. Consequently, defendant asserts that the IFRP should be declared invalid under the Administrative Procedure Act as being contrary to law.

As we explain below, plaintiff's challenge is really one aimed at validity of his sentence, i.e., the fact that the District Court did not establish a payment schedule for the restitution part of the sentence. Consequently, the claim that

he is now asserting should have been raised in the direct appeal of his sentence or under 28 U.S.C. § 2255, which provides that actions challenging the legality of a criminal sentence must be brought in the judicial district of the sentencing court, here the Central District of California.  The existence of the direct appeal remedy and the remedy under 28 U.S.C. § 2255 precludes application of the APA to this case.

As an alternative argument, defendant asserts that the establishment of a financial plan for an inmate, where there has been no payment schedule established by the sentencing court and no delegation by the Court to the BOP to establish such a schedule, does not violate the law, even if one were to conclude, incorrectly, that BOP's action should be judged under the APA.

<u>History Of The Litigation In This Court</u>

This case has had a somewhat convoluted course, which has included motions for default judgment, a summary judgment motion by plaintiff, a motion to dismiss by defendant, which was followed by a motion to transfer the case to the Southern District of Georgia.  The Court denied the motion to dismiss, which had relied on 28 U.S.C. § 2241 (Habeas relief where the conditions of the prisoner's confinement are being challenged).  The Court appears to have concluded that a petition under 28 U.S.C. § 2241 could not be brought under the facts of this case, i.e., resolution of the petition would not have an effect on the

duration of a prisoner's confinement.  Defendant believes that this conclusion was in error.  Habeas relief extends beyond claims that affect the duration of confinement.  Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002).  The Court's latest decision, on March 20, 2008, directs the parties to fully brief plaintiff's challenge to the IFRP under the APA.

## Summary Of Argument

Relief is only available under the APA where there is no other adequate legal remedy available.  Here, the availability of relief under direct appeal of a sentencing decision and under the comprehensive scheme established by 28 U.S.C. §§ 2255 and 2241 precludes application of the APA to the case.  In any event, the failure of the district court in plaintiff's criminal sentence to set a payment schedule does not preclude BOP from developing a financial plan with plaintiff under the IFRP. The IFRP serves a penalogical function that is different from the Court's establishment of a payment schedule for restitution.  Since the financial plan does not conflict with the Court's sentence, there is no basis for concluding that the passage of the MVRA precludes BOP from establishing a financial plan that includes payment of a portion of the restitution ordered by the court.  And even if the APA applied in this case, the BOP's use of the IFRP in this case is not contrary to other law, e.g., the MVRA.  The legal error in this case was in the sentence, and plaintiff's remedy for this

error is through a direct appeal or under 28 U.S.C. § 2255, not an action under the APA.

Background

Plaintiff is currently a prisoner at a BOP facility in Jesup, Georgia.  R. 1, the Complaint, ¶¶ 1 and 4.  Jesup, Georgia, is in the Southern District of Georgia.  Judicial notice.  Plaintiff pled guilty to several federal charges and was sentenced on January 18, 2005, in the United States District Court for the Central District of California.  USA v. Ronald S. Sterns, 03cr1220-GAF-1.  Judicial Notice of Electronic Docket, docket entry 93.

Plaintiff's sentence on January 18, 2005, included 84 months imprisonment, payment of a special assessment of $800, and payment of $2,139,806.12 in restitution.  Id.  An amended judgment and commitment order was filed on January 31, 2005, which reduced the amount of restitution owed by defendant to $1,888,161.62.  Judicial Notice of Electronic Docket, docket entry 96. The amended judgment and commitment order stated the following:

> Restitution shall be due during the period of
> imprisonment, as directed by the Court or the
> United States Attorney, and pursuant to the
> Bureau of Prisons' Inmate Financial Respon-
> sibility Program.  If any amount of the res-
> titution remains unpaid after release from
> custody, nominal monthly payments of at least
> $100 shall be made during the period of
> supervised release.  These payments shall
> begin 30 days after the commencement of
> supervision.  Nominal restitution payments
> are ordered as the court finds that the
> defendant's economic circumstances do not

5

>           allow for either immediate or future payment
>           of the amount ordered.

