UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
MAY 1 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RONALD STERN,            )

v.                       )    07-609 (RMU)

FEDERAL BUREAU OF PRISONS.  )

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In spite of two orders dismissing the Bureau of Prisons' (BOP) arguments regarding the proper characterization of the Plaintiff's Complaint, the Court's standing order regarding the relitigation of issues, and BOP's recent admission that it "acted independently [of Plaintiff's sentencing judge] and in accordance with its own regulations," Docket Entry (DE) 35 at 21, in setting a payment schedule for Plaintiff's restitution under the Inmate Financial Responsibility Program (IFRP), BOP again argues that Plaintiff's challenge to the IFRP under the Administrative Procedures Act (APA) is not proper. According to the BOP, Plaintiff's challenge more appropriately lies in a direct appeal in a criminal case, motion under 28 U.S.C. § 2255, or petition for habeas corpus under 28 U.S.C. § 2241. But as this Court has already decided, this is not the case.

The IFRP is a condition of the Plaintiff's confinement. Challenges to conditions of confinement do not lie in habeas corpus, nor may they be resolved via a direct appeal in criminal case, or by way of a motion under § 2255. <u>Glaus v. Anderson</u>, 408 F.3d 382, 387 (7th Cir. 2005) (habeas corpus relief is unavailable in challenges to conditions of confinement); <u>Lee v.</u>

Winston, 717 F.2d 888, 893 (4th Cir. 1993) (same); Crawford v. Bell, 599 F.2d 890, 891-92 (9th Cir. 1979) (same); United States v. Sisneros, 599 F.2d 946, 947 (10th Cir. 1979) (same). Thus, Plaintiff's use of the APA to challenge the interaction between the IFRP and the Mandatory Victims Restitution Act (MVRA) as being contrary to law is not improper.

Turning to the substantive issue in the case, the IFRP is contrary to the express terms of the MVRA. Under the MVRA, the manner and schedule according to which restitution is to be paid lies exclusively with the courts. Accordingly, BOP's use of the IFRP to set payment schedules for restitution under the MVRA should be declared invalid.

### Plaintiff's Claim Is Proper Under The APA

In an effort to show that adequate remedies exist beyond the APA, BOP argues that Plaintiff's challenge to the IFRP may be brought via habeas corpus, citing Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002). DE 35 at 13. In addition, BOP argues that Plaintiff is actually challenging the validity of his sentence. Id. at 14-18.

Contrary to the BOP's arguments, Plaintiff's challenge to the IFRP does not lie in habeas corpus. The IFRP is a condition of the Plaintiff's confinement. Challenges to conditions of confinement may not be brought in habeas corpus. Glaus, 408 F.3d at 387; Lee; Crawford; Sisneros. Instead, habeas corpus is reserved for challenges affecting the fact or duration of confinement. Id. Plaintiff recognizes the D.C. Circuit's decision in Taylor v. U.S. Probation Office which held that habeas corpus may lie in conditions of confinement cases

involving allegations that a prisoner is "unlawfully confined in the wrong institution," or "is being unlawfully detained by the Executive." Taylor, 409 F.3d 426, 430 (D.C. Cir. 2005). The Plaintiff's allegations concerning the IFRP are not of this type, though. Thus, the instant case is not an appropriate vehicle for exploring whether habeas corpus may be used to challenge a prisoner's conditions of confinement.

Similarly, Plaintiff may not use a direct appeal in a criminal case or § 2255 motion to challenge the IFRP. These vehicles are reserved exclusively for challenges to a prisoner's sentence. The Plaintiff in this case is not challenging his sentence.[1]

BOP points to Plaintiff's citation of numerous cases in his Complaint as evidence that he is challenging his sentence. DE 35 at 14. The citation of these cases, however, relates only to whether the IFRP conflicts with the MVRA. To resolve such a challenge, a review of the scope and requirements of the MVRA is necessary. The cases cited by Plaintiff provide that analysis, nothing more.

---

[1] Even if Plaintiff were challenging the validity of his sentence, which he is not, relief remains unavailable through a direct appeal in criminal case, motion under § 2255, or petition under § 2241. First, Plaintiff voluntarily dismissed his criminal appeal. Second, restitution related challenges are not cognizable under § 2255 as a matter of law. Smullen v. U.S., 94 F.3d 20, 26 (1st Cir. 1996); U.S. v. Hatten, 167 F.3d 884, 887 (5th Cir. 1999); Dohrman v. U.S., 442 F.3d 1279, 1280-81 (11th Cir. 2006). Finally, § 2241 can provide no relief for Plaintiff because he cannot show exceptional circumstances for his failure to challenge the restitution component of his sentence on direct appeal. Dohrman, 442 F.3d at 1280-81. All of this irrelevant, though, as Plaintiff does not raise a challenge to the validity of his sentence.

