UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD STERN,                         )
                                      )
              Plaintiff,              )
                                      )
-v-                                   )        Civil Action No. 07-00609 RMU
                                      )
FEDERAL BUREAU OF PRISONS,            )
                                      )
              Defendant.              )
_____)

MOTION FOR LEAVE TO FILE DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S
REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

       Pursuant to Federal Rule of Civil Procedure 6(b)(2), defendant hereby moves for leave to

file its opposition to plaintiff's motion for summary judgment and its reply in support of its

motion for summary judgment.  As explained below, undersigned counsel (Fred E. Haynes) has

made several errors in his handling of this case since it was assigned to him in early April 2008.

These errors have not had an adverse impact on plaintiff, and they therefore qualify for treatment

under the excusable neglect provision of Rule 6(b)(2).  The errors committed by undersigned

counsel are the following;

       1.  Shortly after undersigned counsel was assigned this case in late March or early April

2008, plaintiff filed a renewed motion for summary judgment.  Undersigned counsel then filed a

motion for extension of time to respond to that motion, in compliance with the Court's four-

business day rule.  On the extended date, defendant filed a cross-motion for summary judgment.

The memorandum in support of that motion did not state that it was also filed in opposition to

plaintiff's motion for summary judgment.

       2.  The Court issued an order on April 28, 2008, noting defendant's failure to respond to

plaintiff's motion for summary judgmet and directing that defendant cure this error by a very simple procedure. This order, inexplicably, was not responded to by undersigned counsel.

3. Plaintiff filed a memorandum in opposition to defendant's motion for summary judgment. The response to that motion was due five-business days after service plus three additional days for service. Undersigned counsel inadvertently docketed the opposition as being due in eleven plus three days, the time for a response to a motion, not for a reply.

As explained below, these errors qualify as excusable neglect under Fed. R. Civ. P. 6(b)(2).

<u>Background</u>

This case has had a somewhat convoluted history. It was filed on March 16, 2007. The Criminal Division of the U.S. Attorney's Office initially handled the case. Various motions were filed.. On March 20, 2008, the Court denied the government's motion to dismiss. The case was then transferred to the Civil Division from the Criminal Division, and undersigned counsel entered his appearance on April 2, 2008. Based on the denial of the motion to dismiss, undersigned counsel filed defendant's answer on April 3, 2008. (In fact, defendant had never been served with the complaint; service was subsequently made; and the time for defendant to respond to the complaint was set for July 24, 2008. Docket entry no. 28.) Plaintiff filed a renewed motion for summary judgment on April 7, 2008. Defendant filed a motion, in compliance with the Court's four-business day rule, on April 11, 2008, to extend the time for defendant to reply to that motion to April 25, 2008. This motion was granted, and on April 25, 2008, defendant filed a motion for summary judgment. That motion did not include an opposition to plaintiff's renewed motion for summary judgment.

2

The reason for this error appears to have been the fact that when the undersigned counsel received the  extension of time to April 25, he docketed it as due that date as "R Stern Sum Judg due," overlooking the fact that an opposition to plaintiff's renewed  motion for summary judgment was also due that date.  Given the brevity of the renewed motion – the supporting memorandum was only two pages long, and it lacked a statement of facts as to which there was no genuine issue – the response to the renewed motion required only a brief reference in the memorandum in support of defendant's cross-motion for summary judgment.  Undersigned counsel's confusion on this matter may have been in part the result of family matters that had required his absence from the office for much of March.

On the afternoon and night of February 25, two of undersigned counsel's family members were critically and seriously injured in two separate accidents in the District of Columbia.  The critically injured family member was not released from the hospital until March 20, and matters involving both injured family members required undersigned counsel's absence from the office much of March.  These matters have continued to absorb undersigned counsel's time in April and continuing to the present time.  These absences, given undersigned counsel's substantial caseload, may have contributed to the errors made by undersigned counsel in this case.

