UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
JUN 1 2 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RONALD STERN                    )
                                )
    Plaintiff,                  )
                                )
v.                              )   No. 07-609 (RMU)
                                )
FEDERAL BUREAU OF PRISONS,      )
                                )
    Defendant.                  )

### PLAINTIFF'S SECOND RENEWED MOTION FOR SUMMARY JUDGMENT

In accordance with Fed.R.Civ.P. 56, the undersigned Plaintiff respectfully renews his request for summary judgment on Count One of Plaintiff's Original Complaint. Previously, the Court denied the Plaintiff's Motion for Summary Judgment without prejudice in order to allow the parties to "refine their arguments." Docket Entry ("DE") 27 at 2. On May 28, 2008, the Court struck the Plaintiff's Renewed Motion for Summary Judgment based on Plaintiff's failure to include a Statement of Material Facts to Which There Exist No Genuine Issue. Plaintiff corrects this error with the submission of the instant motion.

Count One alleges that the Bureau of Prisons' ("BOP") use of the Inmate Financial Responsibility Program ("IFRP"), 28 C.F.R. § 545.11(a)(2), to set payment schedules for restitution under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A & 3664, is "not in accordance with law" within the meaning of the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A), because only the courts can set payment schedules for restitution under the MVRA. DE 1 at ¶¶ 7-8. For relief, Plaintiff requests (1) a declaratory judgment stating that the

BOP lacks the authority to set payment schedules for restitution under the MVRA, and (2) permanent enjoinment of the IFRP as applied to the setting of payment schedules for restitution under the MVRA.  Id. at ¶ 9.

Respectfully submitted,

*Ronald Stern* (signature)

Ronald Stern #25241-053
Federal Satellite Low
2650 Hwy 301 South
Jesup, GA   31599

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served this __9th__ day of June, 2008, via first-class mail, postage prepaid, on the following:

Fred Elmore Haynes
Assistant U.S. Attorney
555 Fourth Street, N.W.
Room E-4110
Washington, DC 20530

*Ronald Stern* (signature)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD STERN,                        )
    Plaintiff,                     )
v.                                   )    No. 07-609 (RMU)
FEDERAL BUREAU OF PRISONS,           )
    Defendant.                     )

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S SECOND RENEWED MOTION FOR SUMMARY JUDGMENT

For some 12 years, the Defendant, Federal Bureau of Prisons ("BOP"), has used its Inmate Financial Responsibility Program ("IFRP"), 28 C.F.R. § 545.11(a)(2), to set payment schedules for the collection of restitution from inmates, like Plaintiff, who were ordered to pay restitution under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A & 3664. The use of the IFRP for this purpose, however, violates the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A), as only the courts may set payment schedules for restitution under the MVRA. See U.S. v. Braxtonbrown-Smith, 278 F.3d 1348, 1356 (D.C. Cir. 2002).

In Braxtonbrown-Smith the D.C. Circuit remanded a restitution payment schedule to the district court to ensure that "the phrase 'not less than $250 as directed by the probation office' does not give the Probation Office authority to modify the monthly amount of restitution that Braxtonbrown-Smith is required to make upon release from custody." Braxtonbrown-Smith, at 1356. Braxtonbrown-Smith was decided in

the context of a direct appeal in a criminal case and related to the setting of payment schedules by the probation office, not the BOP, but these are differences without distinction. The import of Braxtonbrown-Smith is clear--only the courts may set payment schedules for restitution under the MVRA.

To date, five courts of appeal have held that the MVRA trumps the provisions of the IFRP. U.S. v. Corley, 500 F.3d 210, 223-28 (3rd Cir. 2007); U.S. v. Davis, 306 F.3d 398, 426 (6th Cir. 2002); U.S. v. McGlothlin, 249 F.3d 783, 785 (8th Cir. 2001); U.S. v. Gunning, 401 F.3d 1145, 1149-50 (9th Cir. 2005); U.S. v. Overholt, 307 F.3d 1231, 1254-56 (10th Cir. 2002). The First and Eleventh Circuits have yet to decide a case involving the interaction between the MVRA and the IFRP. Both of these circuits have, however, disapproved of the probation office setting restitution payment schedules. U.S. v. Tarbox, 361 F.3d 664, 665 n.1 (1st Cir. 2004); U.S. v. Prouty, 303 F.3d 1249, 1253-55 (11th Cir. 2002). The Second and Fourth circuits, like the First and Eleventh, have also yet to address the interaction between the MVRA and the IFRP. Nevertheless, both of these courts have held that the provisions of the MVRA's predecessor, the Victims Witness Protection Act, trump the IFRP. U.S. v. Mortimer, 94 F.3d 89, 91 (2nd Cir. 1996); U.S. v. Miller, 77 F.3d 71, 78 (4th Cir. 1996). Only the Seventh Circuit has held that the provisions of the MVRA do not trump the IFRP. U.S. v. Sawyer, 521 F.3d 792 (7th Cir. 2008).

