```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

RONALD STERN,                      )
                                   )
          Plaintiff,               )
                                   )
-v-                                )   Civil Action No. 07-00609 RMU
                                   )
FEDERAL BUREAU OF PRISONS,         )
                                   )
          Defendant.               )
_____)
```

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
SECOND RENEWED MOTION FOR SUMMARY JUDGMENT
AND RESPONSE TO PLAINTIFF'S STATEMENT OF
<u>MATERIAL FACTS NOT IN GENUINE DISPUTE</u>

Plaintiff has filed a renewed motion for summary judgment and has attached to it a one-paragraph statement of material facts as to which he asserts that there is no genuine issue. The one paragraph statement simply repeats plaintiff's contention that only legal issues remain to be resolved by the Court. Defendant objects to this statement, since a critical issue in this case is a factual one: what did the criminal judgment say about the calculation of a payment schedule while plaintiff was in prison. The answer to this question is found in paragraph six of defendant's statement of material facts not in genuine dispute. The amended judgment and commitment order states the following:

> Restitution shall be due during the period of
> imprisonment, as directed by the Court or the
> United States Attorney, and pursuant to the
> Bureau of Prisons' Inmate Financial Respon-
> sibility Program. If any amount of the res-
> titution remains unpaid after release from
> custody, nominal monthly payments of at least

> $100 shall be made during the period of supervised release.  These payments shall begin 30 days after the commencement of supervision.  Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

Judicial Notice of Electronic Docket in <u>USA v. Ronald S. Sterns</u>, 03cr1220-GAF-1, docket entry 96, page 4.

A second fact of importance to the resolution of this case is found at paragraph 7 of defendant's statement of material facts not in genuine dispute:

> Neither the District Court nor the United States Attorney have set a payment schedule for the restitution component of the sentence.

Judicial Notice of Electronic Docket in <u>USA v. Ronald S. Sterns</u>, 03cr1220-GAF-1 and Complaint, R. 1.

Since the above facts were not disputed by plaintiff, the Court may consider them established for the purposes of the summary judgment motions.  Two observations can be made from these facts: first, had the District Court set the amount to be paid from plaintiff's prison earnings, no issue of improper delegation would have arisen; second, had the United States Attorney set the payment schedule, then an issue would have arisen of the propriety of a delegation by the Court to that officer of a sentencing function.  Since neither the Court nor the United States Attorney set a payment schedule, the question

becomes whether, in the absence of such a schedule and in the absence of a court order barring payment of restitution during imprisonment, does the Bureau of Prisons' Inmate Financial Responsibility Program, which includes restitution debt among a prisoner's financial obligations, constitute an impermissible delegation of a court function to the BOP?

Before addressing this issue, it is important to note that the cases relied on by plaintiff in his renewed summary judgment motion all involve, with one exception, explicit delegation in the judgment and commitment order to someone other than the district court to set the payment schedule for restitution.[1] All of the cases also involved direct appeals of sentences. Plaintiff here did not pursue an appeal challenging the District Court's sentence in his case. He is, therefore, barred by the principles of res judicata and collateral estoppel from making such a challenge via the vehicle of this lawsuit. Since he is so barred, he lacks standing to pursue this action on behalf of third parties.

---

[1] These cases are, with two exceptions, discussed in defendant's memorandum in support of its motion for summary judgment, docket entry 35, at pages 9-13. The exceptions are United States v. Gorley, 500 F.3d 210 (3d Cir. 2007) and United States v. Davis, 306 F.3d 398 (6th Cir. 2002). Both cases, however, involved challenges on direct appeal by the criminal defendants of their sentences. The Davis case does not appear to have involved an explicit delegation to BOP of the setting of a payment schedule, but the case stands for the proposition that it is error for a district court to fail to set a payment schedule.

In any event, plaintiff's sentence does not raise the issue of an improper delegation to BOP of a sentencing function. As explained above, the District Court may have improperly delegated the setting of a payment schedule to the United States Attorney, but it is uncontroverted that the United States Attorney did not exercise this delegated authority. The question, therefore, becomes whether the BOP's Inmate Financial Responsibility Program, in the abstract and absent a delegation by the sentencing court to BOP of responsibility for setting a payment schedule, is somehow improper. For the reasons set forth in defendant's memorandum in support of its motion for summary judgment, at pages at 14-16, this question should be answered in the negative.

For the foregoing reasons, plaintiff's renewed motion for summary judgment should be denied. A draft order reflecting this relief is attached hereto.

                              Respectfully submitted,

                              JEFFREY A. TAYLOR, D.C. Bar #498610
                              United States Attorney

                              RUDOLPH CONTRERAS, DC Bar #434122
                              Assistant United States Attorney
                                    /s/
                              FRED E. HAYNES, DC Bar #165654
                              Assistant United States Attorney
                              555 4th Street, N.W., Room E-4110
                              Washington, D.C. 20530
                              202.514.7201

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

RONALD STERN,                 )
                              )
        Plaintiff,            )
                              )
-v-                           )   Civil Action No. 07-00609 RMU
                              )
FEDERAL BUREAU OF PRISONS,    )
                              )
        Defendant.            )
_____)
```

<u>ORDER</u>

UPON CONSIDERATION of the renewed motion for summary judgment filed by plaintiff and the response thereto, and the motion for summary judgment filed by defendant, it is this \_\_\_\_\_ day of _____, 2008,

ORDERED that plaintiff's renewed motion for summary judgment is hereby denied; and it is further

ORDERED that defendant's motion for summary judgment is granted; and it is

ORDERED that this case is dismissed without prejudice from the docket of this Court. This is a final, appealable order.

                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing opposition to plaintiff's renewed motion for summary judgment and response to plaintiff's statement of material facts as to which there is no genuine issue to be served by first-class mail, postage prepaid, this 23rd day of June, 2008, on:

        Mr. Ronald Stern
        Jesup Federal Correctional
        Institution
        Federal Satellite Low
        2680 Highway 301 South
        Jesup, Georgia 31599

                        /s/
                Fred E. Haynes, D.C. Bar # 165654
                Assistant United States Attorney
                555 4th Street, N.W., Room E-4110
                Washington, D.C. 20530
                (202) 514-7201