RECEIVED
JUL 1 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RONALD STERN, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-609 (RMU) |
| FEDERAL BUREAU OF PRISONS, | ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF PLAINTIFF'S**
**SECOND RENEWED MOTION FOR SUMMARY JUDGMENT**

The Bureau of Prisons' (BOP) Opposition to the Plaintiff's Second Renewed Motion for Summary Judgment (BOP Opp'n) need not detain the Court or the Plaintiff long. The issue presented by the instant case is a narrow one: whether the BOP's Inmate Financial Responsibility Program (IFRP) conflicts with the Mandatory Victims Restitution Act's (MVRA) requirement that "the court" set all restitution payment schedules. 18 U.S.C. § 3664(f)(2). Resolution of that claim is not fact dependent. It does not hinge on a so-called "delegation" of the power to set payment schedules, express or otherwise.[1] Either the BOP's IFRP conflicts with the MVRA or it does not, plain and simple.

BOP's attempt to distinguish the authority relied upon by

---

[1] BOP's ability to set restitution payment schedules is not like a light switch. BOP cannot "turn on" the authority to set payment schedules in some situations, only to "turn off" the authority when a judge expressly delegates to the BOP the setting of a payment schedule. The MVRA's requirement that "the court" set all restitution payment schedules applies broadly in not just some instances, but all instances.

Plaintiff in his Second Renewed Motion for Summary Judgment is unavailing. The cases cited by Plaintiff stand for the broad proposition that the setting of restitution payment schedules under the MVRA is an exclusive judicial function. The fact that these cases were decided in the context of a direct appeal in a criminal case is immaterial. The question posed by this case is fundamentally a legal one and requires examination of the scope and requirements of the MVRA. The cases cited by Plaintiff provide that analysis.

BOP's argument that Plaintiff is challenging the validity of his sentence has been addressed <u>ad nauseam</u> by Plaintiff in prior filings and merits no further discussion.

Wherefore, premises considered, Plaintiff's Second Renewed Motion for Summary Judgment should be granted.[2]

Respectfully submitted,

*Ronald Stern*

Ronald Stern
Plaintiff <u>pro se</u>
# 25241-053
Federal Satellite Low
2650 Hwy 301 South
Jesup, GA  31599

---

[2] Plaintiff would like to thank fellow prisoners Brandon Sample and James Murphy for all of their hard work and assistance in bringing and litigating this action. It is only through their help, that Plaintiff has been able to maintain this action.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served this 10th day of July, 2008, via first-class mail, postage prepaid, on the following:

Fred E. Haynes
Assistant U.S. Attorney
555 Fourth Street, N.W.
Room E-4110
Washington, DC 20530

*Ronald Stern*