**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| RONALD STERN, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 07-0609 (RMU) |
| | : | | |
| v. | : | Document Nos.: | 35, 40 |
| | : | | |
| FEDERAL BUREAU OF PRISONS, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

**DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING THE DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT; TRANSFERRING THE ACTION TO THE SOUTHERN
DISTRICT OF GEORGIA**

**I. INTRODUCTION**

The *pro se* plaintiff Ronald Stern is challenging the authority of the defendant, the Federal Bureau of Prisons ("the Bureau"), to use the Inmate Financial Responsibility Program ("IFRP"), 28 C.F.R. § 545.11, to regulate inmates' restitution payment schedules. The plaintiff and the Bureau filed cross-motions for summary judgment. In its motion for summary judgment, the Bureau argues that the plaintiff's claim is not properly brought under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, which only allows claims to be brought if there is no other adequate remedy in court. Because the plaintiff can bring his claim via a petition for habeas corpus under 28 U.S.C. § 2241, the plaintiff cannot also bring a claim under the APA. Therefore, the court construes the plaintiff's claim as a petition for a writ of habeas corpus, and as such, the court transfers the action to the Southern District of Georgia, the district in which the plaintiff is incarcerated.

## II.  FACTUAL & PROCEDURAL BACKGROUND

On January 21, 2005, Judge Gary A. Feess of the United States District Court for the Central District of California sentenced the plaintiff to 84 months in prison and ordered him to pay in excess of $2 million in restitution, which was later reduced to $1,888,161.62.  Def.'s Mot. for Summ. J. ("Def.'s Mot.") at 5.  Once the plaintiff was incarcerated at the facility in Jesup, Georgia, the Bureau enrolled the plaintiff in the IFRP and created a restitution payment schedule. *Id.* at 6.  The plaintiff then refused to participate in the IFRP and filed a complaint in this court on March 16, 2007, challenging the Bureau's ability to use the IFRP in setting payment schedules for restitution ordered pursuant to the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A.  Compl. ¶ 8.

On August 3, 2007, the Bureau filed a motion to transfer the case to the Southern District of Georgia because the plaintiff's claim should be construed as a petition for a writ of habeas corpus.  Def.'s Mot. to Transfer.  The court denied the Bureau's motion, reasoning that the plaintiff's claim does not affect the fact or length of his confinement and therefore is not proper under habeas corpus.  Mem. Op. (Oct. 15, 2007) at 1 (citing *Dominguez v. Bureau of Prisons*, 2006 WL 1445041, at *3 (D.D.C. May 25, 2006)).  The Bureau then filed a motion for reconsideration of the order denying transfer, arguing that the plaintiff was forum shopping because he had an identical claim pending in the Southern District of Georgia.  Def.'s Mot. for Recons. at 7-9.  The court denied the motion on March 20, 2008, explaining that the duplicative complaints were due to a processing error in the clerk's office in D.C., and that in any event, the plaintiff voluntarily dismissed the action in Georgia.  Mem. Op. (Mar. 20, 2008) at 4-5.  The parties subsequently filed cross-motions for summary judgment, which have been fully briefed. The court now turns to the pending motions.

## III.  ANALYSIS

**A.  The Plaintiff's Claim May Be Brought Through a Habeas Corpus Petition**

In its motion for summary judgment, the Bureau for the first time asserts that the plaintiff cannot bring his claim under the APA because the APA only authorizes claims if there is no other adequate legal remedy available.  Def.'s Mot. at 8.  The Bureau avers that there are other remedies available to the plaintiff, namely, a direct appeal to his sentence or a petition for a writ of habeas corpus under 28 U.S.C. §§ 2255 or 2241.  *Id.*  The plaintiff answers, contending that a direct appeal of his sentence and a petition for a writ of habeas corpus are not available because he is not challenging the validity of his sentence.  Pl.'s Opp'n at 3.  He further asserts that a habeas action is also not proper because he is challenging a condition of his confinement.  *Id.* at 2-3.

The Bureau correctly notes that the APA does not allow a claim unless "there is no other adequate remedy in a court."  5 U.S.C. § 704.  Therefore, the issue before the court is whether a federal prisoner may properly challenge a condition of confinement through habeas corpus, thereby precluding relief under the APA.  On this question, the Bureau has argued in the most recent round of briefing that the plaintiff's challenge to the IFRP is in fact a challenge to the validity of his sentence under 28 U.S.C. § 2255.  Def.'s Mot. at 9; Def.'s Opp'n at 2-4.  The court disagrees with this characterization, instead agreeing with the plaintiff's assertion, as supported by the complaint, that he is challenging the conditions of his confinement.  Compl. ¶ 1 ("challenging the Bureau of Prisons' [] authority to establish payment schedules for orders of restitution"); Pl.'s Opp'n at 1-3.

The Supreme Court addressed what claims are properly brought under 28 U.S.C. § 2241 in *Preiser v. Rodriguez*, 411 U.S. 475 (1973).  The Court held that if a prisoner challenges the

fact or length of confinement, he must make that challenge under habeas corpus. *Id.* at 500. The Court, however, did not foreclose the possibility that claims challenging conditions of confinement may also be brought under habeas corpus. *Id.* at 499 (opining that it "is not to say that habeas corpus may not also be available to challenge [] prison conditions"). This Circuit has not only left the door open to federal prisoners challenging conditions of their confinement via habeas petitions, *see Brown v. Plaut*, 131 F.3d 163, 168-69 (D.C. Cir. 1997) (portending that "[h]abeas corpus might conceivably be available to bring challenges to [] prison conditions," e.g., visitation, mail, shower or library privileges), but has welcomed them, *see In re Deutsch*, 1995 WL 66633 (D.C. Cir. Feb. 14, 1995) (ordering that the petitioner's writ of mandamus should be construed under habeas corpus because it challenged conditions of the petitioner's confinement).