Judicial Notice of Electronic Docket, docket entry 96, page 4.

    Neither the District Court nor the United States Attorney have set a payment schedule for the restitution component of the sentence. Judicial Notice of Electronic Docket and Complaint, R. 1. While in prison at the Jesup, Georgia, BOP facility, plaintiff has participated, until recently, in the Bureau of Prison's Inmate Financial Responsibility Program (IFRP). See Exhibit 1 to defendant's memorandum in support of its motion for summary judgment. The inmate financial plans entered into by plaintiff included among plaintiff's financial obligations the amount of the restitution that he has been ordered to pay in the judgment and commitment ordered entered in USA v. Ronald S. Sterns, 03cr1220-GAF-1 (Central District of California). Judicial Notice of Electronic Docket, docket entries 93 and 96. Recently, plaintiff has refused to participate in the program. See Exhibit 2 hereto.

    The operation of BOP's IFRP is set forth in 28 C.F.R. §§ 545.10 545.11. The Executive Branch, through the Bureau of Prison, has been given the authority to administer the federal prison system. 18 U.S.C. § 4001; 18 U.S.C. § 3621; and 18 U.S.C. § 4042; see also 5 U.S.C. § 301. Congress specifically committed inmates sentenced to a term of imprisonment to the custody of the Bureau. 18 U.S.C. § 3621(a) and (b). Thus, prison officials

have broad administrative and discretionary authority over the institutions they manage.  Hewitt v. Helms, 459 U.S. 460, 467 (1983), overturned on other grounds, Sandin v. Conner, 515 U.S. 472 (1995).  As a result, courts should be very careful in exercising their authority when asked to put aside the judgment of prison administrators, See Wolff v. McDonnell, 418 U.S. 539, 566 (1974). This Court has spoken on the validity of the IFRP:

> The Inmate Financial Responsibility Program, which encourages each federal inmate 'to satisfy his legitimate financial obligations' so as to demonstrate his 'acceptance of responsibility,' 28 C.F.R.  545.10, falls within the Bureau's authority to provide for, *inter alia,* the rehabilitation and reformation of federal inmates.

Prows v. U.S. Department of Justice, 704 F.Supp. 272, 275 (D.D.C. 1988).

The purpose of the IFRP is set forth at 28 C.F.R. § 545.10:

> The Bureau of Prisons encourages each sentenced inmate to meet his or her legitimate financial obligations. As part of the initial classification process, staff will assist the inmate in developing a financial plan for meeting those obligations, and at subsequent program reviews, staff shall consider the inmate's efforts to fulfill those obligations as indicative of that individual's acceptance and demonstrated level of responsibility. The provisions of this rule apply to all inmates in federal facilities, except: Study and observation cases, pretrial detainees, and inmates in holdover status pending designation.

A. <u>The APA Does Not Apply To This Case</u>

There exists in federal law a comprehensive scheme whereby a prisoner may obtain relief if he claims that there are errors in the sentence entered in his case or if he claims that the sentence is being executed in a manner that violates the law. After a prisoner's direct appeal is exhausted, a prisoner's challenge to the execution of the sentence in his case must proceed in the jurisdiction in the district where plaintiff is incarcerated (here, the Southern District of Georgia) under 28 U.S.C. § 2241 (the writ of habeas corpus); if the challenge is to the validity of the sentence itself, jurisdiction is in the district of the sentencing court (here, the Central District of California) under 28 U.S.C. § 2255. <u>See</u> <u>Matheny v. Morrison</u>, 307 F.3d at 711-12.