BOP also argues that Plaintiff cannot challenge the IFRP as being violative of the sentencing provisions of the MVRA. DE 35 at 20 n.1. However, in assessing a claim under the APA to a regulation alleged to be contrary to law, courts are required to examine whether the challenged rule is contrary to any law, not just laws administered by the agency. Nextwave Personal Communcations, Inc. v. F.C.C., 254 F.3d 130, 149 (D.C. Cir. 2001), aff'd, 537 U.S. 293 (2003). Accordingly, the Court should reject the BOP's attempts to recast the Plaintiff's Complaint as not arising under the APA.

### The IFRP Conflicts With The MVRA

Turning to the substantive issue in the case, BOP argues that there is no facial conflict between the IFRP and the MVRA citing Judge Easterbrook's recent decision in U.S. v. Sawyer, 2008 WL 942656 (7th Cir. 2008). In Sawyer, Judge Easterbrook was critical of the various courts of appeal that have characterized a sentencing judge's failure to set a restitution payment schedule as an impermissible "delegation" of judicial power, whether the "delegation" may be to the BOP or probation office. Id. According to Judge Easterbrook, the BOP's authority to operate the IFRP is not affected by the terms of the MVRA. Id. Indeed, Judge Easterbrook went as far as to declare that the MVRA does not require a "schedule of payments to be made during incarceration" at all. Id.

Whether a sentencing judge's failure to set a payment schedule is properly regarded as a "delegation" of anything is not at issue in this case. What is at issue is whether the MVRA's requirement that the court "shall ... specify in the

4

restitution order the manner in which, and the schedule according to which, the restitution is to be paid," 18 U.S.C. § 3664(f)(2), conflicts with the BOP's authority to set payment schedules under the IFRP. In this regard, Plaintiff respectfully submits that Sawyer was wrongly decided.

The BOP's authority to set payment schedules is not co-extensive with the MVRA. Rather, the setting of restitution payment schedules under the MVRA is an exclusive judicial function. See U.S. v. Braxtonbrown-Smith, 278 F.3d 1348, 1356 (D.C. Cir. 2002); U.S. v. Tarbox, 361 F.3d 664, 665 n.1 (1st Cir. 2004); U.S. v. Kinlock, 174 F.3d 297 (2nd Cir. 1999); U.S. v. Corley, 500 F.3d 210, 223-28 (3rd Cir. 2007); U.S. v. Davis, 306 F.3d 398, 426 (6th Cir. 2002); U.S. v. McGlothlin, 249 F.3d 783, 785 (8th Cir. 2001); U.S. v. Gunning, 401 F.3d 1145, 1149-50 (9th Cir. 2005); U.S. v. Overholt, 307 F.3d 1231, 1254-56 (10th Cir. 2002); U.S. v. Prouty, 303 F.3d 1249, 1253-55 (11th Cir. 2002). The Court should accordingly decline to follow Sawyer and hold that the MVRA's specific provisions trump the BOP's general authority to administer the IFRP.

Respectfully submitted,

*Ronald Stern*

Ronald Stern
Plaintiff pro se
#25241-053
Federal Satellite Low
2650 Hwy 301 South
Jesup, GA  31599

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served this __12__ day of May, 2007, via first-class mail, postage prepaid, on the following:

Fred E. Haynes
Assistant U.S. Attorney
555 4th Street, N.W.
Room E-4110
Washington, DC 20530


Signed: _____Ronald Stern_____

       Ronald Stern

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD STERN,                )

v.                           )         07-609 (RMU)

FEDERAL BUREAU OF PRISONS.   )

### PLAINTIFF'S STATEMENT OF MATERIAL FACTS TO WHICH THERE EXISTS A GENUINE ISSUE

In accordance with Local Civil Rule 56.1, the undersigned Plaintiff offers the following Statement of Material Facts to Which There Exists a Genuine Issue in response to the Defendant's Statement of Material Facts to Which There Exists No Genuine Issue.

1. Plaintiff admits paragraphs 1-7 and 9. However, Plaintiff disputes Defendant's characterization of these paragraphs as being "material" to the outcome of this case.

2. Plaintiff admits in part and denies in part paragraph eight. Exhibit 2 does not reflect the Plaintiff's refusal to participate in the IFRP.

3. Plaintiff denies paragraph ten in its entirety.

Respectfully submitted,

Ronald Stern
Plaintiff pro se
2650 Hwy 301 South
Federal Satellite Low
Jesup, GA  31599

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served this <u>12</u> day of May, 2007, via first-class mail, postage prepaid, on the following:

Fred E. Haynes
Assistant U.S. Attorney
555 4th Street, N.W.
Room E-4110
Washington, DC 20530

Signed: *Ronald Stern*

Ronald Stern