On April 28, 2008, the Court issued a minute order noting defendant's failure to respond to plaintiff's renewed  motion for summary judgment and directing that this error be corrected by a very simple process.  Undersigned counsel received this order but inexplicably did not respond to it.  Undersigned counsel can only assume that somehow his attention was diverted when he

3

opened the email minute order and that he neglected to return to it.[1]

Plaintiff filed an opposition to plaintiff's motion for summary judgment on May 14. Undersigned counsel inadvertently docketed the time for the response to be today (May 27), the time for a response to a motion, rather than May 22, the time for a response to an opposition.

<u>Defendant's Counsel's Errors Qualify As Excusable Neglect</u>

The question of whether attorney error may constitute "excusable neglect" is within the discretion of the district court. <u>In re: Vitamins Antitrust Class</u>, 327 F.3rd 1207 (D.C. Cir. 2003) (upholding district court decision that counsel's neglect in failing to timely opt out of the class settlement was excusable). The Supreme Court addressed the meaning of "excusable neglect" in <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380 (1993). The Court set forth factors to consider when determining what kind of neglect will be considered excusable. These include: (1) the danger of prejudice to the party opposing modification, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. <u>Id.</u> At 395.

This Circuit has refused to adopt "a per se rule that garden variety attorney inattention can never constitute excusable neglect." <u>In re: Vitamins Antitrust Class</u>, 327 F.3d at 1210 (recognizing that "some of our sister circuits have suggested that certain types of attorney neglect can

---

[1] Undersigned counsel's confusion about plaintiff's renewed motion for summary judgment continued through April. In late April, the Criminal Division sent undersigned counsel the renewed motion that had been mailed to the Criminal Division attorney. Looking at this document failed to remind undersigned counsel that this was the renewed motion that he should have responded to on April 25. Indeed, given the motion's brevity and its lack of a statement of material facts not in genuine dispute, undersigned counsel concluded that it did not merit a response, in light of defendant's motion for summary judgment. This was an error in judgment.

never constitute excusable neglect" and declining to adopt such a per se rule).  "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect'...is a somewhat 'elastic concept' and is not limited to omissions caused by circumstances beyond the control of the movant." <u>Pioneer Inv. Servs. Co.</u>, 507 U.S. at 1496.  Discussing the <u>Pioneer</u> factors, the Court of Appeals in <u>In re Vitimans Antitrust Class</u>, upheld the district court's decision that counsel's neglect in failing to timely opt out of the class settlement was excusable.  The district court found that defendant would not be substantially prejudiced by plaintiff's untimely opt-out; that the length of the delay was short and would not impact judicial proceedings; and that there was no indication that the plaintiff had acted in bad faith.  The court also found that the reason for the delay was within plaintiff's reasonable control but that the other factors outweighed the impact of this finding.

In <u>Yesudian v. Howard Univ.</u>, 270 F.3d 969 (D.C. Cir. 2001), the Court of Appeals affirmed the district court's enlargement of time for a litigant to make a filing notwithstanding the lack of any explanation respecting "excusable neglect" or a motion specifically requesting such relief.  In <u>Yesudian</u>, the one week delay was caused by mistaken reliance on local rather than federal rules.  The Court of Appeals noted that there was a lack of any prejudice to plaintiff, that the delay was brief and as for the error, "[f]oolish as this may have been, there is no suggestion of bad faith." <u>Yesudian</u>, 270 F.3d 971.[2]

Here, there has been no prejudice to plaintiff by the delay in filing defendant's very brief memorandum in opposition to plaintiff's renewed motion for summary judgment (which is

---

[2]  In addition, the district court noted the general preference for resolving cases on the merits.  <u>Yesudian</u>, 270 F. 3d 971.

attached hereto as Exhibit 1 and consists of two sentences).  Additionally, the two-business day

delay in filing defendant's reply to plaintiff's opposition to defendant's motion for summary

judgment cannot have prejudiced plaintiff.  The reply is attached hereto as Exhibit 2; it

withdraws an argument that defendant made in its motion for summary judgment.  The two-day

delay may have been the result of error, but it was not made in bad faith.