Consistent with Braxtonbrown-Smith and the decisions of the First, Second, Third, Fourth, Sixth, Eighth, Ninth, Tenth, and Eleventh circuits, this Court should hold that the BOP's use of

2

the IFRP to set payment schedules for restitution under the MVRA is "not in accordance with law," nothwitstanding the Seventh Circuit's <u>Sawyer</u> opinion.  To be sure, the Seventh Circuit's analysis usurps the plain reading of the relevant statute, the MVRA.  In fact, <u>Sawyer</u> gives very little consideration to the requirement of 18 U.S.C. § 3664(f)(2) that "<u>the court</u> shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." (emphasis added).  The Circuit then goes on to cite a federal regulation (the C.F.R.) and a Bureau of Prisons Program Statement for the finding that "Whether inmates make any money during their captivity, and, if they do, how much must be paid to creditors, are subjects well within the authority of the Executive Branch." <u>Sawyer</u>, 521 F.3d at 794, and proceeds to make the leap in legal logic that this means the Bureau can set a restitution schedule of payments.  The Seventh Circuit simply bypassed the familiar canon of statutory construction that where a "statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" <u>United States v. Ron Pair Enterprises, Inc.</u>, 489 U.S. 235, 241 (1989)(cite omitted).  And, "We have stated time and time again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." <u>Conn. Nat'l Bank v. Germain</u>, 503 U.S. 249, 253-54 (1992).  In this case the statute mandates that "the court" shall set the restitution schedule.  Thus, still another canon of construction applies, i.e., <u>expressio unius est exclusio alterius</u>, meaning

3

"to express or include one thing implies the exclusion of the other." Black's Law Dictionary, Seventh Edition, p. 602. By limiting the setting of the restitution schedule to "the court," necessarily excludes all other.

Further, there is another problem with the Seventh Circuit's opinion in Sawyer -- the cases cited by the Court of Appeals in support of its holding do not, in fact, provide such support. For example, the Seventh Circuit cited United States v. Gomez, 24 F.3d 924 (7th Cir. 1994) for the proposition that the "Bureau may apply prisoner's income to satisfy his debts[.]" Sawyer, 521 F.3d at 795. In Gomez the district court "fined each defendant $3,000 to be paid from prison earnings." Id., at 927 (emphasis added). Thus, the court specified that the fine would be paid in prison. In addition, there is no indication in Gomez whether or not the court set a payment schedule and the present question of whether Bureau of Prisons has authority to set a schedule of payments was never before the court. Therefore, Gomez is inapposite and merely stands for the proposition that the Bureau can tap prisoner accounts for the payment of a fine under the facts of that case.

The Seventh Circuit also cited United States v. Dawkins, 202 F.3d 711 (4th Cir. 2000) and United States v. Miller, 406 F.3d 323 (5th Cir. 2005), for the proposition "that a judgment of conviction need not contain a schedule of restitution payments to be made during incarceration." Sawyer, 521 F.3d at 795. Indeed, in Dawkins the district court "instructed that if Dawkins were unable to pay the full restitution amount

4

immediately, he could pay $200 per month beginning 60 days after his release." Id., at 716. And in Miller, the district court ordered Miller to "make monthly payments of at least $500 beginning sixty days after his release." Id., at 328 n. 1. If by citing these cases the Seventh Circuit means to imply that since a court is not required to set a restitution schedule for payment while an inmate is incarcerated, then that translates into authority of the Bureau of Prisons to set such a schedule, then that is an implication that neither the text nor the holdings of either Dawkins or Miller can support.

In conclusion, for the reasons stated above and others this Honorable Court may find, the Plaintiff respectfully submits that Sawyer was wrongfully decided to the extent it would find that the Bureau of Prisons has the extra-judicial authority to set a restitution schedule of payments under the MVRA.

Respectfully submitted,

*Ronald Stern* (signature)

Ronald Stern
Plaintiff pro se
#25241-053
Federal Satellite Low
2650 Hwy 301 South
Jesup, GA  31599

**CERTIFICATE OF SERVICE**

    I, Ronald Stern, do hereby certify that a true and correct copy of the foregoing was duly served on the Bureau of Prisons by placing said copy in the U.S. Mail, proper first class postage affixed, addressed to Fred E. Haynes, Assistant U.S. Attorney, 555 Fourth Street, N.W., Room E-4110, Washington, D.C. w0534, this 9th day of June, 2008.

Signed: *Ronald Stern*

    Ronald Stern

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD STERN,                )
    Plaintiff,            )
v.                           )      No. 07-609 (RMU)
FEDERAL BUREAU OF PRISONS,   )
    Defendant.            )

### PLAINTIFF'S STATEMENT OF MATERIAL FACTS TO WHICH THERE EXIST NO GENUINE ISSUE

In accordance with Local Civil Rule 7(h), Plaintiff respectfully submits the following Statement of Material Facts to Which There Exist No Genuine Issue.

1. In light of the Court's determination that only legal issues remain unresolved in the case, Plaintiff respectfully submits that there are no genuine issues of material fact. Docket Entry 8 at 5, 27 at 7-8.

Respectfully submitted,

Ronald Stern

Ronald Stern
Plaintiff pro se
#25241-053
Federal Satellite Low
2650 Hwy 301 South
Jesup, GA  31599

## CERTIFICATE OF SERVICE

I, Ronald Stern, do hereby certify that a true and correct copy of the foregoing was duly served on the Bureau of Prisons by placing said copy in the U.S. Mail, proper first class postage affixed, addressed to Fred E. Haynes, Assistant U.S. Attorney, 555 Fourth Street, N.W., Room E-4110, Washington, D.C. w0534, this 9th day of June, 2008.

Signed: *Ronald Stern*

Ronald Stern

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RONALD STERN, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-609 (RMU) |
| FEDERAL BUREAU OF PRISONS, | ) | |
| Defendant. | ) | |

## ORDER

Presently before the Court is the Plaintiff's Second Renewed Motion for Summary Judgment. After consideration of the matter, the Plaintiff's motion will be GRANTED.

Accordingly, it is ORDERED and DECLARED that the BOP's use of the Inmate Financial Responsibility Program (IFRP), 28 C.F.R. § 545.11(a)(2), to set payment schedules for the collection of restitution under the Mandatory Victims Restitution Act (MVRA) is invalid. The MVRA's provisions authorizing only the courts to set payment schedules for restitution trump the BOP's general authority to administer the IFRP.

Signed this _____ day of _____, 2008.

_____
UNITED STATES DISTRICT JUDGE