More to the point, a number of circuits have held that challenges to the Bureau's enrollment of prisoners in the IFRP are properly brought under habeas corpus, specifically 28 U.S.C. § 2241. *See Ihmoud v. Jett*, 272 Fed. Appx. 525, 526 (7th Cir. 2008) (holding that "[t]he IFRP is a means of executing an inmate's sentence, and thus complaints about the BOP's administration of the program are cognizable under 28 U.S.C. § 2241"); *Davis v. Wiley*, 260 Fed. Appx. 66, 68 (10th Cir. 2008) (observing that the petitioner's claim is properly raised as a § 2241 petition because challenges to the IFRP attack the execution of the petitioner's sentence); *Ridley v. Smith*, 179 Fed. Appx. 109, 110-11 (3d Cir. 2006) (concluding that the petitioner's challenge to the Bureau's "authority to set the timing and amount of the payments to his fine while he is incarcerated" is properly brought as a petition for habeas corpus under § 2241); *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002) (determining that the petitioners' claims challenging the IFRP payment schedule are "correctly framed as 28 U.S.C. § 2241 claims");

*Montano-Figueroa v. Crabtree*, 162 F.3d 548, 549 (9th Cir. 1999) (allowing a challenge to the IFRP under 28 U.S.C. § 2241). Thus, the plaintiff's challenge to the Bureau's use of the IFRP may be brought under habeas corpus; and the plaintiff, in turn, may not bring his challenge under the APA because the habeas corpus proceedings provide an adequate remedy in court.[1] *See* 5 U.S.C. § 704. Accordingly, the court recharacterizes the plaintiff's claim as a habeas petition under 28 U.S.C. § 2241. *See Castro v. United States*, 540 U.S. 375, 791-92 (2003) (explaining that it is within the authority of federal courts to recharacterize a *pro se* plaintiff's characterization of his claim to avoid unnecessary dismissal or "to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis").

### B. The Court Transfers the Case to the Southern District of Georgia

#### 1. Legal Standard for Relief Under 28 U.S.C. § 2241

Prisoners may attack the manner of execution of a federal sentence pursuant to the federal habeas statute, 28 U.S.C. § 2241. *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 809 (D.C. Cir. 1988); *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991) (citing *United States v. Hutchings*, 835 F.2d 185, 186 (8th Cir. 1987)). "[T]he law of this circuit is clear that '[a] district court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner.'" *Chatman-Bey*, 864 F.2d at 810 (citing *Guerra v. Meese*, 786 F.2d 414, 415 (D.C. Cir. 1986)). The custodian of the prisoner is the warden of the facility in which the prisoner is held. *Id.* at 811.

---

[1] In denying the defendant's previous motion to transfer the court relied upon the holding in *Dominguez v. Bureau of Prisons*, 2006 WL 1445041, at *3 (D.D.C. May 25, 2006). The court in *Dominguez* faced a federal inmate's challenge to the IFRP and determined that the inmate's claims should not be construed as a petition for a writ of habeas corpus because "[s]uccess on the merits would not affect the length of Plaintiff's sentence." *Dominguez*, 2006 WL 1335041, at *3. After an extensive review of case law and in light of the APA provision precluding claims if another adequate legal remedy is available, the court concludes that the proper vehicle for the plaintiff's claims is a petition for a writ of habeas corpus.

5

## 2. The Court Lacks Jurisdiction Over the Plaintiff's 28 U.S.C. § 2241 Claim

The plaintiff filed his claim while incarcerated in Jesup, Georgia, which is located in the Southern District of Georgia. Compl. ¶ 2. Because habeas petitions under § 2241 must be brought in the district of incarceration, the court lacks personal jurisdiction over the plaintiff's habeas petition. 28 U.S.C. § 2241(a); *see also Chatman-Bey*, 864 F.2d at 806 n.1 (holding that "habeas jurisdiction as a general matter continues to be in the district where the prisoner was incarcerated at the time the habeas petition was filed").

If a court lacks jurisdiction, 28 U.S.C. § 1631 states:

> [T]he court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Under § 1631, therefore, when a court concludes that it lacks jurisdiction, it has the authority to dismiss the action or transfer it in the interest of justice. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 803 (1988) (holding that 28 U.S.C. § 1631 gives federal courts the "authority to make a single decision upon concluding that it lacks jurisdiction-whether to dismiss the case or, 'in the interest of justice,' to transfer it to a court of appeals that has jurisdiction" (quoting 28 U.S.C. § 1631)). While the plaintiff has the opportunity to re-file the action in the proper district should this court choose to dismiss the action, it would be time-consuming and potentially costly for the plaintiff to do so, and therefore, it is in the interest of justice to transfer this action. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962) (holding that "'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . 'time-consuming and justice-

defeating technicalities'") (quoting *Internatio-Rotterdam, Inc., v. Thomsen*, 218 F.2d 514, 517 (4th Cir. 1955)).

Moreover, having been provided ample opportunity to "set forth reasons why the case can (and should) properly be heard in this jurisdiction" by way of responding to the Bureau's motion to transfer and the Bureau's arguments in its motion for summary judgment, the court concludes that no further notice to the plaintiff is required before transferring this action. *See Chatman-Bey*, 864 F.2d at 814. Accordingly, the court transfers the action to the Southern District of Georgia, the district in which the plaintiff is incarcerated.

## IV.  CONCLUSION

For the foregoing reasons, the court denies the parties' cross-motions for summary judgment and transfers the action to the Southern District of Georgia. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 10th day of March, 2009.

RICARDO M. URBINA
United States District Judge