The existence of this comprehensive scheme precludes application of the Administrative Procedure Act ("APA") to decisions made in the course of sentencing a defendant or in the course of the execution of that defendant's sentence. Title 5 U.S.C. § 704, the section of the APA permitting judicial review of agency decisions, specifically provides that it is only applicable where "there is no other adequate remedy in a court." Given the remedies available in a direct appeal and under 28 U.S.C. §§ 2255 and 2241, there is no basis for this Court to proceed under the APA.

8

B. <u>Plaintiff Is In Fact Challenging His Sentence</u>

Plaintiff argues that the adoption of the MVRA renders the IFRP invalid to the extent that a "payment schedule" for restitution is a part of the financial plan developed under the IFRP. He argues that only the sentencing judge can set a payment schedule for restitution.  It is uncontested that no such schedule was developed by the judge in this case.  In fact, the substance of plaintiff's claim is that the district court failed to discharge its duty to set the payment schedule.  This can be seen from the cases cited in ¶ 8 of the Complaint:

– <u>United States v. Gunning</u>, 401 F.3d 1145 (9th Cir. 2005). Here, the district court delegated to BOP the responsibility for establishing a payment schedule during the defendant's incarceration.  The court found this was error:

> We do not doubt that the BOP, like the probation office, has expertise in the payment area. That has wisely induced it to create the IFRP procedure whereby the BOP will help [the] inmate develop a financial plan and will then monitor the inmate's progress in meeting the terms of that plan. 28 C.F.R.  545.11; *see also* 28 C.F.R. 545.10. Not surprisingly, restitution is one of the obligations with which the BOP concerns itself, and it is, indeed, a top priority. *See* 28 C.F.R.  545.11(a)(2). But there is no set schedule, and the district court simply does not have the authority to delegate its own scheduling duties-not to the probation office, not to the BOP, not to anyone else

401 F.3d at 1150.

9

- United States v. Tarbox, 361 F.3d 664, 665 n.1 (1st Cir. 2004).  In this case, the court had explicitly delegated to the probation office the creation of a payment schedule for defendant.  The court found that this was improper.

- United States v. Overholt, 307 F.3d 1231, 1255-56 (10th Cir. 2002.  In this case, the District Court had ordered the restitution paid in full immediately but that any amount not paid in full was to be paid while in custody through BOP's IFRP.  The 10th Circuit found that this language was an explicit delegation to BOP of the creation of the payment schedule and that this was error.

- United States v. Prouty, 303 F.3d 1249 (11th Cir. 2002). The district court had ordered the restitution to be paid immediately.  When the defendant objected that he did not have the means to pay the restitution immediately and asked the court to set a reasonable payment schedule, the court denied the request, stating "I will leave that to the discretion of the Probation Office or whoever does that."  303 F.3d at 1251.  Since setting a payment schedule is a core judicial function, the circuit court found that the district court could not delegate its responsibility to the Probation Office.  303 F.3d at 1255.

- United States v. Pandiello, 184 F.3d 682 (7th Cir. 1999). Here, the sentence provided that "[t]he restitution shall be paid in equal monthly installments during the period of incarceration

10

though the Inmate Financial Responsibily Program" and in installments of $200 per month during the period of supervised release.  184 F.3d at 688.  The circuit court found that this explicit delegation was improper and constituted plain error. (Our Court of Appeals has only addressed the issue of improper delegation of a sentencing function in a very brief statement in United States v. BraxtonBrown-Smith, 278 F.3d 1348, 1356 (D.C.Cir. 1002), where it followed the Pandiello decision.  As described below, much of Pandiello has been overruled by the Seventh Circuit's recent decision in United States v. Sawyer, ___ F.3d ___, 2008 WL 942653 (7th Cir. April 9, 2008).)