For the reasons set forth above, attached is a proposed order directing the Clerk to file

defendant's opposition to plaintiff's renewed motion for summary judgment, Exhibit 1 hereto, and

to file defendant's reply to plaintiff's opposition to defendant's motion for summary judgment,

Exhibit 2 hereto.  Undersigned counsel regrets the errors that have led to this motion.

<div style="margin-left: 3em;">

Respectfully submitted,

JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney
                    /s/
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
202.514.7201

</div>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD STERN,                          )
                                       )
                    Plaintiff,         )
                                       )
-v-                                    )        Civil Action No. 07-00609 RMU
                                       )
FEDERAL BUREAU OF PRISONS,             )
                                       )
                    Defendant.         )
_____)

## ORDER

UPON CONSIDERATION of the motion by the defendant for leave to file defendant's opposition to plaintiff's renewed motion for summary judgment and defendant's reply in support of its motion for summary judgment, and the entire record in this case, it is this _____ day of _____, 2008,

ORDERED that the Clerk is directed to file defendant's opposition to plaintiff's renewed motion for summary judgment (Exhibit 1 to defendant's motion) and defendant's reply in support of its motion for summary judgment (Exhibit 2 to defendant's motion).

UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing motion for leave to file defendant's opposition to plaintiff's motion for summary judgment and defendant's reply in support of its motion for summary judgment to be served by first-class mail, postage prepaid, this 27th day of May, 2008, on:

> Mr. Ronald Stern
> Jessup Federal Correctional
> Institution
> Federal Satellite Low
> 2680 Highway 301 South
> Jessup, Georgia 31599

> /s/
> Fred E. Haynes, D.C. Bar # 165654
> Assistant United States Attorney
> 555 4th Street, N.W., Room E-4110
> Washington, D.C. 20530
> (202) 514-7201