    – United States v. Coates, 178 F.3d 681 (3rd Cir. 1999).  In this case, the government had argued that the failure of the district court to set a payment schedule for the restitution was not fatal, because, in its view, the district court foresaw that payments would be made on the restitution during plaintiff's imprisonment under the IFRP or, alternatively, that the district court was sub silentio delegating to the Probation Office the establishment of a payment schedule.  These arguments were rejected, given the plain statutory language in the MVRA that the district court judge had the duty of establishing the payment schedule.

    – United States v. Mortimer, 94 F.3d 89 (2d Cir. 1996). Here, the district court on remand (after it had been directed by

11

the circuit court to "devise a reasonable payment schedule") entered an order that directed the defendant to participate in BOP's IFRP and to make restitution "in accordance with the policies of that program." 94 F.3d at 90. This was found to be an improper delegation of the district court's responsibility to establish the payment schedule.

– United States v. Miller, 77 F.3d 71 (4th Cir. 1996). The circuit court found that the district court had improperly delegated to BOP and the Probation Office the amount and timing of defendant's payments toward his fine and restitution.

– United States v. Albro, 32 F.3d 173 (5th Cir. 1994). The sentence in this case directed the defendant to make installment payments pursuant to "a payment schedule as determined by the U.S. Probation Office." This was found to be error.

The above cases were all deciding direct appeals of the sentences imposed by the district courts. And all focused on the non-delegable duty of the district court to establish a payment schedule for the restitution ordered in the case. In the present case, the district court ordered:

> Restitution shall be due during the period of imprisonment, as directed by the Court or the United States Attorney, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

In fact, neither the district court nor the United States Attorney established a payment schedule, and the delegation to

the United States Attorney of responsibility for creation of the
payment schedule was a violation of the court's responsibility
for creating the schedule.  Plaintiff did not, however, challenge
on direct appeal the failure of the district court to set the
payment schedule or the impropriety of delegating to the United
States Attorney the duty to set the payment schedule (he dismis-
sed his appeal prior to its resolution on the merits, as
reflected in the docket of his criminal case).  Given this
failure, the only possible mechanism for challenging this error
is 28 U.S.C. § 2255.

In light of the availability of a direct appeal and review
under 28 U.S.C. § 2255, to permit this case to proceed under the
APA would be contrary to the duty that a court has to properly
characterize a prisoner's post-conviction pleadings.  This duty
is critical to the application of the gatekeeping rules that
apply to successive motions under 28 U.S.C. § 2255.  The Supreme
Court has emphasized the responsibility of lower courts to
properly characterize the pro se complaints of prisoners, given
the gatekeeping rules.  Calderon v. Thompson, 523 U.S. 538, 553
(1998).  Also, given the gatekeeping rules, it is incumbent on a
district court to advise a prisoner of the proper classification
of the case he has filed, so as to permit the prisoner to, for
example, withdraw the case or to contest the recharacterization
of it.  Castro v. United States,540 U.S. 375, 381-82 (2003).

13

C. <u>Creation Of A Payment Plan Under The IFRP Was Not Error</u>

Where the criminal judgment does not delegate to BOP the determination of the timing and amount of restitution payments, then payments made by the prisoner pursuant to a financial plan established under the IFRP are not being made pursuant to a delegation from the sentencing court; BOP is acting independently and in accordance with its own regulations. Where the action by BOP does not conflict with the sentence, it is not an usurpation of a judicial function; rather, it is the legitimate use of a program designed to promote a penalogical goal, the rehabili-tation of the prisoner.

Courts confronting cases with no express delegations of authority to the BOP to establish a payment schedule have upheld restitution payments through the IFRP. <u>See</u> <u>McGhee</u>, <u>supra</u> (where court elected not to establish a repayment schedule, court found that the BOP's use of the IFRP did not conflict with sentencing court's immediate payment order); and <u>Matheny v. Morrison</u>, <u>supra</u>, (upholding the BOP's discretion to place inmate in the IFRP program where sentencing court ordered immediate payment).