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
RONALD STERN,                  )
                               )
          Plaintiff,           )
                               )
-v-                            )   Civil Action No. 07-00609 RMU
                               )
FEDERAL BUREAU OF PRISONS,     )
                               )
          Defendant.           )
_____)
```

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
RENEWED MOTION FOR SUMMARY JUDGMENT

Plaintiff has filed a brief, renewed motion for summary judgment. Defendant opposes that motion, for the reasons set forth in defendant's memorandum in support of its motion for summary judgment, docket entry number 35.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney
                    /s/
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
202.514.7201

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD STERN,                    )
                                 )
          Plaintiff,             )
                                 )
-v-                              )    Civil Action No. 07-00609 RMU
                                 )
FEDERAL BUREAU OF PRISONS,       )
                                 )
          Defendant.             )
_____)

REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, who is currently a federal prisoner, challenges the validity of the Bureau of Prison's ("BOP's") Inmate Financial Responsibility Program ("IFRP").  He asserts that the judgment and commitment order in his criminal case, although it included a restitution amount, did not contain a payment schedule for that restitution.  Given this deficiency, plaintiff asserts that BOP's inclusion of a restitution amount in the financial plan that it developed with plaintiff, pursuant to the IFRP, violated the Mandatory Victim Restitution Act ("MVRA"), since that Act directs the District Court to develop the payment plan for the restitution that is ordered.  Consequently, defendant asserts that the IFRP should be declared invalid under the Administrative Procedure Act ("APA") as being contrary to law.

As defendant explained in its motion for summary judgment, plaintiff's challenge is really one aimed at the validity of his sentence, i.e., the fact that the District Court did not establish a payment schedule for the restitution part of the sentence.

Consequently, the claim that he is now asserting should have been raised in the direct appeal of his sentence or under 28 U.S.C. § 2255, which provides that actions challenging the legality of a criminal sentence must be brought in the judicial district of the sentencing court, here the Central District of California.

As an alternative argument, defendant asserted in its motion for summary judgment that the establishment of a financial plan for an inmate, where there has been no payment schedule established by the sentencing court and no delegation by that court to BOP to establish such a schedule, does not violate the law, even if one were to conclude that BOP's action should be judged under the APA.

Defendant also argued in its motion for summary judgment (a) that relief is only available under the APA when there is no other adequate legal remedy available and (b) that here the availability of relief under direct appeal of a sentencing decision and under the comprehensive scheme established by 28 U.S.C. §§ 2255 and 2241 precludes application of the APA to the case. Upon review of plaintiff's opposition and further review of the case law, defendant withdraws this argument. The exact parameters of the relief that is available under 28 U.S.C. § 2241 is currently unclear. Plaintiff argues that relief under that statute is not available when a prisoner is simply challenging conditions of his confinement. At least one Court of Appeals has

2

permitted a challenge to conditions of confinement under § 2241. Matheny v. Morrison, 307 F.3d 709 (8th Cir. 2002). Our own Court of Appeals does not appear to have gone so far. See, e.g., Taylor v. United States Probation Office, 409 F.3d 426, 430 (D.C. Cir. 2005), and Brown v. Plaut, 131 F.3d 163, 167-68 (D.C. Cir. 1997). And the Supreme Court has not definitively resolved how far § 2241 may go in addressing conditions of confinement. See Glaus v. Anderson, 408 F.3d 382 (7th Cir. 2005) and its discussion of the Supreme Court precedent.

Having withdrawn the above argument, the extent of the APA's application to issues regarding imprisonment must be addressed. Section 3625 of Title 18, United States Code, states that the APA does not apply to the making of "any determination, decision, or order" under Subchapter C (Imprisonment) of Chapter 229 (Post-sentence Administration) of Title 18. It does not appear, however, that a lawsuit challenging the IFRP as being contrary to the APA is precluded by § 3625. Subchapter C delineates the areas where the use of the APA is precluded, and the delineated areas do not include the challenge made in this lawsuit. Conse-quently, it is necessary to look at the APA's application to the IFRP. (It should be noted that defendant continues to maintain that this action is an impermissible attempt by plaintiff to obtain review of his sentence outside of a direct appeal and outside of 28 U.S.C. § 2555.)

As explained in more detail in defendant's memorandum in support of its motion for summary judgment, the failure of the district court in plaintiff's criminal sentence to establish a payment schedule does not preclude BOP from developing a financial plan with plaintiff under the IFRP. The IFRP serves a penalogical function that is different from the Court's establishment of a payment schedule for restitution.  Since the financial plan does not conflict with the Court's sentence or the rules relating to sentencing – no payment schedule was created, there was no delegation to the BOP of the responsibility for creating a payment schedule, the delegation in the criminal judgment for creating the payment schedule was to the Court or the United States Attorney (the latter delegation being improper), and it is undisputed that neither the Court nor the United States Attorney created a payment schedule – there is no basis for concluding that the passage of the MVRA precludes BOP from establishing a financial plan that includes payment of a portion of the restitution ordered by the Court.  The BOP's use of the IFRP in this case is not contrary to other law, e.g., the MVRA.  The legal error in this case was in the sentence, and plaintiff's remedy for this error was through a direct appeal or an action under 28 U.S.C. § 2255, not an action under the APA.

The lack of conflict between the IFRP and the sentencing authority of a federal court was emphasized by the Seventh

4

Circuit in its recent decision in <u>United States v. Sawyer</u>, 521 F.3d 792 (7th Cir. 2008), where the Court concluded that a sentence that provided that restitution payments "may be paid from prison earnings in compliance with the Inmate Financial Responsibility Program" was not an improper delegation to BOP by the District Court of a sentencing function, partially abrogating <u>United States v. Pandiello</u>, 184 F.3d 682 (7th Cir. 1999). <u>See</u> the memorandum in support of defendant's motion for summary judgment at pages 14-16. The Seventh Circuit's recent decision demonstrates that there is no facial conflict between the IFRP and a federal district court's sentencing authority. There is, therefore, no basis for finding that BOP's authority under the IFRP is contrary to the sentencing authority that a court has under the MVRA.

<div align="center">Conclusion</div>

For the foregoing reasons, defendant's motion for summary judgment should be granted.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney
          /s/
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
202.514.7201