The lack of conflict between the IFRP and the sentencing authority of a federal court was emphasized by the Seventh Circuit in its recent decision in <u>United States v. Sawyer</u>, <u>supra</u>, where the Court concluded that a sentence that provided that restitution payments "may be paid from prison earnings in

compliance with the Inmate Financial Responsibility Program" was not an improper delegation to BOP by the District Court of a sentencing function, partially abrogating <u>United States v. Pandiello</u>, <u>supra</u>.  The Seventh Circuit emphasized BOP's authority to set the terms under which inmates are held, including how much of the money earned by inmates must be paid to creditors.  It stated that "[c]ourts are not authorized to override the Bureau's discretion about such matters, any more than a judge could dictate particulars about a prisoner's meal schedule or recreation (all constitutional problems to the side)."  ___ F.3d at ___, 2008 WL 942653).

The Seventh Circuit's recent decision demonstrates that there is no facial conflict between the IFRP and a federal district court's sentencing authority.  There is, therefore, no basis for finding that BOP's authority under the IFRP is contrary to the sentencing authority that a court has under the MVRA.  Even if the APA applied to this case, which it does not, this alone would preclude a finding that the IFRP should be struck down as being contrary to the terms of the MVRA.[1]

---

[1] The Seventh Circuit does note in <u>Sawyer</u> that a prisoner unhappy with the specifics of the Warden's decision as to the payment plan under the IFRP can, after exhausting his administrative remedies, obtain review of that final decision under the APA.  This a far cry from plaintiff's argument that it is entitled to review under the APA of the question whether a payment plan under the IFRP violates the sentencing provisions of the MVRA.  The avenue for review of such an alleged deficiency in the sentence is by direct appeal or under 28 U.S.C. § 2255, not the APA.

In this case, the sentencing court did not delegate to BOP the function of establishing a payment schedule; BOP acted independently and in accordance with its own regulations.  And BOP's action does not conflict with the sentence.  This case is, therefore, distinguishable from the cases relied on by plaintiff in the complaint.  Courts confronting cases with no express delegations of authority have upheld restitution payments through the IFRP.  It follows that even if the APA applied to this case, the use of the IFRP is not contrary to law and so cannot be struck down on that basis.

<u>Conclusion</u>

For the foregoing reasons, defendant's motion for summary judgment should be granted.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney
              /s/
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
202.514.7201

16

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD STERN,                    )
                                 )
          Plaintiff,             )
                                 )
-v-                              )    Civil Action No. 07-00609 RMU
                                 )
FEDERAL BUREAU OF PRISONS,       )
                                 )
          Defendant.             )
_____)

<u>ORDER</u>

UPON CONSIDERATION of the motion for summary judgment filed by defendant and the response thereto, it is this _____ day of _____, 2008,

ORDERED that defendant's motion for summary judgment is hereby granted; and it is further

ORDERED that this case is dismissed without prejudice from the docket of this Court.  This is a final, appealable order.

UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing

Motion For Summary Judgment to be served by first-class mail,

postage prepaid, this 25th day of April, 2008, on:

              Mr. Ronald Stern
              Jesup Federal Correctional
              Institution
              Federal Satellite Low
              2680 Highway 301 South
              Jesup, Georgia 31599

                        /s/
              Fred E. Haynes, D.C. Bar # 165654
              Assistant United States Attorney
              555 4th Street, N.W., Room E-4110
              Washington, D.C. 20530
              (202) 514-7201

INMATE FINANCIAL CONTRACT          PAGE NO: 001

REGISTER NUMBER: 25241-053
INMATE NAME....: STERN, RONALD
FACILITY.......: JESUP FCI

A STAFF MEMBER HAS PROVIDED ME WITH INFORMATION REGARDING THE POTENTIAL
CONSEQUENCES OF A REFUSAL ON MY PART TO PARTICIPATE IN THE INMATE FINANCIAL
RESPONSIBILITY PROGRAM.

I AGREE TO SUBMIT PAYMENTS TOWARD SATISFACTION OF THE FINANCIAL OBLIGATION(S)
INDICATED ON THIS FORM IN ACCORDANCE WITH THE PAYMENT PLAN OUTLINED BELOW.  I
AGREE TO FOLLOW THIS PAYMENT PLAN UNTIL THE FINANCIAL OBLIGATION(S) IS
SATISFIED.

I FURTHER UNDERSTAND THAT THE PAYMENT CONTRACT WILL AUTOMATICALLY STOP AND NO
FUNDS WILL BE WITHDRAWN FROM MY ACCOUNT IN THE EVENT THAT I AM PERMANENTLY
RELEASED FROM MY PRESENT INSTITUTION OF CONFINEMENT.  IN THE EVENT THAT I AM
RELEASED PURSUANT TO A WRIT (INCLUDING A REQUEST FOR TEMPORARY CUSTODY
PURSUANT TO THE INTERSTATE AGREEMENT ON DETAINERS) THE CONTRACT WILL NOT
TERMINATE UNLESS I NOTIFY UNIT STAFF THAT UPON COMPLETION OF ANY
PAYROLL/DEDUCTION CYCLES IN PROGRESS AT THE TIME I LEAVE THE INSTITUTION I
WISH THE CONTRACT TO TERMINATE.

PAYMENT METHOD...:  AMT/PCT: _135⁰⁰_    FREQ: _Monthly_  ORIGIN: _IF_

START CYCLE......:  _07|2006_

INMATE DECISION..:  _Agreed_

OBLIGATION NUMBER:  _1  2_ __ __ __ __ __ __ __ __ __ __ __

                    __ __ __ __ __ __ __ __ __ __ __ __


INMATE SIGNATURE.......:  _____        DT SIGNED: _6|26|06_

STAFF WITNESS SIGNATURE:  _____        DT SIGNED: _6|26|06_


**EXHIBIT**

**1**

```
                                            PAGE NO: 002  OF 002
            INMATE FINANCIAL CONTRACT

REGISTER NUMBER: 25241-053
INMATE NAME....: STERN, RONALD
FACILITY.......: JESUP FCI

- - - - - - - - - - - FINANCIAL OBLIGATIONS OWED - - - - - - - - - - - -
OBLG    OBLIGATION TYPE                       BALANCE    PAYABLE    COJ
    1 ASSESSMENT USDC                          750.00    IMMEDIATE  FCAC
    2 RESTITUTION NON-FED VICTIM USDC      1888161.62    IMMEDIATE  FCAC
```

PAGE NO: 001

INMATE FINANCIAL PLAN

REGISTER NUMBER: 25241-053
INMATE NAME....: STERN, RONALD
FACILITY.......: JESUP FCI

A STAFF MEMBER HAS PROVIDED ME WITH INFORMATION REGARDING THE POTENTIAL
CONSEQUENCES OF A REFUSAL ON MY PART TO PARTICIPATE IN THE INMATE FINANCIAL
RESPONSIBILITY PROGRAM.

I AGREE TO SUBMIT PAYMENTS TOWARD SATISFACTION OF THE FINANCIAL OBLIGATION(S)
INDICATED ON THIS FORM IN ACCORDANCE WITH THE PAYMENT PLAN OUTLINED BELOW. I
AGREE TO FOLLOW THIS PAYMENT PLAN UNTIL THE FINANCIAL OBLIGATION(S) IS
SATISFIED.

I FURTHER UNDERSTAND THAT THE PAYMENT PLAN WILL AUTOMATICALLY STOP AND NO
FUNDS WILL BE WITHDRAWN FROM MY ACCOUNT IN THE EVENT THAT I AM PERMANENTLY
RELEASED FROM MY PRESENT INSTITUTION OF CONFINEMENT. IN THE EVENT THAT I AM
RELEASED PURSUANT TO A WRIT (INCLUDING A REQUEST FOR TEMPORARY CUSTODY
PURSUANT TO THE INTERSTATE AGREEMENT ON DETAINERS) THE PLAN WILL NOT TERMINATE
UNLESS I NOTIFY UNIT STAFF THAT UPON COMPLETION OF ANY PAYROLL/DEDUCTION
CYCLES IN PROGRESS AT THE TIME I LEAVE THE INSTITUTION I WISH THE PLAN TO
TERMINATE.

PAYMENT METHOD...: AMT/PCT: _50⁰⁰_____    FREQ: _Monthly_    ORIGIN: _TF_____

START CYCLE......: _01/2007_____

INMATE DECISION..: _Agreed_____

OBLIGATION NUMBER: _1_ _2_ __ __ __ __ __ __ __ __ __ __

__ __ __ __ __ __ __ __ __ __ __

INMATE SIGNATURE.......: _Ronald Stern_____    DT SIGNED: _11/16/06_

STAFF WITNESS SIGNATURE: _J Green_____    DT SIGNED: _11/16/06_

PAGE NO: 002  OF 002

INMATE FINANCIAL PLAN

REGISTER NUMBER: 25241-053
INMATE NAME....: STERN, RONALD
FACILITY.......: JESUP FCI

- - - - - - - - - - - - FINANCIAL OBLIGATIONS OWED - - - - - - - - - - - -
OBLG    OBLIGATION TYPE                        BALANCE    PAYABLE    COJ
  1 ASSESSMENT USDC                             511.78    IMMEDIATE    FCAC
  2 RESTITUTION NON-FED VICTIM USDC         1888161.62    IMMEDIATE    FCAC

## Inmate Inquiry



| | | | |
|---|---|---|---|
| Inmate Reg #: | 25243053 | Current Institution: | Camp Fed |
| Inmate Name: | STERN, RONALD | Housing Unit: | RES-A-B |
| Report Date: | 3/26/2008 | Living Quarters: | 303-417L |
| Report Time: | 1:13:27 PM | | |

General Information | Account Balances | Commissary History | Commissary Restrictions | Comments

## General Information

| | |
|---|---|
| Administrative Hold Indicator: | No |
| No Power of Attorney: | No |
| Never Waive NSF Fee: | No |
| Max Allowed Deduction %: | 100 |
| PIN: | |
| FAC #: | |
| FRP Participation Status: | Refused |
| Arrived From: | |
| Transferred To: | |
| Account Creation Date: | 4/6/2004 |
| Local Account Activation Date: | 3/26/2005 3:26:16 AM |
| Sort Codes: | |
| Last Account Update: | 3/18/2008 8:32:37 PM |
| Account Status: | Active |
| Phone Balance: | $48.26 |

### FRP Plan Information

| FRP Plan Type | Expected Amount | Expected Rate |
|---|---|---|

*Recommendation*

*Inm is scheduled to make 63⁰⁰/mo payments. Inm Refused plan, continue in FRPP Refuse status.*

## Account Balances

| | |
|---|---|
| Account Balance: | $141.00 |
| Pre-Release Balance: | $0.00 |
| Debt Encumbrance: | $0.00 |
| SPO Encumbrance: | $41.00 |
| Other Encumbrances: | $0.00 |
| Outstanding Negotiable Instruments: | $0.00 |
| Administrative Hold Balance: | $0.00 |
| Available Balance: | $100.00 |
| National 6 Months Deposits: | $950.00 |
| National 6 Months Withdrawals: | $809.64 |
| National 6 Months Avg Daily Balance: | $64.90 |
| Local Max. Balance - Prev. 30 Days: | $195.00 |
| Average Balance - Prev. 30 Days: | $73.38 |

```
  950
 -450 allowance
  500
 -122  last 6 mo. paymts.
6) 378
   36        ($63)
   18
   18
    0
```

EXHIBIT

2